# IN THE UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BBC GROUP NV LLC, a Nevada Limited Liability Company<br><br>Plaintiff,<br><br>vs.<br><br>ISLAND LIFE RESTAURANT GROUP LLC, a Washington Limited Liability Company; ALEX PRINDLE, a Washington Resident BRIAN O'CONNOR, a Washington Resident<br><br>Defendants. | Case No.: 2:18-cv-1011<br><br>**COMPLAINT FOR MONETARY DAMAGES AND INJUNCTION**<br><br>**JURY TRIAL DEMANDED** |

COMES NOW the Plaintiff BBC GROUP NV LLC, by and through its attorney of record, appears and states by way of its Complaint, the following:

**NATURE OF THE CASE**

This is an action for Trademark Infringement, Unfair Competition, Trademark Counterfeiting, State Trademark Infringement, State Unfair Competition, Alter Ego Theory, and Civil Conspiracy. Plaintiff seeks actual damages, an award of attorney's fees and costs, preliminary and permanent injunctive relief, and any other relief that the Court deems just and proper.

**PARTIES JURISDICTION AND VENUE**

1. Plaintiff BBC GROUP NV LLC ("BBC") is a limited liability company organized and existing under the laws of Nevada with an address of 2900 E. Patrick Lane, Suite 3, Las Vegas Nevada 89120 and its principal place of business is in Las Vegas, Nevada.

2. On information and belief, Defendant ISLAND LIFE RESTAURANT GROUP LLC ("ISLAND LIFE") is a limited liability company organized and existing under the laws of Washington and conducting business in the State of Washington and the United States with an address of 13023 Military Road S. Tukwila, Washington 98168 and its principal place of business is in Seattle, Washington at 1427 10th Avenue Seattle, WA 98122.

3. On information and belief, Defendant BRIAN O'CONNOR ("O'CONNOR") is an individual residing in the State of Washington, conducting business in the State of Washington and the United States with an address of 13023 Military Road S. Tukwila, Washington 98168 and with a principal place of business in Seattle, Washington.

4. On information and belief, ALEX PRINDLE ("PRINDLE") is an individual residing in the State of Washington, conducting business in the State of Washington and the United States with an address of 1521 SW 98th Street, Seattle, Washington 98106.

PAGE **2** OF **13**

COMPLAINT

**JURISDICTION AND VENUE**

5. This is an action for Trademark Infringement under the Lanham act 15 U.S.C. §1114 et seq., Unfair Competition arising under the Lanham Act 15 U.S.C. §1125(a) et seq., Trademark Counterfeiting under 18 U.S.C. § 2320, State Trademark Infringement, State unfair competition, Alter Ego Theory, and Civil Conspiracy.

6. This action is brought under, and subject matter jurisdiction of this matter is vested in this Court through 28 U.S.C. §§ 1331 (Federal Question), 1332 (Diversity), and meets all requirements including complete diversity of citizenship and an amount in controversy in excess of $75,000. The Court has supplemental jurisdiction over all state and common law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this action under 28 U.S.C. § 1391 because at least one Defendant resides in this District and all Defendants are residents of the State, a substantial part of the events or omissions giving rise to the claims occurred in this District, and because the Defendants are subject to personal jurisdiction in this District.

**BACKGROUND FACTS**

8. BBC is a Las Vegas area based Restaurant business that offers fast casual food in the style of Rotisserie Chicken and Mediterranean food. BBC is in the process of opening 6 restaurants in the Las Vegas valley and has intentions to expand nationwide within 18 months to locations in San Francisco and Seattle.

9. On information and belief, ISLAND LIFE is a Seattle Washington based fast casual food restaurant specializing in fried chicken. On information and belief, ISLAND LIFE has three Seattle area based locations with further expansion of a fourth restaurant planned.

10. BBC became aware of ISLAND LIFE when Defendant ALEX PRINDLE on February 16, 2018 sent a one-page cease and desist letter to BBC. The letter stated that ISLAND LIFE had filed for a trademark for "Bok A Bok" U.S. Registration Number 5301484 and that BBC was to cease use of the "Bok Bok" Name.

11. In March and April of 2018, Plantiff BBC engaged in negotiations for the purchase of a third party mark "BOCBOC Chicken Delicious" U.S. Registration Number 4768903 ("BOCBOC Mark"), the purchase was finalized in early April and the purchase was recorded with the United States Patent and Trademark Office ("USPTO") shortly thereafter. Plaintiff maintained a license to a licensee that the previous owner signed. The previous owner and the licensee collectively or separately have continuously used the mark or intended to use the mark since the BOCBOC Mark's filing in 2011.

12. On or about April 8, 2018 in responding to ISLAND LIFE's and PRINDLE's February 16, 2018 letter, a representative from BBC asked PRINDLE, who was representing ISLAND LIFE, if changing the BBC name from Bok Bok to Boc Boc or Boq Boq would be sufficient.

13. On or about April 10, 2018 PRINDLE and ISLAND LIFE responded that Boc Boc and Boq boq would be too similar to "Bok A Bok" and that after discussing with ISLAND LIFE's attorney, there would be consumer confusion between "Boc Boc" and "Bok a Bok". PRINDLE on behalf of ISLAND LIFE admitted: "BOQ BOQ or BOC BOC are definitely confusingly similar marks [to Bok A Bok]—changing one letter is not really going to effect how consumers interact with the brand. Imagine if you were walking down the street and you saw a STARBUC coffee shop next to a NIKEE shoe store. It would be confusing and disorienting."

14. On or about April 11, 2018, BBC through its attorney sent a cease and desist to Defendants ISLAND LIFE, PRINDLE, and O'CONNOR regarding their use of "Bok a Bok" and the confusion created by Defendants ISLAND LIFE, PRINDLE, and O'CONNOR using a mark "Bok

COMPLAINT

A Bok" which by their own admission was confusingly similar to "Boc Boc" (*i.e.* the BOCBOC Mark).

15. BBC is the sole owner and has the right and standing to sue for infringement of the BOCBOC Mark.

16. Plaintiff BBC's BOCBOC Mark has a filing date of September 2, 2011 and predates Defendants' use of "Bok A Bok" and "Bok A Bok Chicken".

17. On information and belief, Defendants began using "Bok A Bok" and "Bok A Bok Chicken" no sooner than March 07, 2016.

18. Plaintiff's BOCBOC Mark's filing date of 2011 predates the Defendants' Use in 2016 by approximately five years.

19. In April and May of 2018, discussions between BBC and ISLAND LIFE by and through their attorneys looked promising, but ISLAND LIFE abruptly pulled out of discussions.

20. On or about May 22, 2018, after talks broke down between the parties, Plaintiff's attorney visited Defendants' Capitol Hill eatery location at 1427 10th Ave, Seattle, WA 98122. Defendants were using and continue to use "Bok a Bok Chicken" throughout their locations in direct and willful infringement of BBC's BOCBOC Mark. Pictures of the Defendants' location and infringing activity are attached as Exhibit A.

21. Communication between the parties have ceased, and the present lawsuit has been initiated to cure Defendants' continued wrongful and unlawful acts.

## CAUSES OF ACTION

### First Cause of Action

**(Trademark Infringement – Lanham Act, 15 U.S.C. § 1114 et seq.)**

22. Plaintiff hereby re-alleges and incorporates each and every allegation set forth above as if

the same was more fully set forth herein.

23. Plaintiff BBC owns a federal trademark registration for "BOCBOC Chicken Delicious" U.S. Registration Number 4,768,903.

24. Plaintiff and/or Plaintiff's Licensees' longstanding use of the BOCBOC Mark grants them the exclusive right to use the mark in commerce in connection with the goods and services specified in the application.

25. Defendants had both actual and constructive knowledge of Plaintiff's ownership and rights in its federally registered trademark since at least April 2018.

26. Defendants offered their goods under the infringing trademark in the same channels of trade as Plaintiff.

27. Defendants' use of Plaintiff's mark is likely to cause and has caused confusion, mistake, or deception as to the affiliation, connection, or association of Plaintiffs in violation of 15 U.S.C. § 1114; Defendant has admitted infringement as described in paragraphs 12 and 13 above.

28. Defendants' unauthorized use, in interstate commerce, of BBC's trademark constitutes trademark infringement under the Lanham Act.

29. Defendants' unauthorized use of Plaintiff's trademark caused, and continues to cause, irreparable harm to the BOCBOC brand. Therefore, because monetary damages alone cannot fully compensate Plaintiff, BBC is entitled to preliminary and permanent injunction from further unauthorized use of the BOCBOC Mark by Defendants, Pursuant to 15 U.S.C. § 1116, as well as the seizure and destruction of any items bearing the Mark in Defendants' possession.

30. Defendants' trademark infringement under 15 U.S.C. § 1117, entitles Plaintiffs up to $100,000 per counterfeit sale under the mark, offered for sale, or distributed; and up to

1. $1,000,000 per counterfeit sale under the mark if the unauthorized use of the mark was willful.
31. The foregoing acts of infringement have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. §1117.
32. Plaintiff is entitled to a permanent injunction against Defendant, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages; treble damages; disgorgement of profits; and costs and attorneys' fees.

**Second Cause of Action**

**(Unfair Competition – Lanham Act, 15 U.S.C. § 1125(a) et seq.)**

33. Plaintiff hereby re-alleges and incorporates each and every allegation set forth above as if the same was more fully set forth herein.
34. Defendants' use in commerce of the Plaintiff's trademark, as used on goods and services that do not emanate from Plaintiff or Plaintiff's licensee(s), constitute a false designation of origin by representing that Defendants' goods and services are those of Plaintiff, when in fact they are not.
35. Defendants' use in commerce of Plaintiff's trademark with knowledge that Plaintiff and/or Plaintiff's licensees owns, have used, and continue to use constitutes intentional conduct by Defendants to make false designations of origin and false descriptions about the relevant goods and services.
36. Defendants have deliberately and willfully attempted to trade on Plaintiff and/or Plaintiff's licensees' longstanding goodwill in Plaintiff's and/or Plaintiff's licensees' name, trademarks and reputation that Plaintiff and/or its licensees have established in connection with their products and services, and Defendants have done so to confuse consumers as to the origin,

association and sponsorship of Defendants' goods and services.

37. Defendants' conduct has confused or is likely to confuse consumers as to the origin, association, connection or sponsorship of Defendants' products and services in violation of 15 USC § 1125(a).

38. As the direct and proximate result of such unfair competition, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

## Third Cause of Action

### (Trademark Counterfeiting - Trademark Counterfeiting Act 18 U.S.C. 2320)

39. Plaintiff hereby re-alleges and incorporates each and every allegation set forth above as if more specifically set forth herein.

40. Defendants intentionally and willfully trafficked goods and services containing a mark that is owned by Plaintiff.

41. The mark was used in a way to deceive consumers and cause confusion between the products and services sold by Defendants, and the authentic goods and services sold by Plaintiff and Plaintiff's Licensee.

42. Defendants have profited from the aforementioned acts.

43. As the direct and proximate result of the counterfeiting, Plaintiffs have suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

**Fourth Cause of Action**

**(State Trademark Infringement under RCW 19.77 et seq.)**

44. Plaintiff incorporates by reference the preceding allegations as if fully set forth herein.

45. By virtue of having used and continuing to use the BOCBOC Mark, the Plaintiff and/or Plaintiff's Licensee have acquired common law rights in the trademark.

46. Defendants' infringing use of the BOCBOC trademark is likely to cause confusion, mistake, or deception among consumers, who will believe that Defendant's services and/or goods originate from, or are affiliated with or endorsed by Plaintiff, when, in fact, they are not.

47. As the direct and proximate result of Defendants' infringement of Plaintiff's common law trademark rights, Plaintiff has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation, and goodwill.

**Fifth Cause of Action**

**(State Trademark Infringement under RCW 19.86 et seq.)**

48. Plaintiff incorporates by reference the preceding allegations as if fully set forth herein.

49. Defendants know that Plaintiff is in the business of selling food and engaging in restaurant services.

50. Defendants committed acts intended or designed to disrupt Plaintiff's business.

51. Defendants' have engaged in unfair methods of competition to gain an advantage for their own business.

52. Defendants have no legal right, privilege or justification for their conduct.

53. Defendants' actions have caused irreparable harm to Plaintiffs and will continue to do so unless enjoined by this court.

## Sixth Cause of Action

### (Alter Ego Theory)

54. Plaintiff incorporates by reference the preceding allegations as if fully set forth herein.

55. On information and belief, Defendants O'CONNOR and PRINDLE used the assets of Defendant ISLAND LIFE for their personal use and caused the assets of Defendant ISLAND LIFE to be transferred to them without adequate consideration, and have withdrawn funds from the bank accounts of Defendant ISLAND LIFE for O'CONNOR's and PRINDLE's own personal use.

56. On information and belief Defendants O'CONNOR and PRINDLE have used Defendant ISLAND LIFE as a mere shell, instrumentality, and/or conduit from which Defendants O'CONNOR and PRINDLE have carried on their business as if the main corporate defendant did not exist, to such an extent that any individuality or separateness of the named Defendants no longer exists, and that the activities of Defendant ISLAND LIFE were carried out without the required holding of directors' or shareholders meetings and no records or minutes of any corporate proceedings were maintained.

57. On information and belief, Defendant ISLAND LIFE is underfunded, under capitalized, and would be unable to satisfy a judgment.

58. As a result of Defendant O'CONNOR and PRINDLE's actions an inequitable result would occur if Defendant ISLAND LIFE's actions were treated as those of the corporation alone and O'CONNOR and PRINDLE should therefore be held vicariously liable as well as jointly and severally liable for the actions of ISLAND LIFE.

**Seventh Cause of Action**

(Civil Conspiracy)

59. Plaintiff incorporates by reference the preceding allegations as if fully set forth herein.
60. On information and belief, on or around April of 2018 Defendants ISLAND LIFE, O'CONNOR, and PRINDLE knowingly and willfully conspired and agreed among themselves to commit unlawful actions plead herein against BBC.
61. Defendants did those acts and things alleged pursuant to, and in furtherance of, the conspiracy and the above-alleged agreement.
62. Defendants furthered the conspiracy by participation with and/or by aid of and encouragement to and/or ratified and adopted the acts of ISLAND LIFE, O'CONNOR and PRINDLE as alleged above.
63. As a proximate result of the wrongful acts herein alleged, Plaintiff has been generally and specially damaged as alleged above and according to proof.
64. Defendants' conduct constitutes civil conspiracy and is actionable under the laws of the State of Washington.

**Eighth Cause of Action**

Cancellation of US. Registration No. 5,301,484)

65. Plaintiff incorporates by reference the preceding allegations as if fully set forth herein.
66. ISLAND LIFE claims ownership of U.S. Registration No. 5,301,484 for "BOK A BOK" for "Bar services, Café services, Catering services, Restaurant services" registered on October 3, 2017 and having a date of first use of March 7, 2016 and date of first in interstate commerce of June, 1, 2016. ('484 Registration). The '484 Registration should be cancelled pursuant to 15 U.S.C. § 1114. because the mark "BOK A BOK" for the recited services" is likely to cause confusion with Applicant's prior Registration No. 4,768,903 for "BOCBOC

Chicken Delicious" for "Restaurant Services, including sit-down service of food and take-out restaurant services" registered on July 7, 2017 and having a first use date of April 1, 2012 due to its likelihood to cause confusion with Plaintiff's pre-existing '903 Registration. Defendant has admitted infringement as described in paragraphs 12 and 13 above. Pursuant to 15 USC § 1119 of the Lanham Act, this Court has jurisdiction to order the USPTO to make appropriate entries on the Federal Register with respect to the subject mark, including cancellation of the '484 Registration.

**WHEREFORE**, Plaintiff prays for judgment against each defendant in excess of $75,000 and judgment against the Defendants, jointly and severally, as follows:

1. For compensatory and punitive damages in a sum according to proof at trial including general and special damages;
2. For interest and pre-judgment interest at the statutory rate until the amount of judgment is paid in full;
3. Find this to be an exceptional case and award Plaintiff its attorney's fees and costs of suit herein;
4. Permanent Injunctive relief to prevent further harm;
5. Enter Final Judgment cancelling the '484 Registration and directing the Director of the United States Patent and Trademark Office to remove such registrations from the Principal Register; and
6. Such other and further relief that the Court deems just and proper.

**Jury Trial Demand**

Plaintiff hereby demands a jury trial on all issues so triable.

Dated this 11th day of July, 2018

        **APEX JURIS, PLLC**
By: _s/ Tracy M. Heims_
   Tracy M. Heims
   (Washington Bar No. 28,594)
   _s/Joseph Chalverus_
   (Washington Bar No. 13,449)
   Tracy@apexjuris.com
   (206)664-0314
   12733 Lake City Way, Suite 101
   Seattle, WA  98125


**BAYRAMOGLU LAW OFFICES LLC.**
By: _s/ Nihat Deniz Bayramoglu_
   NIHAT DENIZ BAYRAMOGLU, ESQ.
   (Nevada Bar No. 14030)
   (California Bar No. 294922)
   *Pro Hac Vice Admission Pending*
   Deniz@bayramoglu-legal.com
   2520 St. Rose Pkwy, Suite 309
   Henderson, Nevada 89074

   *Attorneys for Plaintiff BBC GROUP NV LLC*

COMPLAINT