UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BBC GROUP NV LLC, a Nevada Limited Liability Company,

    Plaintiff,

vs.

ISLAND LIFE RESTAURANT GROUP LLC, *et al.*,

    Defendants.

Case No. C18-1011 RSM

ORDER GRANTING IN PART MOTION FOR PRELIMINARY INJUNCTION

## I. INTRODUCTION

This matter comes before the Court on the Motion for Preliminary Injunction filed by Defendants Island Life Restaurant Group, LLC ("Island Life") and co-owners Alex Prindle and Brian O'Connor. Dkt. #27. Defendants seek an Order enjoining Plaintiff BBC Group NV, LLC ("BBC Group") from use of the name "BOKBOK," or marks of "bok a bok" or "BOCBOC" for the pendency of this litigation, or in the alternative enjoining BBC Group from expanding its business into Western Washington. *Id.*; see also Dkt. #30. BBC Group opposes. Dkt. #29. Neither side has requested oral argument, and the Court has determined that it can rule on this Motion without a hearing given the vast majority of material facts that are not in dispute. For the reasons set forth below, the Court now GRANTS IN PART Defendants' Motion.

ORDER GRANTING IN PART MOTION FOR PRELIMINARY
INJUNCTION - 1

## II. BACKGROUND

In 2015, Island Life was formed as a restaurant operation business. Dkt. #28 ("Prindle Decl.") at ¶ 3. Alex Prindle and Brian O'Connor are co-owners of Island Life, the "bok a bok" restaurants, and Bok World, LLC. *Id*. at ¶ 1-2.

In March of 2016 Island Life started to use the name "bok a bok." *Id*. at ¶ 7. That June Island Life opened their first restaurant under that name. *Id*. at ¶ 4. The logo shows the words "bok a bok" in lower case letters in various formats along with a minimalistic depiction of a chicken head in yellow, red and black. A domain name was registered on March 7, 2016. *Id*. at ¶ 7. This logo is on their website and throughout the restaurants.

On March 17, 2017, Island Life applied to have its name trademarked. *Id*. at ¶ 8, Ex. 1. The "bok a bok" trademark was registered on October 3, 2017, under trademark number 5301484. The business quickly expanded to three restaurants. *Id*. at ¶ 4. Before this lawsuit was filed, there were plans for two more restaurants to be opened in the near future. *Id*. at ¶ 18.

In February of 2018, Island Life started receiving employment applications for a "BOKBOK" restaurant in the planning stages near Las Vegas that was owned by BBC Group. *Id*. at ¶ 10. On February 16, 2018, Island Life sent BBC Group a cease and desist letter demanding that it stop using the name "BOKBOK." This was prior to the opening of the Las Vegas restaurant. *Id*. at ¶ 11, Ex. 2. In the letter, Alex Prindle stated the following:

> I am the Co-Founder of Island Life Restaurant Group LLC, which owns and operates two "Bok a Bok Fried Chicken" restaurants. I am writing on behalf of the company to let you know we have trademarked the "Bok a Bok" name with the United States Patent and Trademark Office. For your reference, the trademark number is 5301484.
>
> We trust that this matter can be resolved amicably and respectfully ask that you cease and desist the use of the Bok Bok name.

ORDER GRANTING IN PART MOTION FOR PRELIMINARY
INJUNCTION - 2

*Id.*

BBC Group responded, asking if Island Life would feel differently if BBC Group changed its restaurant's name to "Boc Boc" or "Boq Boq." *Id*. at ¶ 12, Ex. 3. BBC Group planned to sell "rotisserie chicken, shawarma, and… Mediterranean and Levantine inspired cuisine." *Id.* The letter indicated BBC Group was planning to open at least five locations in the next year and that it thought it was "in everyone's interest to work something out amicably." *Id.*

BBC Group did not change its restaurant's name or reach an amicable agreement with Island Life. Two months later BBC Group acquired a third party mark "BOCBOC Chicken Delicious and Design" from a restaurant in New York, asserting a first use as early as April 1, 2012. Dkt. #29-1. The parties dispute whether this assignment included associated goodwill.

The agreement between BBC Group and the owner of the restaurant in New York states that BBC Group was to get the "BOCBOC Chicken Delicious and Design" trademark and associated goodwill in exchange for $50,000. Dkt. #29-2. BBC Group licensed back the trademark to the restaurant in New York. *Id*. The agreement requires the New York restaurant to "operate its business in accordance with the same requirement of production and service with respect to the Goods and Services as in the past," and to "maintain the quality of the Goods and Services…" *Id*. at 5. The Agreement explicitly mentions that the Seattle restaurant Bok a Bok is believed to be infringing on this trademark. *Id*.

On July 11, 2018, BBC filed this lawsuit. Dkt. #1.

BBC Group opened its first restaurant on August 11, 2018, and sent their own cease and desist letter to Island Life. Prindle Decl. at ¶ 13, Ex. 4. The letter stated BBC Group had acquired the trademark BocBoc and had the senior rights to the mark. The letter demanded that Island Life cease using the name Bok a Bok. As an alternative, the letter offered a license to use the name

"for the time being," with the requirements that Island Life not expand beyond their second restaurant. *See id*.

The parties appear to agree that there has been ongoing confusion between the marks. Mr. Prindle states in his declaration that Island Life has received communications from multiple vendors meant for the BBC restaurant in Nevada. *Id*. at ¶ 15. Island Life has been erroneously reported in a magazine as expanding to Nevada. *Id*. BBC cites to confusion in internet searches. Dkt. #29 at 3.

Island Life states that it has cancelled plans to open new restaurants in the Western Washington area given this lawsuit. Prindle Decl. at ¶¶ 18–19. Island Life details other various ways they have been injured, mainly by failing to expand. *Id*. at ¶ 20.

BBC indicates in briefing that it intends to expand specifically into the Seattle market within the next 18 months. Dkt. #29 at 1.

### III. DISCUSSION

**A. Legal Standard for Preliminary Injunctions**

Trademarks registered after 1946 are protected by the Lanham Act. 15. U.S.C. §§1051, 1141. Injunctive relief is an equitable remedy provided for under the Act to protect registered trademarks. 15 U.S.C. §1116(a).

In determining whether to grant a preliminary injunction, this Court considers: (1) the likelihood of the moving party's success on the merits; (2) the possibility of irreparable injury to that party if an injunction is not issued; (3) the extent to which the balance of hardships favors the moving party; and (4) whether the public interest will be advanced by the injunction. *See Miller v. Cal. Pac. Med. Ctr.*, 19 F.3d 449, 456 (9th Cir. 1994); *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980). The Ninth Circuit has often

ORDER GRANTING IN PART MOTION FOR PRELIMINARY INJUNCTION - 4

compressed this analysis into a single continuum where the required showing of merit varies inversely with the showing of irreparable harm. *See Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 874 (9th Cir. 2000). Thus, Island Life will be entitled to preliminary relief if it is able to show either: (1) probable success on the merits and the possibility of irreparable harm; or (2) the existence of serious questions going to the merits and a fair chance of success thereon, with the balance of hardships tipping sharply in favor of an injunction. *Miller*, 19 F.3d at 456.

### 1. Likelihood of Success on the Merits

To prevail on an infringement claim, a party must prove: (1) the trademark is a valid, protectable trademark; (2) it owns the trademark; and (3) the opposing party used the trademark or a similar trademark without consent in a manner likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of goods. 15 U.S.C. §1114(1); *Lahoti v. VeriCheck, Inc.*, 586 F.3d 1190, 1196 (9th Cir. 2009).

The parties do not appear to dispute that there is confusion or the potential for confusion between the two companies' marks. *See* Dkt. #27 at 9–13; Dkt. #29 at 3 ("the confusingly similar BOCBOC registration was missed and a federal registration for BOK A BOK… issued to Island Life…. Similarities of BOK A BOK with the BOCBOC mark's use for identical products yield internet search results likely to confuse a consumer as to the source of the restaurant services and fare respectively provided under the BOCBOC and BOK A BOK marks.").

BBC Group does not contest that Island Life owns a federal registration for "bok a bok," registration number 5301484, with a filing date of 03/17/17, and a registration date of 10/03/17. *See* Prindle Decl. ¶ 8-9, Ex. 1. This registration predates the opening of BBC's planned restaurants, and predates the assignment of the mark "BOCBOC Chicken Delicious" to BBC. Island Life

argues that "BBC does not have a valid, protectable interest in "BOKBOK" because the assignment on which it relies is a sham." Dkt. #27 at 8.

"The law is well settled that there are no rights in a trademark alone and that no rights can be transferred apart from the business with which the mark has been associated." *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1289 (9th Cir. 1990) (citing *Mister Donut of America, Inc. v. Mr. Donut, Inc.*, 418 F.2d 838, 842 (9th Cir. 1969)). It is not necessary that the entire business or its tangible assets be transferred; it is the goodwill of the business that must accompany the mark. *Id.* (citing *Money Store v. Harriscorp Fin., Inc.*, 689 F.2d 666, 676 (7th Cir. 1982)). As the Lanham Act states, a mark is "assignable with the goodwill of the business in which the mark is used, or with that part of the goodwill of the business connected with the use of and symbolized by the mark." 15 U.S.C. § 1060. The purpose behind requiring that goodwill accompany the assigned mark is to maintain the continuity of the product or service symbolized by the mark and thereby avoid deceiving or confusing consumers. *Gallo Winery*, 967 F.2d at 1289 (citing 1 J. McCarthy, Trademarks and Unfair Competition § 18:1(C) (2d ed. 1984)).

The parties disagree on whether goodwill has been transferred here. Island Life defines goodwill as "the advantage or benefit, which is acquired by an establishment, … in consequence of the general public patronage and encouragement which it receives from constant or habitual customers." Dkt. #27 at 9 (citing *Newark Morning Ledger Co. v. United States*, 507 U.S. 546, 555, 113 S.Ct. 1670 (1993). Black's Law Dictionary defines goodwill as "[a] business's reputation, patronage, and other intangible assets…" *Goodwill*, <u>Black's Law Dictionary</u> (10th Ed. 2014). Island Life offers little concrete evidence of a failure to transfer goodwill, but analyzes this situation thusly:

> The "BOCBOC Chicken Delicious" mark comes from a single restaurant in New York, and BBC still permits that restaurant to use

ORDER GRANTING IN PART MOTION FOR PRELIMINARY
INJUNCTION - 6

> the mark. The New York Restaurant serves Korean fried chicken, and the Nevada restaurant serves rotisserie and Mediterranean fare. There is no evidence that any of the New York customers followed the assignment to the Nevada restaurant, so no goodwill followed the assignment. It does not appear that BBC has ever used the "BOCBOC Chicken Delicious" mark, and instead BBC continues to use only the name "BOKBOK."

Dkt. #27 at 9.

BBC Group argues that the assignment agreement expressly includes goodwill and that "[l]ongstanding and resounding Ninth Circuit precedent dictates that assignment/license-back agreements are presumed to be valid transfers of a trademark and its associated goodwill." Dkt. #29 at 4 (citing *Gallo Winery*, *supra*; *Visa, U.S.A., Inc. v. Birmingham Trust National Bank*, 696 F.2d 1371, 1377 (Fed. Cir. 1982)). As stated by BBC Group, the rationale underlying such court decisions is that where "the assignor-licensee ... continue[s] to conduct the same business or provide the same services under the mark," the license-back ensures continuity of the mark and protects customers from deception. *Id*. (citing *Visa*, *supra*).

Based on the available facts, the Court is convinced by Island Life's argument and the undisputed circumstances of the transfer that BBC Group has failed to acquire goodwill from the New York restaurant. Instead, the goodwill acquired appears to be merely words on a page. This conclusion is supported by the fact that the restaurant operated by the assignor in New York serves different fare from BBC Group's planned restaurants in Nevada,[1] and the strong likelihood that none of the habitual patronage or reputation transferred between BOCBOC Chicken Delicious and the Bok Bok restaurants across the country. On this record, it is far more likely that BBC Group was motivated to acquire the BOCBOC name to support its wholly unrelated restaurant's effort to

---

[1] BBC Group does not contest Island Life's assertion that BBC Group has planned to serve Mediterranean inspired rotisserie chicken and that the New York restaurant serves Korean fried chicken. *See* Dkt. #29 at 7.

ORDER GRANTING IN PART MOTION FOR PRELIMINARY
INJUNCTION - 7

expand into Seattle and eliminate the potential confusion between its new restaurant and those operated by Island Life. In sum, the Court agrees with Island Life that it is sufficiently likely that Island Life has a valid protected interest in its registered mark, and that BBC does not have a valid mark that can be infringed upon. Island Life is likely suffering some harm from customer and vendor confusion. Thus, the Court finds here that Defendants have shown likelihood of success on the merits in this case.

   *2. Irreparable Harm*

The Court now turns to Island Life's assertions of irreparable harm. For the reasons discussed by Island Life, the Court agrees that Island Life will suffer substantial and irreparable harm – customer confusion, loss of goodwill, vender confusion, lost profits – unless Plaintiff is enjoined from use of the name "BOKBOK," or marks of "bok a bok" or "BOCBOC" in Western Washington for the pendency of this litigation. *See* Dkt. #27 at 14. Island Life has failed to demonstrate substantial irreparable harm will occur if BBC Group continues to use these marks outside of Western Washington, as the potential for customer confusion is drastically reduced. The Court notes that granting this limited preliminary injunction is most likely to maintain the status quo.

   *3. Balance of Equities*

In examining this factor, the Court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. NRDC, Inc.*, 555 U.S. 7, 24, 129 S. Ct. 365 (2008). Based on the record before it, the Court agrees with Island Life that "BBC would have essentially lost nothing by changing its name before opening the doors to its first restaurant," and that "Island Life would lose everything if it could not use its mark, including its goodwill, and would face the great expense of renaming all of its

restaurants, merchandise, and business materials." Dkt. #30 at 2–3. BBC offers no evidence or argument to the contrary. Accordingly, the balance of equities tips in favor of Island Life, especially given the limited scope of this injunction.

*4. Public Interest*

Finally, the Court addresses whether an injunction is in the public interest. At this time, the Court finds that the public interest weighs in favor of granting this injunction to avoid the potential for consumer confusion in the region where Island Life is currently operating three restaurants.

**B. Required Security under Rule 65(c)**

"The Court may issue a preliminary injunction… only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

The Ninth Circuit has recognized that Rule 65(c) "invests the district court with discretion as to the amount of security required, if any." *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (internal quotations omitted). The district court may therefore "dispense with the filing of a bond when it concludes that there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Id*.

The parties have not addressed the issue of security. The Court will direct the parties to meet and confer about this issue and file separate briefing.

## IV. CONCLUSION

The Court, having considered the parties' briefing, the declarations and exhibits in support thereof, and the remainder of the record, hereby finds and ORDERS:

1. Island Life's Motion for Preliminary Injunction (Dkt. #27) is GRANTED IN PART.

2. Plaintiff BBC is hereby ENJOINED from expanding into the Western Washington market by opening any restaurants using any of the contested marks in the region or communicating in any way, directly or indirectly, with vendors, potential customers, or other businesses in the region in furtherance of expanding such restaurants in the region.

3. This preliminary injunction is effective as of the date of this Order and will remain in effect until the resolution of this matter or as otherwise directed by the Court.

4. The Court DIRECTS the parties to meet and confer, then file supplemental briefing, not to exceed six (6) pages, as to the necessity of security under Rule 65(c). **This briefing is due no later than seven (7) days from the date of this Order**.

DATED this 28th day of March 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE