Hon. Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| BBC GROUP NV LLC, a Nevada Limited Liability Company,<br><br>            Plaintiff /<br>            Counterclaim Defendant,<br><br>      vs.<br><br>ISLAND LIFE RESTAURANT GROUP LLC, a Washington Limited Liability Company; ALEX PRINDLE, a Washington Resident BRIAN O'CONNOR, a Washington Resident,<br><br>            Defendant /<br>            Counterclaim Plaintiff. | No. 2:18-cv-01011-RSM<br><br>DEFENDANTS' MOTION TO COMPEL DISCOVERY RESPONSES<br><br>NOTED FOR HEARING:<br>APRIL 19, 2019 |

## I.  INTRODUCTION

Defendants Island Life Restaurant Group, LLC, Alex Prindle, and Brian O'Conner ("Island Life") request that this Court compel plaintiff BBC Group NV, LLC ("BBC") to produce responses to Island Life's discovery requests.

Specifically, BBC should be required to provide complete answers and responses to Interrogatories 3 and 6, and Requests for Production 2, 5, 9, and 11.

In addition, BBC should be required to pay for the costs for pursuing this motion, which should not have been necessary.

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

## II.  FACTS

**A.      Plaintiff has delayed for months in providing discovery responses.**

In order to foster judicial economy and not waste this Court's time through unnecessary repetition, Island Life hereby incorporates as set forth herein the facts and evidence set forth in the Declaration of Marc Rosenberg in Support of Defendants' Motion to Compel, which declaration is being filed contemporaneously with this motion.

In brief, Island Life propounded Interrogatories and Requests for Production on BBC on October 19, 2018.  Rosenberg Decl., Ex. 1-Ex. 2.  The primary discovery requests at issue here consist of the following 10 Requests for Production, and two Interrogatories that give context to the following Requests for Production:

> **REQUEST FOR PRODUCTION NO. 1**.  Please   provide   all   documents regarding the setup of the "Bok Bok" restaurants including any business plans, meeting minutes, business model, and documents detailing the structure and organization of the restaurants.

> **REQUEST FOR PRODUCTION NO. 2**. Please produce documents related to any expansion plans that you may have, and as specified in Interrogatory 2.

> **REQUEST FOR PRODUCTION NO. 3**.  Please identify any loan that BBC has secured to build and operate present and future "Bok Bok" restaurants.

> **REQUEST FOR PRODUCTION NO. 4**.   Please produce those portions of any diary, journal, calendar, or similar record kept by BBC or its officers/corporate representatives during the last five (5) years that refer to or relate to the creation of, selection of, and use of the names "bok a bok," "BOKBOK," or "BOCBOC Chicken Delight."

> **"INTERROGATORY NO. 3**.  Set forth with particularity every element of damages that you allege was incurred by you specifically as a result only of the acts and omissions that you allege were taken by Island Life Restaurant, including special and general damages, if any, setting forth the amount of damage and the analysis used by you to compute the damages."

> **REQUEST FOR PRODUCTION NO. 5**.   Produce all documents that you believe supports your response to the preceding interrogatory regarding damages.

> **REQUEST FOR PRODUCTION NO. 6.** Please produce documents that reflect confusion between the marks bok a bok, BOKBOK, and/or BOCBOC

DEFENDANTS' MOTION TO COMPEL DISCOVERY
RESPONSES - 2
2:18-cv-01011-RSM
6497286.doc

**L E E · S M A R T**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1    Chicken Delight.

2    **REQUEST FOR PRODUCTION NO. 7**.   Other than documents containing
     attorney-client privileged or work product information, produce all documents
3    that you possess related to your claimed right to use the name BOK BOK and/or
     BOCBOC Chicken Delight.
4
     **INTERROGATORY NO. 6.**   Please identify any communication that BBC or
5    its officers/corporate representatives had, whether written or oral, in which it or
     its representatives discussed creation of, selection of, or use of the names bok a
6    bok, BOKBOK, or BOCBOC Chicken Delight with anyone outside of BBC
     GROUP including the dates of the communications, persons involved with the
7    communication, and the subject matter of the communication.

8    **REQUEST FOR PRODUCTION NO. 9**.  Please produce documents in your
     possession that support your answer to the preceding Interrogatory.
9
     **REQUEST FOR PRODUCTION NO. 10**.  Produce all evidence, other than
10   the assignment contract, that reflects that BOKBOK in Nevada received any
     goodwill from the restaurant BOCBOC Chicken Delight in New York.
11
     **REQUEST FOR PRODUCTION NO. 11**.  Please produce all documents
12   exchanged between BBC and/or its attorneys and Guang-Yang Li and/or his
     attorneys.
13
     Ex. 2 [All Discovery Requests]; Ex. 4 [Highlighted Objections and Non-Answers].
14
          For months, Island Life sought repeatedly to obtain discovery responses from BBC,
15
     including obtaining a stipulated protective order with BBC, but months passed and not a single
16
     document was produced by BBC, and Island Life was unable to obtain a stipulated protective
17
     order.  Rosenberg Decl. at ¶¶ 4-28, Exs. 1-11.  This Court entered the Stipulated Protective
18
     Order on March 27, 2019, (Dkt 34), which the parties were finally able to complete and submit
19
     to this Court.
20
          Between October 19, 2018 and March 25, 2019, BBC did not produce a single page of
21
     documents in response to Island Life's discovery requests.
22
          A discovery conference was held on March 25, 2019, at which time BBC promised to
23
     produce documents by April 3, 2019.  Rosenberg Decl. at ¶ 29.  BBC has not produced
24
     documents in response to Island Life's discovery requests.  Island Life now moves to compel.
25

**L E E · S M A R T**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

**B.**     **Plaintiff finally provided some discovery but they have failed to respond to some discovery requests and others are still woefully inadequate; and Defendant is prejudiced thereby.**

On April 3, 2019, Plaintiff did not provide any supplementation to Interrogatories No. 3 and No. 6.  Rosenberg Decl. at ¶ 32.  While Plaintiff did finally produce some documents responsive to Island Life's Requests for Production, they have continued to fail to respond to some, and some other responses are woefully inadequate.  *Id*.  While Island Life does not waive all grounds for objection at this time, the documents produced by Plaintiff on April 3, 2019 were sufficient so that no motion will be brought as to Requests for Production 1, 4, 6, 7, and 10, which had initially been the subject of the discovery conference.  *Id*. at ¶ 33.  However, the responses to Interrogatories No. 3 and 6, and Requests for Production No. 2, 5, 9, and 11 are still insufficient.  *Id*.  In general, with these discovery requests:

a.     Plaintiff has failed to provide documents supporting its claimed plans to expand into Seattle (RFP 2);

b.     Plaintiff has failed to provide any specific identification as to any claimed damages, and failed to provide any documents that would support any pf Plaintiff's claims for damages (ROG 3, RFP 5); and

c.     Other than one clearly insufficient email that it has improperly marked "confidential," Plaintiff has failed to provide any identification as to communications that it had with either the owner of the New York restaurant BOCBOC Chicken Delight, Guang-Yang Li, and/or his attorneys, or documents related to these communications, and related to the assignment of the trademark to BBC (ROG 6, RFP 9, and 11).

Island Life is prejudiced by not having access to this information and these documents, as it has no information to defend itself as BBC's claims it intended to expand into Seattle with several restaurants in the next year, how BBC claims to be damaged by any action that Island Life has taken, or information that could show that the assignment of the trademark from the

New York restaurant to Plaintiff's Nevada company is a sham.   Rosenberg Decl. at ¶ 34.
As such, after months of attempts to obtain this information, we are filing this motion and
asking for the court's assistance in obtaining this information and these documents.  *Id.*

### III.  ARGUMENT AND AUTHORITIES

**A.      Certification pursuant to FRCP 37(a)(1) and 37(d)(1)(B).**

Counsel for Island Life has held a discovery conference with BBC, and has repeatedly
sought in good faith to obtain the requested discovery responses, but has been unable to do so.
See in general Rosenberg Declaration, and attached exhibits.

**B.      Standard on motion to compel**

The Federal Rules of Civil Procedure favor broad pre-trial discovery. *Shoen v.
Shoen*, 5 F.3d 1289, 1292 (9th Cir.1993). Courts have broad discretion to control
discovery. *See Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833
(9th Cir. 2011). If no claim of privilege applies, parties may obtain discovery of
any information that is "relevant to any party's claim or defense and proportional
to the needs of the case [.]" Fed. R. Civ. P. 26(b)(1). "Relevant information for
purposes of discovery is information 'reasonably calculated to lead to the
discovery of admissible evidence.'" *Surfvivor Media, Inc. v. Survivor
Productions*, 406 F.3d 625, 635 (9th Cir.2005) (quoting *Brown Bag Software v.
Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir.1992)).

*Tedrow v. Boeing Employees Credit Union*, 315 F.R.D. 358, 359 (W.D. Wash. 2016).

Mutual knowledge of all the relevant facts gathered by both parties is essential to proper
litigation.  *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S. Ct. 285, 392, 91 L. Ed. 451 (1947).
Pursuant to Rule 37(a), a party propounding discovery may seek an order compelling disclosure
when an opposing party has failed to respond or has provided evasive or incomplete responses.
Fed.R.Civ.P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response must be
treated as a failure to disclose, answer, or respond." Fed.R.Civ.P. 37(a)(4). "The party who
resists discovery has the burden to show that discovery should not be allowed, and has the
burden of clarifying, explaining, and supporting objections." *Everest Indem. Ins. Co. v. QBE
Ins. Corp.*, 980 F. Supp. 2d 1273, 1277 (W.D. Wash. 2013).

DEFENDANTS' MOTION TO COMPEL DISCOVERY
RESPONSES - 5
2:18-cv-01011-RSM
6497286.doc

**LEE·SMART**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1

**C.      BBC's broad general objections should be stricken.**

2

BBC's discovery responses commence with a long list of "General Objections," which

3

are improper under FRCP 33 and 34.  See Rosenberg Decl., Ex. 4 at pp. 2-5.

4

> General Objections" flout those duties [of FRCP 33 and 34]. They are a laundry
> list of objections devoid of any explanation of how each objection applies to the

5

> request to which it is allegedly responsive. They give a person reading them no
> basis to determine where its objections end and its responses begin. They give a

6

> person reading them no basis to begin a discussion about whether Expedia has
> made a reasonable effort to identify responsive information or documents. E

7

*Weidenhamer v. Expedia, Inc.*, No. C14-1239RAJ, 2015 WL 1292978, at *7 (W.D. Wash. Mar.

8

23, 2015).

9

> Using "General Objections" … is a per se violation of the Federal Rules of Civil

10

> Procedure. It is per se sanctionable. It is bad faith, it is contrary to the principles
> of civility that the court expects from parties who appear before it, and it is

11

> contrary to the spirit of the Federal Rules of Civil Procedure, which are intended
> to promote discovery, not obstruction.

12

*Id.* at *8.

13

This Court should strike BBC's General Objections.

14

**D.      BBC has failed to adequately answer Interrogatory No 3 and 6.**

15

> An interrogatory may relate to any matter that may be inquired into under Rule

16

> 26(b). An interrogatory is not objectionable merely because it asks for an
> opinion or contention that relates to fact or the application of law to fact, but the

17

> court may order that the interrogatory need not be answered until designated
> discovery is complete, or until a pretrial conference or some other time.

18

FRCP 33(a)(2).

19

"The responding party must serve its answers and any objections within 30 days after

20

being served with the interrogatories. A shorter or longer time may be stipulated to under Rule

21

29 or be ordered by the court."  FRCP 33(b)(2).  "Each interrogatory must, to the extent it is not

22

objected to, be answered separately and fully in writing under oath." FRCP 33(b)(3).  "The

23

grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated

24

25

**LEE · SMART**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1
2
in a timely objection is waived unless the court, for good cause, excuses the failure."
FRCP 33(b)(4).

3
4
Island Life provided discovery requests to BBC on October 19, 2018.  Rosenberg Decl.,
5
Exs. 1-2.  Responses to Island Life's Interrogatories were due on November 19, 2018.
6
Interrogatory No. 3 asks for BBC to specify all damages it is claiming, setting forth the amount
7
of damage and the analysis used by you to compute the damages.  Plaintiff has only stated it is
8
claiming "actual damages" and "statutory damages," and that damages will be addressed by an
9
expert.  BBC does not provide a single statement as to what the "actual damages" are, what the
"statutory damages" are, or how such damages are computed.[1]

10
11
BBC did not provide any legitimate response to Interrogatories No. 3 and 6 between
12
October 19, 2018 and the present, despite entry of a stipulated protective order.

13
This Court should strike any defenses BBC was asserting and order it to fully answer
14
Interrogatories No. 3 and 6.

15
**E.      BBC has failed to provide any documents in response to Requests for
Production 2, 5, 9, and 11.**

16
A party may serve on another party a request to produce and permit the requesting party
17
to inspect, copy, test, or sample the items in the responding party's possession, custody, or
18
control.  FRCP 34(a)(1).  The party to whom the request is directed must respond in writing
19
within 30 days after being served.  FRCP 34(b)(2)(A).  The production of documents must be
20
completed no later than the time for inspection specified in the request or another reasonable
21
time specified in the response.  FRCP 34(b)(2)(B).

22
Island Life provided discovery requests to BBC on October 19, 2018.  Rosenberg Decl.,
23
Exs. 1-2.  Responses to Island Life's Requests for Production were due on November 19, 2018.

24
25

---

[1] Request for Production No. 5 asks for documents to support the damage claims.

DEFENDANTS' MOTION TO COMPEL DISCOVERY
RESPONSES - 7
2:18-cv-01011-RSM
6497286.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1
2
BBC did not produce a single document between October 19, 2018 and April 3, 2019, despite
entry of a stipulated protective order.

3
4
Listed by the Request for Production numbers below, Island Life's Requests for
Production are few and targeted, seeking documents as documents related to:

5
6
(2) BBC's plans for expansion;

(5) BBC's damage claims;

7
8
(9) BBC's communications with anyone outside of BBC regarding the creation of,
selection of, or use of the names bok a bok, BOKBOK, or BOCBOC Chicken Delight;

9
10
11
(11) Documents exchanged between BBC and/or its attorneys and Guang-Yang Li
and/or his attorneys, Guang-Yang Li being the initial owner of the mark BOCBOC Chicken
Delight in New York.

12
13
This Court should strike any defenses BBC was asserting and order it to fully produce
all documents in its possession that are responsive to Requests for Production 2, 5, 9, and 11.

14
15
**F.    Island Life is prejudiced by an inability to obtain the requested information.**

16
17
Without waiving the right to point out additional inadequate discovery responses later
on, Plaintiff has failed to provide as least the following discovery:

18
1.    Documents supporting its claimed plans to expand into Seattle (RFP 2);

19
20
2.    Any specific identification as to any claimed damages, and failed to provide any
documents that would support any of Plaintiff's claims for damages (ROG 3, RFP 5); and

21
22
23
24
3.    Identification as to communications that it had with either the owner of the New
York restaurant BOCBOC Chicken Delight, Guang-Yang Li, and/or his attorneys, or
documents related to these communications, and related to the assignment of the trademark to
BBC, other than one email improperly marked as "confidential." (ROG 6, RFP 9, and 11).

25

DEFENDANTS' MOTION TO COMPEL DISCOVERY
RESPONSES - 8
2:18-cv-01011-RSM
6497286.doc

LEE · SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Island Life is prejudiced by not having access to this information and these documents, as it has no information to defend itself as BBC's claims it intended to expand into Seattle with several restaurants in the next year, how BBC claims to be damaged by any action that Island Life has taken, or information that could show that the assignment of the trademark from the New York restaurant to Plaintiff's Nevada company is a sham.   Rosenberg Decl. at ¶ 34. As such, after months of attempts to obtain this information, we are filing this motion and asking for the court's assistance in obtaining this information and these documents. *Id*.

### G.     Sanctions.

"The court where the action is pending may, on motion, order sanctions if … a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." FRCP 37(d)(1)(A). "A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." FRCP 37(d)(2).  No motion for protective order has been made.

Pursuant to FRCP 37(d)(3), sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). These are:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1

2   (vii) treating as contempt of court the failure to obey any order except an order to

3   submit to a physical or mental examination.

4   Instead of or in addition to these sanctions, the court must require the party
    failing to act, the attorney advising that party, or both to pay the reasonable
    expenses, including attorney's fees, caused by the failure, unless the failure was

5   substantially justified or other circumstances make an award of expenses unjust.

6   FRCP 37(d)(3).

7   Here, while there were three separate law firms representing BBC during this time

8   period, there was arguably a period between March 1-12 that was excusable as to one law firm.

9   During this time, counsel for BBC, Mr. Bayramoglu, advised that his grandmother had passed

10  away, and then recommended the discovery process by his own actions.  See Rosenberg Decl.

11  at ¶¶ 21-26, Ex. 9-10.  *Id*.

12  Even assuming there was justification for not producing documents within this 12-day

13  period, there was no justification for failing to produce a single page of documents between

14  October 19, 2018 and April 3, 2019, which is close to six (6) months without production.  Thus,

15  for argument sake, even if this 12 days was justifiable, and one month during the period in

16  which the discovery was propounded until it was due, there was about four (4) full months of

17  time during which there was no justification for withholding discovery responses.

18  As such, Island Life requests the following sanctions.

19  1.      BBC should be ordered to pay compensation for the fees and costs to bring this

20  motion, and all of the additional time in seeking discovery, which should have been

21  unnecessary; and

22  2.      BBC should be prohibited from introducing as evidence any improperly

23  withheld documents.

24

25

DEFENDANTS' MOTION TO COMPEL DISCOVERY
RESPONSES - 10
2:18-cv-01011-RSM
6497286.doc

L E E · S M A R T

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

### IV.  CONCLUSION

For the reasons set forth herein, BBC should be required to provide complete responses to Island Life's discovery requests within 10 days of the entry of an order on this motion to compel (ROGs 3 and 6, and RFPs 2, 5, 9, and 11), pay for the costs for pursuing this motion, which should not have been necessary, and be precluded from introducing as evidence any documents that it failed to timely produce.

Respectfully submitted this 4th day of April, 2019.

LEE SMART, P.S., INC.

By: s/ Marc Rosenberg
    Joel Wright, WSBA No. 8625
    Marc Rosenberg, WSBA No. 31034
    Of Attorneys for Defendant /
    Counterclaim Plaintiff
    Island Life Restaurant Group

    1800 One Convention Place
    701 Pike Street
    Seattle, WA 98191
    (206) 624-7990
    mr@leesmart.com

L E E · S M A R T
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

**CERTIFICATE OF SERVICE**

I hereby certify that on the date provided at the signature below, I electronically filed the preceding document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following individual(s):

| | |
|---|---|
| Joseph Chalverus | joechalverus@gmail.com |
| Nihat Deniz Bayramoglu | Deniz@Bayramoglu-Legal.com |
| Ruth L Wylie | lynette@apexjuris.com, office@apexjuris.com |
| Tracy M Heims | tracy@apexjuris.com |

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Respectfully submitted this 4th day of April, 2019.

LEE SMART, P.S., INC.

By: s/ Marc Rosenberg
Joel Wright, WSBA No. 8625
Marc Rosenberg, WSBA No. 31034
Of Attorneys for Defendant /
Counterclaim Plaintiff
Island Life Restaurant Group

1800 One Convention Place
701 Pike Street
Seattle, WA 98191
(206) 624-7990
mr@leesmart.com