1
2
3
4
5
6

## IN THE UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

7
8
9
10
11
12
13
14
15
16

| | |
|---|---|
| BBC GROUP NV LLC, a Nevada Limited Liability Company | |
| Plaintiff/Counterclaim Defendants, | Case No.: 2:18-cv-1011-RSM |
| vs. | **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DISCOVERY RESPONSES** |
| ISLAND LIFE RESTAURANT GROUP LLC, a Washington Limited Liability Company; ALEX PRINDLE, a Washington Resident BRIAN O'CONNOR, a Washington Resident | |
| | **HEARING NOTICED ON APRIL 19, 2019** |
| Defendants/Counterclaim Plaintiffs. | |

17
18
19
20
21
22
23
24
25

## I.      INTRODUCTION

COMES NOW, the Plaintiff BBC GROUP NV LLC ("BBC") by and through their attorney of record, and submits this Response in opposition to Defendant's Island Life et al. ("Island Life") Motion to Compel.  Defendant's Motion to Compel was hastily filed roughly 12 hours, of which very few elapsed during business hours, after hundreds of pages of documents were supplementally produced by BBC late on the date April 3, 2019, as agreed upon by the parties in the March 25, 2019 discovery conference. Rosenberg Declaration at ¶ 29. Notwithstanding BBC's good submission of numerous supplemental documents within the

agreed time frame, Island Life nonetheless elected to file this motion to compel to apparently serve as a vehicle for continuing its baseless attacks against BBC, such as propounded in the motion and supplemental briefings regarding need for a bond as security for the partial preliminary injunction, as ordered by the court [Docket 35 and 38].

It is Island Life's baseless Motion to Compel directly following plaintiff's cooperation in timely production of documents soon after the stipulated protective order (SPO) was put in place - a contingency for protecting the respective valuable trade secret and sensitive financial information of both parties – that diverts time and attention and thus impedes discovery requisite to ascertaining the merits of the present suit.-. Until completing the SPO filing, confidentiality issues prevented the parties from exchange of many documents potentially probative of the merits. Following the SPO filing on March 27, 2019 [Docket 33], Plaintiff in the supplemental production served on April 3, 2019, the day before this motion was filed, produced substantially more documents than the Defendants. In contrast, Defendants' RFP responses have not been supplemented. Defendants' responses remain woefully inadequate notwithstanding Plaintiff's request to supplement detailed in the letter dated April 10 and emailed on April 11, 2019 following on emails requesting Island Life's insurance policy disclosed in the Rule 26(a) disclosure. Exhibits 1 and 2. Supplemental information properly provided once an SPO was in place remains unfulfilled to date. See Exhibit 5.

Moreover, the documents Defendants' produced are for the most part tangentially responsive and contain redundancies thereby, fall far short of full and proper responses. BBC has specified at least some of the deficiencies in Defendants' response and is working towards a meet and confer regarding Defendants' unresponsive production. Exhibit 1. Hence, Defendants now come to the Court asking that BBC be compelled to provide documents which either 1) they themselves have refused to provide, or 2) do not exist.

Given this trigger motion for court compulsion while Defendants hypocritically withhold documents which BBC has requested and is entitle, it regrettably appears that this motion to compel could set a pattern for discovery motions in this suit. For example: notwithstanding three emails from BBC and a verbal request during the discovery conference in the past month, opposing counsel continues to withhold the insurance policy of Island Life Restaurant Group. Opposing counsel presumably has a copy of the policy and has had ample time to confer and advise the client that opposing counsel is entitled to review of relevant provisions. No insurance documents have been forthcoming.

Moreover, BBC's Counsel's April 10, 2019 letter emailed at 5:43 pm on April 11, 2019, reiterates documents requested during the April 3, 2019 discovery conference. Exhibit 1. The written request was made because opposing counsel requested that any requests for particular supplementation to BBC's discovery responses be listed in written correspondence. To date, Island Life has not supplemented its discovery requests, and has egregiously disregarded BBC's multiple requests to produce any documentation regarding an insurance policy that was required to be disclosed under the initial disclosures required under FRCP 26(a)(1). Exhibit 2 If responses are not forthcoming, BBC will have no choice to file a separate motion to compel. Furthermore, Island Life's conditioning its providing of full and proper discovery responses on BBC's written requests pointing out particular deficiencies subverts its duty to supplement in accordance with the FRCP 33 and 34.

## II.   FACTS

### A.  Neither Plaintiff nor Defendants have promptly and fully provided discovery responses.

In summary, Island Life propounded Interrogatories and Requests for Production on BBC on October 19, 2018, Rosenberg Declaration at ¶ 3 [Docket 37]. BBC propounded Interrogatories and Requests for Production on Island Life on October 24, 2019.  Exhibit 3. After supplementing

its responses on April 03, 2019, BBC has to date produced more documents than Island Life despite having propounded roughly eight times BBC's 90 RFP's as compared to Island Life's 11 Exhibit 3. For months, Island Life has failed to supplement its own woefully inadequate responses and worse continues to withhold information regarding Island Life's insurance coverage and any reservations of rights that may exist. Further still, thus far in this suit, lapses in communication between the parties have not been uncommon. As Island Life's Counsel points out in his declaration, only 9 emails were exchanged from the beginning of December to the end of February, most of those emails regarding a draft of the stipulated protective order and not deficiencies in discovery.

Once the parties began discussing discovery deficiencies in earnest starting in March, BBC's's Lead Counsel Nihat Deniz Bayramoglu was largely away from the office the during March due to the rapid decline in health and later passing of his grandmother.  Exhibit 4. To the extent there is a delay, the delay is a result of the personal loss and circumstances besetting Plaintiff's counsel and the reluctance of both parties to produce confidential and sensitive documents prior to the filing of an SPO.

### III.    ARGUMENT

**A.  Plaintiff has provided hundreds of pages of discovery and has supplemented its discovery responsive as of April 3, 2019 (before the filing of Defendants' motion) or alternatively Defendants are seeking documents that do not exist yet.**

Defendants seem to take issue with Plaintiff's responses to Interrogatories 3 and 6 as well as Requests for Production 2, 5, 9, and 11. Plaintiff generally categorizes Defendants' RFP's and ROG's below:

    i)        Damages (ROG 3 and RFP 5);

ii)    Creation of the marks (ROG 6, RFP 9);

iii)   Expansion plans (RFP 2); and

iv)    Communication with Guang-Yang Li and/or his attorneys (ROG 11).

Regarding the response to ROG 3 and RFP 5 (Damages), Plaintiff and Plaintiff's Counsel has explained in written discovery responses and during the discovery conference that the final calculation of damages has not yet been completed, largely because BBC anticipates hiring a damages expert to review the documents and operations of the Defendants.

Despite Plaintiff's specific discovery requests, to date Defendants have not produced any documents related to the finances and operations of the Defendants or any licensees, both of which are a necessary part of a damages calculation. In other words, Plaintiff has already clearly set forth that it seeks damages in the form of Actual damages, Statutory damages, attorney's fees, costs, and interest, but as a practical matter the damages calculation *cannot* be completed until the Defendants provide their own responses to Plaintiff's discovery requests. Defendants are seeking a document which does not exist. Assuming cooperation from **Defendants** in producing documents in response to Plaintiff's discovery requests, calculating damages will entail an expert opinion and provide a further response. As soon as practicable after any such damages calculations are created, they will be produced via supplementation.

Regarding (ROG 6, RFP 9) Plaintiff and Plaintiff's Counsel has similarly explained in discovery responses and during the discovery conference that no documents exist as to creation of the marks. Specifically BBC in its response to RFP 9 stated "…BBC does not believe that any documents currently exist response to this Request." and in response to ROG 6 BBC replied that the creation and selection of Bok Bok occurred in 2012 and no documents exist regarding this conversation. BBC further responded that the Bok a Bok and BocBoc chicken delicious marks were discussed in early 2018 by and between Plaintiff's counsel and others in Plaintiff's organization, however no such documents exist reflecting this conversation. To the extent the

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL

specifics as to the selection of the mark(s) in their present form is requested, those documents were produced in response to RFP 4, which appears to have been satisfactory to Defendants as RFP 4 is not raised as an issue of the present motion.

Regarding RFP 2 (Expansion Plans) Plaintiff's Counsel has been working with Plaintiff to produce documents regarding expansions. The corollary ROG 2 states that the eventual plan is to have twelve locations in San Francisco, six locations in Los Angeles and four locations in Seattle. Seattle plans cannot proceed since the issuance of the preliminary injunction. BBC's expansion model (discussed at length in BBC's supplemental briefing regarding the posting of a bond for the preliminary injunction [Docket 35] is such that until the expansion plans take root fully there is not much of a paper trail. However, to say that no documents regarding expansion have been produced is disingenuous as the expansion plans are referenced and discussed in at least the long form business plan that was produced in the supplemental production. It is highly unlikely that between when the documents were produced and when Defendants filed this motion to compel roughly 12 hours later that Defendant or Defendants' counsel had an opportunity to review the supplemental production in its entirety. Additionally, there are currently a number of documents relating to expansion that Plaintiff is working on compiling for the Defendants as it relates specifically to expansion plans that have already taken root: i.e., the Los Angeles expansion. As discussions regarding new cites are formalized and agreements are memorialized in written form, Plaintiff has every intention of supplementing its responses and providing further responsive documents as they become available. Plaintiff has no intention of withholding such documents.

Regarding RFP 11 (discussions with Guang-Yang Li and/or his attorneys) Plaintiff has already produced all correspondence with Guang-Yang Li and his attorneys. Plaintiff and Guang-yang Li have never been in direct talks, the conversations have only ever been through their respective attorneys Nihat Deniz Bayramoglu and Humayyun Siddiqi. The majority of the

conversation and negotiations that took place occurred via phone calls in early 2018. However every single email exchanged between Nihat Deniz Bayramoglu and Humayyun Siddiqi have been produced. Defendants' counsel in its motion to compel erroneously states that only one email exchange has been produced. In fact, four email chains and their attachments were produced in ".eml" format.  Indeed, one of the four email chains was marked as confidential but Defendant's counsel states that only one chain was produced, an error likely resulting from hastily reviewing Plaintiff's supplemental documents without careful consideration of the responses prior to filing this unnecessary Motion to Compel. Plaintiff and Plaintiff's Counsel is unaware of any deficiencies in the production in response to RFP 11. Defendants' claims and statements that "BBC has failed to provide any documents in response to Request for Production …11" [Docket 36, pg. 7] is simply untrue and again likely an oversight from rushing to file its motion before fully reviewing the supplemental production provided by Plaintiff.

**B. Plaintiff BBC is not evading or resisting discovery, but is actively working with Defendants to produce documents; Sanctions to the extent they are appropriate should be against Defendants and in favor of Plaintiff BBC.**

As discussed above, Plaintiff BBC has been working with Defendants to produce additional documents responsive to discovery, including the supplemental production on April 03, 2019. Defendants are the ones that are being uncooperative. Defendants choose not to produce any substantive documents of their own and instead have filed an unnecessary motion to compel without fully reviewing the supplemental discovery provided by BBC. The few issues remaining on the part of BBC pale in comparison to the number of RFP's that the Defendants have simply chosen not to provide any documents for. For reasons similar to those stated in Defendants' Motion to Compel, Defendants have similarly failed to produce any documents for a vast majority of the discovery requests propounded by BBC. In other words, Defendants appear

to ask this Court to compel production of documents as to which Defendants have been unwilling to produce thus far. In contrast to Defendants persistent withholding of such documents, BBC has in its April 03, 2019 supplementation provided such substantive documents.

The court has broad discretion in administering sanctions as they pertain to discovery. To the extent that sanctions are deemed warranted, sanctions should be awarded to Plaintiff BBC and against Defendants. Defendants have prepared and filed a motion to compel within 12 hours of a supplemental response with hundreds of pages of discovery produced. Rather than digesting what was produced and further discussing any deficiencies they may feel were inadequate; Defendants instead chose to come to the Court and file the unnecessary if not frivolous motion to compel the opposition to which imposes expenditures and time by BBC. BBC is a willing and cooperative participant in the discovery process.  Rather than continue the unreasonable and wasteful resort to court intervention in the process, BBC beseeches Defendants to supplement their woefully inadequate discovery responses instead. As such, BBC requests that the Defendants be ordered to pay compensation for the fees and costs to prepare this opposition to Defendants unnecessary Motion to Compel.

## IV.     CONCLUSION

For the reasons set forth herein, the Defendants' motion to compel should be denied and BBC respectfully requests the Court to order Defendants to:

1) fully review the supplemental documents provided by BBC on April 3, 2019 and bring any concerns they have through a meet and confer with Plaintiff's Counsel.

2)  BBC requests that Defendants be ordered to pay for the costs of defending against this motion, which should not have been necessary.

3)      properly respond to and produce documents responsive to BBC's discovery requests before seeking any additional intervention by the Court in discovery matters.

Dated this 15th day of April, 2019,

Respectfully submitted,

By: /S/Ruth Lynette Wylie            /S/Nihat Deniz Bayramoglu (*pro hac vice*)
Ruth Lynette Wylie                          Nihat Deniz Bayramoglu
(Washington Bar No. 22,816)        (Nevada Bar No. 14030)
Tracy Heims                                     (California Bar No. 294922)
(Washington Bar No. 28,594)
Joseph Chalverus                            Bayramoglu Law Offices LLC
(Washington Bar No. 13,449)        1540 West Warm Springs Road
APEX JURIS PLLC                            Henderson, NV 89014
12733 Lake City Way NE                Tel: (702) 462-5973
Seattle, WA 98125                          *Attorneys for Plaintiff*
Tel.: (206) 664-0314

## CERTIFICATE OF SERVICE

       I hereby certify under penalty of perjury under the laws of the United States, that, on April 15, 2019, I electronically filed the preceding document with the Clerk of the Court via CM/ECF system, which will notify by email delivery of such document to the following attorneys representing the parties, as listed below:

Nihat Deniz Bayramoglu

Joseph Chalverus
Ruth Lynette Wylie
APEX JURIS PLLC
12733 Lake City Way NE
Seattle, WA 98125
Tel.: (206) 664-0314
tracy@apexjuris.com
lynette@apexjuris.com
chalveruslaw@gmail.com
Nihat Deniz Bayramoglu
Bayramoglu Law Offices LLC
1540 West Warm Springs Road
Henderson, NV 89014
Tel.(702)462-5973

    *Attorneys for Plaintiff*

Marc Rosenberg
Joel E. Wright
Gregory P. Turner
LEE SMART P.S. Inc.
1800 One Convention Street
701 Pike Street
Seattle, Washington 98101

*Attorneys for Defendants*

      DATED this 15th day of April, 2019.

                     /S/NIHAT DENIZ BAYRAMOGLU__
                     Nihat Deniz Bayramoglu
                     (Nevada Bar No. 14030)
                     (California Bar No. 294922)

                     Bayramoglu Law Offices LLC
                     1540 West Warm Springs Road
                     Henderson, NV 89014
                     Tel: (702) 462-5973