UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BBC GROUP NV LLC, a Nevada Limited Liability Company,<br><br>Plaintiff,<br>Counterclaim Defendant,<br><br>v.<br><br>ISLAND LIFE RESTAURANT GROUP LLC, *et al.*,<br><br>Defendants,<br>Counterclaim Plaintiffs. | Case No. C18-1011 RSM<br><br>ORDER GRANTING DEFENDANTS' MOTION TO COMPEL AND REQUEST FOR SANCTIONS |

This matter comes before the Court on Defendants Island Life Restaurant Group, LLC and co-owners Alex Prindle and Brian O'Connor (collectively, "Island Life")'s Fed. R. Civ. P. 37(a) Motion to Compel Discovery. Dkt. #36. For the reasons set forth below, the Court GRANTS Defendants' Motion and request for sanctions.

As a preliminary matter, Plaintiff BBC Group NV LLC ("BBC") requests affirmative relief in its response brief in the form of sanctions and compelling discovery responses from Island Life. Dkt. #40 at 8. To compel discovery responses and request sanctions, a party must make its own motion pursuant to Fed. R. Civ. P. 37, including certification of good faith efforts

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL - 1

to confer with the withholding party. *See* Fed. R. Civ. P. 37(a)(1); 37(d)(1)(B). BBC's response fails to meet these requirements. Accordingly, the Court denies BBC affirmative relief.

## I. BACKGROUND

On July 11, 2018, BBC filed this suit against Island Life seeking damages and permanent injunctive relief for various trademark infringement violations. On October 19, 2018, Island Life issued discovery requests in the form of six interrogatories ("ROGs") and eleven requests for production ("RFPs"). On December 3, 2018, BBC provided its responses to Island Life's October 2018 discovery requests. Dkt. #37, Ex. 4. These responses included four pages of General Objections that BBC incorporated in each of its specific responses to Island Life's requests. *See id.* Counsel for BBC initially requested a mutual two-week extension for document production, indicating that it believed many documents would be classified "Attorney Eyes Only" and therefore required entry of a protective order prior to production. *Id.*, Ex. 3 at 2. In response, counsel for Island Life prepared a draft stipulated protective order and sought edits from BBC's counsel. *Id.*, Ex. 5 at 3.

From December 2018 through March 2019, counsel for Island Life made several efforts to confer with BBC so that parties could finalize the stipulated protective order and BBC could begin document production. *See* Dkt. #37, Exs. 5–11. On March 13, 2019, Island Life indicated that it would move to compel documents if BBC could not agree to a stipulated protective order and begin document production. *Id.*, Ex. 10 at 1. Parties held a discovery conference on March 25, 2019, during which BBC agreed to produce documents by April 3, 2019. Dkt. #36 at 3. Parties filed a stipulated protective order on March 26, 2019, which was approved by this Court the next day. Dkt. #34. On April 4, after finding BBC's production dated April 3 insufficient, Island Life filed this Motion to Compel. Dkt. #36.

Island Life moves to compel responses from BBC seeking documents related to: (a) BBC's plans for expansion (RFP 2); (b) BBC's damage claims (ROG 3, RFP 5); (c) BBC's communications with anyone outside of BBC regarding the creation of, selection of, or use of the names bok a bok, BOKBOK, or BOCBOC Chicken Delight (ROG 6, RFP 9); and (d) documents exchanged between BBC and/or its attorneys and Guang-Yang Li, the initial owner of the mark BOCBOC Chicken Delight in New York, and/or his attorneys (RFP 11). *Id.* at 7–8. Island Life also seeks sanctions against BBC for its delays in document production. Dkt. #36 at 9–10. Lastly, Island Life moves the Court to strike Plaintiff's "General Objections" as improper under Fed. R. Civ. P. 33 and 34. *Id.* at 6.

## II. DISCUSSION

### A. Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information within this scope of discovery need not be admissible in evidence to be discoverable. *Id.* "District courts have broad discretion in determining relevancy for discovery purposes." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)). If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). The party that resists discovery has the burden to show why the discovery request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

### B. BBC's Plans for Expansion (ROG 2, RFP 2)

Island Life requests all documents related to BBC's plans for future expansion, including plans for both current and future Bok Bok restaurants. Dkt. #37, Ex. 2. BBC acknowledges that there are a number of documents pertaining to expansion "that Plaintiff is working on compiling" and that BBC "has every intention of supplementing its responses and providing further responsive documents as they become available." Dkt. #40 at 6. For those plans related to expansions already underway, such as Los Angeles, BBC has failed to explain why all responsive documents were not provided to Defendants prior to this Motion to Compel. The Court concludes that an order compelling disclosure is warranted.

### C. BBC's Damage Claims (ROG 3, RFP 5)

Island Life requests each element of alleged damages that BBC incurred as a result of acts and omissions taken by Island Life, including special and general damages, and the computed amount of damages. Dkt. #37, Ex. 2. BBC claims that Island Life "is seeking a document which does not exist" because BBC intends to hire an expert to review Island Life's operations and calculate damages. Dkt. #40 at 5. For that reason, BBC claims, damages calculations "*cannot* be completed until the Defendants provide their own responses to Plaintiff's discovery requests." *Id.* (emphasis in original).

BBC's argument that it requires certain documents from Defendants to produce its damages calculations is unavailing. The Federal Rules of Civil Procedure require computation of damages as an initial disclosure under Rule 26, wherein the party claiming damages must include both the computation as well as "make available for inspection and copying as under Rule 34 the documents or other evidentiary material … on which each computation is based . . . ." Fed. R. Civ. P. 26(a)(1)(A)(iii). A party cannot satisfy this disclosure requirement with a promise that

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL - 4

someone will later testify to damages—it must provide the computation *and* the material on which the computation is based. *Ishow.com, Inc. v. Lennar Corp.*, No. C15-1550RSL, 2017 WL 3020927, at *4 (W.D. Wash. July 14, 2017) ("Making certain documents available and promising that someone will testify regarding damages is not a 'computation' and fails to apprise defendants of the extent of their exposure in this case."). As the plaintiff, BBC has a duty to develop evidence of its damages claim and prepare its damages computation. Consequently, BBC's promise to hire an expert to calculate damages falls vastly short of this disclosure requirement.

Accordingly, the Court grants Defendants' Motion with respect to Plaintiff's damage claims and orders BBC to provide a computed amount of damages. If BBC continues to withhold this information, the Court may prohibit BBC from offering evidence of damages. *See id.* (barring plaintiff in trademark case from offering evidence of actual damages upon failure to show lack of disclosure of damages computation was substantially justified or harmless).

### D. BBC's Communications Outside of BBC Regarding Selection of Bok Bok Marks (ROG 6, RFP 9)

Island Life requests communications by BBC or its officers/corporate representatives that discussed the creation of, selection of, or use of the names bok a bok, BOKBOK, or BOCBOC Chicken Delight with anyone outside of BBC Group. Dkt. #37, Ex. 2. BBC claims that no documents exist that are responsive to these requests, stating that "the creation and selection of Bok Bok occurred in 2012, and no documents exist regarding this conversation." Dkt. #40 at 5; *see also* Dkt. #37, Ex. 4. BBC likewise claims that although counsel for BBC discussed marks for "Bok a Bok and BocBoc chicken delicious" with BBC in early 2018, "no such documents exist reflecting this conversation." Dkt. #40 at 5.

When a party claims that no documents exist in response to discovery requests, it must provide sufficient information for the Court to determine whether the party made a reasonable

inquiry and exercised due diligence. *See, e.g.*, *Uribe v. McKesson,* No. 08-cv-1285 DMS (NLS), 2010 WL 892093, at *1 (E.D. Cal. Mar. 8, 2010). Here, Island Life seeks documents related to the creation, selection, or use of service marks—processes which presumably require significant deliberation due to their legal consequences. It is therefore reasonable to assume that some part of these processes, particularly those involving legal counsel, would be memorialized in some form. While BBC's representation that no documents exist may be true, this claim—without further explanation or discussion of due diligence in reaching that conclusion—is insufficient to persuade the Court that BBC made a reasonable inquiry. Accordingly, Defendants' Motion to compel a further response to these requests is granted.

### E. Documents Exchanged Between New York Owner of BOCBOC Chicken Delight (RFP 11)

Lastly, Island Life requests all documents exchanged between BBC and/or its attorneys and Guang-Li, the New York owner of BOCBOC Chicken Delight. Dkt. #37, Ex. 2. Island Life claims that BBC's production amounted to one email marked "confidential," whereas BBC contends that it produced four email chains with attachments. *Compare* Dkt. #37 at 9 *with* Dkt. #40 at 7. BBC claims that it has already produced all correspondence related to this request, explaining that "[t]he majority of the conversation and negotiations that took place occurred via phone calls in early 2018." Dkt. #40 at 6-7.

Assuming BBC produced four email chains in response to this request, the Court still takes issue with BBC's contention that because most of the negotiations occurred telephonically, few written documents exist. Similar to ROG 6 and RFP 9, Island Life seeks documents related to an important legal transaction—BBC's acquisition of the BOCBOC Chicken Delight trademark—that Plaintiff's counsel undertook just months before filing this lawsuit against Island Life. BBC claims that no other documents exist outside these four emails, meaning that

its counsel failed to memorialize the "majority of the conversation and negotiations" related to this important transaction. While BBC's representation that no documents exist may be true, this claim—without further explanation or discussion of due diligence in reaching that conclusion—is insufficient to persuade the Court that BBC made a reasonable inquiry. Accordingly, Defendants' Motion to compel a further response to these requests is granted.

### F. Sanctions

Where a party fails to serve its answers, objections, or written response, a court may order sanctions. Fed. R. Civ. P. 37(d)(1)(A)(ii). Sanctions may include the reasonable attorney's fees and expenses caused by the failure to disclose information *plus* the sanctions listed in Rule 37(b)(2)(A)(i)-(iv), which include directing that facts be taken as established, staying proceedings, or even dismissing the action in whole or in part. Fed. R. Civ. P. 37(d)(3). The party facing sanctions carries the burden of showing "the failure [to answer or respond] was substantially justified or other circumstances make an award of expenses unjust." *Id*; *Yeti By Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001) (noting burden on party opposing sanctions).

While counsel for BBC contends that "confidentiality issues prevented the parties from exchange of many documents potentially probative of the merits," Dkt. 40 at 2, the sworn declaration and attached exhibits in support of Defendants' Motion indicate that Island Life made numerous efforts between mid-December 2018 and March 2019 to confer with Plaintiff's counsel prior to filing this Motion. Dkt. #37, ¶¶ 3-32; *see also* Exs. 6–11. These efforts include Defendants' attempts to finalize the draft stipulated protective order that BBC consistently cited as the main barrier to document production. Setting aside the period in early March that lead counsel for BBC experienced a family emergency, counsel for BBC has failed to substantially

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL - 7

justify its failure to timely respond to Island Life's efforts to finalize the stipulated protective order and produce documents in a timely manner. *See* Dkt. #40, Ex. 1. Moreover, once BBC finally produced documents on April 3, 2019, its reasons for withholding several categories of documents were deficient for the reasons set forth above.

BBC has failed to show that its lack of disclosure was substantially justified or harmless, and has failed to demonstrate other circumstances that would make an award of expenses unjust. Accordingly, the Court finds that a sanction in the amount of reasonable attorney's fees incurred by Defendants in bringing this discovery motion is appropriate.

### G. General Objections

Lastly, Island Life moves the Court to strike BBC's "General Objections" as improper under Fed. R. Civ. P. 33 and 34. Dkt. #36 at 6. Indeed, courts disfavor the use of prefatory General Objections to the extent that they give the reader "no basis to determine where its objections end and its responses begin" and "no basis to begin a discussion about whether [the party] has made a reasonable effort to identify responsive information or documents." *Weidenhamer v. Expedia, Inc.*, No. C14-1239RAJ, 2015 WL 1292978, at *7 (W.D. Wash. Mar. 23, 2015). *See also Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005) ("[B]oilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege.").

Although BBC's four pages of General Objections raise similar concerns, BBC still provides specific responses to each request to indicate particular bases for objections. *See* Dkt. #37, Ex. 4 at 7–14. These specific responses distinguish BBC's objections from those at issue in *Expedia*, where the party's "General Objections" provided the entire basis for objection and the court considered them a per se violation of the Federal Rules of Civil Procedure. Here, it appears

BBC used General Objections in an attempt to preserve certain objections. The Court therefore declines to strike BBC's "General Objections" as improper.

### III. CONCLUSION

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendants' April 4, 2019 Motion to Compel (Dkt. #36) is GRANTED. Within **fourteen (14) days** of entry of this Order, Plaintiff is ORDERED to fully and completely provide responses to Defendant's Interrogatories Nos. 3 and 6 and to Requests for Production Nos. 2, 5, 9, and 11.

(2) Counsel for BBC shall pay the reasonable costs of Defendants in preparing and filing this Motion. Counsel for Island Life shall submit a declaration within **fourteen (14) days** of entry of this order supporting any such claim for fees and costs.

DATED this 31st day of May 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE