UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BBC GROUP NV LLC, a Nevada Limited Liability Company,<br><br>          Plaintiff,<br>          Counterclaim Defendant,<br><br>          v.<br><br>ISLAND LIFE RESTAURANT GROUP LLC, *et al.*,<br><br>          Defendants,<br>          Counterclaim Plaintiffs. | Case No. C18-1011-RSM<br><br>ORDER GRANTING IN PART DEFENDANT ISLAND LIFE'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

## I.     INTRODUCTION

This matter comes before the Court on Defendant Island Life Restaurant Group, LLC and co-owners Alex Prindle and Brian O'Connor (collectively, "Island Life")'s Motion for Partial Summary Judgment. Dkt. #46. Plaintiff BBC Group NV LLC ("BBC") opposes Island Life's Motion. Dkt. #50. The Court has determined that oral argument is not necessary. Having reviewed the Motion, Plaintiff's Response, Defendant's Reply, and all documents submitted in support thereof, the Court GRANTS IN PART Defendant's Motion for Partial Summary

Judgment. For the reasons set forth below, the Court dismisses all of BBC's claims against Island Life and grants summary judgment on Island Life's counterclaims under 15 U.S.C. §§ 1114, 1125.

## II.    BACKGROUND

In 2015, Alex Prindle and Brian O'Connor co-founded Island Life as a restaurant operation business in Washington state. Dkt. #28 at ¶¶ 1-3. The first "Bok a Bok" restaurant opened in June 2016, and there are now three "Bok a Bok" restaurants in Washington: one in Burien and two in Seattle. *Id.* at ¶¶ 4-5. The restaurants sell fast food including fried chicken, macaroni and cheese, biscuits and tacos. *Id.* at ¶ 6.

On March 17, 2017, Island Life applied for a service mark for the name "BOK A BOK" with the United States Patent and Trademark Office. *Id.* at ¶ 8. The trademark was published for opposition on July 18, 2017 and registered on October 3, 2017 under U.S. trademark number 5301484. Dkt. #28-1 at 4-6. The logo shows the words "Bok a Bok" in lower case letters with a minimalistic depiction of a chicken head in yellow, red and black:



In February 2018, Island Life received employment applications for a "BOK BOK" restaurant in Nevada owned by BBC. Dkt. #28 at ¶ 10. The logo used by the Nevada restaurant features the words "BOK BOK" in upper case yellow letters and, as described by BBC, "a full chicken cartoon silhouette" between the last two letters. Dkt. #50 at 10.



ORDER GRANTING IN PART DEFENDANT
ISLAND LIFE'S MOTION FOR PARTIAL
SUMMARY JUDGMENT
PAGE - 2

On February 16, 2018, Mr. Prindle notified BBC that Island Life had trademarked the "Bok a Bok" name and asked that BBC cease and desist from using the "Bok Bok" name. Dkt. #28-2 at 2. On March 27, 2018, BBC's Chief Financial Officer replied to Mr. Prindle's letter asking if Island Life would allow them to use "Boq Boq Chicken" or "Boc Boc Chicken" or whether "there would be confusion between these proposals and your BOK A BOK trademark[.]" Dkt. #28-3 at 2. BBC explained that it planned to sell "Mediterranean and Levantine inspired cuisine" and intended to open "at least 5 different locations" within the next year. *Id.* BBC's reply letter also noted its belief that "it is in everyone's interest to work something out amicably." *Id.*

However, BBC did not change its restaurant's name or reach an amicable agreement with Island Life. Instead, on March 30, 2018, BBC acquired a third-party mark "BOCBOC Chicken Delicious" from a New York restaurant. Dkt. #29-2 at 2. This mark is registered under U.S. trademark number 4768903 and features the words "BOCBOC Chicken Delicious" and three stylized feathers in orange-brown and rusty red colors.



The agreement between BBC and Mr. Guang Yang Li, the Assignor of the third-party mark, states that BBC received the "BOCBOC Chicken Delicious and Design" trademark and associated goodwill in exchange for $50,000. Dkt. #29-2 at 2. The agreement licenses the trademark back to the restaurant in New York, *id.* at 3, and requires the New York restaurant to "operate its business in accordance with the same requirement of production and service . . . as in

the past" and to "maintain the quality of the Goods and Services or such related or similar goods and services sold under or in connection with the Trademarks . . . ." *Id*. at 5.

On April 11, 2018, counsel for BBC notified Island Life that BBC "recently acquired the rights to trademark 4768903 for Bocboc Chicken Delicious" and demanded that Island Life cease and desist from using the "Bok a Bok" mark. Dkt. #28-4 at 2. Counsel for BBC claimed that BBC's "BOCBOC" mark predated Island Life's "Bok a Bok" mark, making BBC a senior rights holder. *Id*. In addition to threatening legal action, BBC explained it would allow Island Life to operate as "Bok a Bok" "for the time being" under the condition that Island Life did not open additional locations or transfer rights to anyone else. *Id*. at 3.

On July 11, 2018, BBC filed this suit against Island Life and its owners seeking damages and permanent injunctive relief for trademark infringement violations, unfair competition, trademark counterfeiting, alter ego theory, civil conspiracy, and cancellation of the "Bok a Bok" trademark registration. *See* Dkt. #1. On September 10, 2018, Island Life answered BBC's complaint with counterclaims asserting trademark infringement, unfair competition, dilution by tarnishment, trademark counterfeiting, and cyber piracy. *See* Dkt. #19.

On March 28, 2019, this Court partially granted Island Life's motion for preliminary injunction and enjoined BBC from expanding into western Washington. Dkt. #35. Island Life now moves for summary judgment dismissal of BBC's claims and seeks summary judgment on certain counterclaims. Dkt. #46. Specifically, Island Life seeks summary judgment on its counterclaims for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and trademark infringement under Washington state law, RCW 19.77. Island Life also seeks a permanent injunction and attorney's fees.

ORDER GRANTING IN PART DEFENDANT
ISLAND LIFE'S MOTION FOR PARTIAL
SUMMARY JUDGMENT
PAGE - 4

# III.  DISCUSSION

## A.  Legal Standard for Summary Judgment

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  Material facts are those which might affect the outcome of the suit under governing law.  *Id.* at 248.  In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial."  *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party.  *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004).  The Court must draw all reasonable inferences in favor of the non-moving party.  *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994).  However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

## B.  Trademark Counterfeiting Claims

As an initial matter, both parties brought trademark counterfeiting claims under 18 U.S.C. § 2320.  Dkt. #1 at ¶¶ 39-43; Dkt. #19 at ¶¶ 50-54.  Because this is a criminal statute with no civil remedy provision, neither party has a cognizable claim.  Accordingly, the Court dismisses both parties' trademark counterfeiting claims under § 2320.

### C. BBC's Claims against Island Life

The Court will first address BBC's claims against Island Life. For the foregoing reasons, summary judgment is appropriate as to all of BBC's claims against Island Life.

#### 1. BBC's Lanham Act Claims

BBC claims that Island Life's use of the "Bok a Bok" mark constitutes trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114, 1125, due to its likeness to BBC's "BOCBOC Chicken Delicious" trademark. Dkt. #1 at ¶¶ 23-29; ¶¶ 34-38. The Court finds that BBC did not acquire rights to the "BOCBOC Chicken Delicious" mark and therefore has no basis for its Lanham Act claims.

As a matter of law, BBC failed to acquire the rights to "BOCBOC Chicken Delicious" through assignment. When a trademark is acquired through assignment, "[t]he law is well settled that there are no rights in a trademark alone and that no rights can be transferred apart from the business with which the mark has been associated." *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1289 (9th Cir. 1990) (citing *Mister Donut of America, Inc. v. Mr. Donut, Inc.*, 418 F.2d 838, 842 (9th Cir. 1969)). Goodwill must accompany the assigned mark in order to maintain the continuity of the product or service symbolized by the mark. *Gallo Winery*, 967 F.2d at 1289 (citing 1 J. McCarthy, Trademarks and Unfair Competition § 18:1(C) (2d ed. 1984)).

In analyzing whether goodwill was acquired, courts consider "whether the goods offered under the mark post-assignment are 'substantially similar,' to those previously associated with it, or at least 'sufficiently similar to prevent customers from being misled from established associations with the mark.'" *Glow Indus., Inc. v. Lopez*, 273 F. Supp. 2d 1095, 1107 (C.D. Cal. 2003) (quoting *Sugar Busters LLC v. Brennan*, 177 F.3d 258, 266 (5th Cir. 1999)). An assignment

without the associated goodwill, i.e. an assignment in gross, is invalid. BBC contends that the assignment was valid because (1) the restaurant services and menu selection are indeed "substantially similar"; and (2) BBC acquired the mark for legitimate business reasons and displays the "BOCBOC" mark in its restaurants.

First, no reasonable juror could find that the restaurant services and menu selection at "BOK BOK" and "BOCBOC Chicken Delicious" are "substantially similar" so as to transfer goodwill. "Substantially similar" products must have more in common besides belonging to the same general category of products—they must also appeal to similar customer groups. *Lopez*, 273 F. Supp. 2d at 1113; *see also Clark & Freeman Corp. v. Heartland Co.*, 811 F. Supp. 137 (S.D.N.Y. 1993) (Finding that women's pixie boots are not "substantially similar" to men's shoes and/or men's hiking boots and goodwill therefore did not transfer). BBC argues that both restaurants sell "specially prepared chicken," Dkt. #50 at 17, yet the trademarked product is not chicken—it is the restaurant selling it. "BOCBOC Chicken Delicious" restaurants serve Korean-style fried chicken in mall food courts, Dkt. #52-2 at 2, while "BOK BOK" restaurants in Nevada are stand-alone restaurants selling a variety of Mediterranean food. Dkt. #52-4; Dkt. #31-1. Because no reasonable juror could find continuity between restaurant chains selling two different cuisines in two different contexts, the Court finds the assignment was an "assignment in gross" and therefore invalid as a matter of law.

BBC's remaining argument is irrelevant to the question of whether goodwill was acquired. BBC claims that the assignment was valid because BBC acquired the mark for sound business reasons and displays the "BOCBOC" mark in its restaurants. Dkt. #50 at 18. A company's reasons for acquiring a mark and its public display of the mark have no bearing on whether the products

or services sold are "substantially similar" to transfer goodwill, and therefore do not change the analysis that the assignment was invalid.

Because the Court finds the assignment of "BOCBOC Chicken Delicious" to BBC invalid as a matter of law, BBC has no basis for its infringement and unfair competition claims under the Lanham Act. Accordingly, the Court GRANTS summary judgment dismissal on BBC's claims under 15 U.S.C. §§ 1114, 1125.

### 2. *Cancellation of "Bok a Bok" Registration*

BBC also seeks to cancel the "Bok a Bok" trademark registration. Dkt. #1 at ¶¶ 65-66. BBC argues that even if it does not own the "BOCBOC Chicken Delicious" mark, Island Life's "Bok a Bok" registration should be cancelled because of the mark's confusing similarity to the "BOCBOC Chicken Delicious" mark. Dkt. #50 at 20 (citing 15 U.S.C. § 1052(d)).

For the first five years after a mark's registration, the registration may be challenged under 15 U.S.C. § 1064(1) "for any reason that would have been sufficient to refuse the original registration . . . such as likelihood of confusion, 15 U.S.C. § 1052(d)." *Synoptek, LLC v. Synaptek Corp.*, 309 F. Supp. 3d 825, 834 (C.D. Cal. 2018). It is unclear to the Court whether BBC has standing to petition for cancellation of the "Bok a Bok" registration when it has no protectable interest in "BOCBOC Chicken Delicious." *See Star-Kist Foods, Inc. v. P.J. Rhodes & Co.*, 735 F.2d 346, 349 (9th Cir. 1984) ("While no absolute test can be laid down for what must be proved, a cancellation petitioner must show he is more than an intermeddler but rather has a personal interest . . . .") (internal quotations omitted). However, even if BBC is "more than an intermeddler," the undisputed facts show no likelihood of confusion between the Washington state

"Bok a Bok" mark and the New York "BOCBOC Chicken Delicious" mark that would render the "Bok a Bok" mark's registration invalid.

Courts apply eight factors set forth in *Sleekcraft* to determine whether a likelihood of confusion exists: (1) the "similarity of the marks"; (2) the "strength of the mark" that has allegedly been infringed; (3) "evidence of actual confusion"; (4) the relatedness or "proximity" of the goods; (5) the "normal marketing channels" used by both parties; (6) the "type of goods and the degree of care likely to be exercised by the purchaser"; (7) the alleged infringer's "intent in selecting the mark"; and (8) evidence that "either party may expand his business to compete with the other." *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348–54 (9th Cir. 1979). Courts apply the *Sleekcraft* factors flexibly depending on the facts of the case, and every factor need not be satisfied. *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 631 (9th Cir. 2005); *see also Stone Creek, Inc. v. Omnia Italian Design, Inc.*, 875 F.3d 426, 431 (9th Cir. 2017) ("Not all factors are created equal, and their relative weight varies based on the context of a particular case."). While the Ninth Circuit cautions against granting summary judgment on the *Sleekcraft* inquiry, courts may grant summary judgment when no reasonable jury could find likelihood of confusion. *See One Indus., LLC v. Jim O'Neal Distrib., Inc.*, 578 F.3d 1154, 1165 (9th Cir. 2009); *Surfvivor Media*, 406 F.3d at 630.

There is no dispute that the "Bok a Bok" and "BOCBOC Chicken Delicious" marks are similar and refer to related products, given that both invoke the sound a chicken makes and apply to restaurants selling Korean-style fried chicken. The Court finds Island Life's argument to the contrary unavailing, *see* Dkt. #46 at 6, given that the marks are practically phonetic equivalents. *See JouJou Designs, Inc. v. JOJO Ligne Internationale, Inc.*, 821 F. Supp. 1347, 1354 (N.D. Cal. 1992) (Finding JOUJOU and JOJO "substantially similar both in pronunciation and usage").

ORDER GRANTING IN PART DEFENDANT
ISLAND LIFE'S MOTION FOR PARTIAL
SUMMARY JUDGMENT
PAGE - 9

There is likewise no dispute that the average purchaser of a fast food meal would exercise a low degree of care in selecting their meal. Nevertheless, the Court finds that where the two restaurant chains have operated in their respective geographic regions for years without issue, no reasonable juror could find likelihood of confusion.

i. Strength of the BOC BOC Chicken Delicious Mark

Marks are categorized, in increasing strength, as generic, descriptive, suggestive, arbitrary, and fanciful. *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1207 (9th Cir. 2000). The stronger the mark, the more protection it is afforded. *Sleekcraft*, 599 F.2d at 349. Descriptive marks define "a particular characteristic of a product in a way that does not require any exercise of the imagination" while suggestive marks require "the exercise of some imagination . . . because the mark suggests the products' features rather than describes them . . . ." *Surfvivor Media, Inc.*, 406 F.3d at 631–32.

The Court finds that as a matter of law, "BOCBOC Chicken Delicious" is not a strong mark. At a minimum, "BOCBOC" is onomatopoeia for the sound a chicken makes and is therefore descriptive of the product sold—i.e., fried chicken. Even if onomatopoeia is only suggestive of chicken, therefore requiring some exercise of imagination, the weakness of the "BOCBOC Chicken Delicious" mark affords it less protection and therefore favors Island Life.

ii. Evidence of Actual Confusion

BBC argues that there is a strong likelihood of confusion, but it offers no evidence of actual confusion between the two marks. *See* Dkt. #50 at 20-21. Absence of actual confusion between two parties that have used their respective marks for years weighs strongly against likelihood of confusion. *See Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1050 (9th

Cir. 1999) ("We cannot think of more persuasive evidence that there is no *likelihood* of confusion between these two marks than the fact that they have been simultaneously used for five years without causing any consumers to be confused as to who makes what.") (emphasis in original).

Here, "Bok a Bok" and "BOCBOC Chicken Delicious" have coexisted for over three years without any material evidence of actual confusion. This starkly contrasts with BBC's use of the unregistered "BOK BOK" mark, which brought Island Life and BBC into conflict before BBC had even opened its first BOK BOK restaurant. *See* Dkt. #24 at ¶ 23. This factor therefore strongly favors Island Life.

### iii.   Marketing Channels

"BOCBOC Chicken Delicious" and "Bok a Bok" also appear to have no overlap in their marketing channels. BBC admits that "BOCBOC Chicken Delicious" has no website of its own but claims that it maintains an online presence through review platforms like Yelp and Trip Advisor. Dkt. #50 at 20. However, review websites are distinguishable from marketing channels used *by the vendor* to "sell, distribute, advertise, and/or market its goods and services." *Comp Exam'r Agency, Inc. v. Juris, Inc.*, No. 96-0213-WMB (CTX), 1996 WL 376600, at *1 (C.D. Cal. Apr. 26, 1996). The fact that Island Life built an online presence for "Bok a Bok" while "BOCBOC Chicken Delicious" remains offline weighs strongly in favor of Island Life.

### iv.   Island Life's Intent to Infringe

BBC offers no evidence that Island Life intended to infringe on the "BOCBOC Chicken Delicious" mark—let alone was aware of its existence—when it registered its trademark for "Bok a Bok." There is likewise no evidence indicating Island Life's intent to infringe when it conceived of "Bok a Bok" and applied for a trademark. This factor therefore favors Island Life.

ORDER GRANTING IN PART DEFENDANT
ISLAND LIFE'S MOTION FOR PARTIAL
SUMMARY JUDGMENT
PAGE - 11

### v. Likelihood of Expansion

BBC also offers no evidence that either "Bok a Bok" or "BOCBOC Chicken Delicious" plan to expand outside their geographically distant operating areas. *See* Dkt. #28 at ¶ 18 (Planned "Bok a Bok" restaurants both in western Washington). Even where two marks are nearly identical, courts may find no customer confusion if the two companies operate in entirely different geographic areas. *See Weiner King, Inc. v. Wiener King Corp.,* 615 F.2d 512, 515–22 (C.C.P.A. 1980) (Allowing concurrent use of "Weiner King" as a mark for restaurants in New Jersey and "Wiener King" as a mark for restaurants in North Carolina); *Pinocchio's Pizza Inc. v. Sandra Inc.,* 11 U.S.P.Q.2d 1227, 1228, 1989 WL 297867 (T.T.A.B. 1989) (Allowing concurrent use of "PINOCCHIO'S" as a service mark for restaurants in Maryland and "PINOCCHIOS" as a service mark for restaurants elsewhere in the country).

Here, the two restaurant chains operate on opposite coasts. Restaurants with valid ownership of the "BOCBOC Chicken Delicious" mark exist only in Queens, New York, and Freehold, New Jersey. Dkt. #50 at 10. The chain of restaurants using the "Bok a Bok" mark exist only in Washington. *Id.* at 18. The geographic isolation of the two chains favors Island Life.

### vi. Overall Analysis

The application of the *Sleekcraft* factors does not raise a material issue of fact regarding likelihood of confusion. *Cf. Dreamwerks Prod. Grp., Inc. v. SKG Studio*, 142 F.3d 1127, 1130–32 (9th Cir. 1998) (Denying summary judgment for Defendant where Plaintiff made a strong showing on three *Sleekcraft* factors and other factors carried "little weight."). Here, the Court finds no likelihood of confusion because the two companies are geographically isolated and have no intent to expand anywhere near the other's market. The Court is also strongly persuaded by

the fact that the chains operated for years without any indication of confusion, as evidenced by BBC bringing this registration challenge instead of Mr. Li—the valid owner of the "BOCBOC Chicken Delicious" mark. *One Indus., LLC*, 578 F.3d at 1162 ("The *Sleekcraft* factors are not exhaustive, 'and non-listed variables may often be quite important.'") (quoting *Brookfield*, 174 F.3d at 1054). Accordingly, the Court finds summary judgment dismissal of BBC's cancellation claim under 15 U.S.C. § 1052(d) proper.

### 3. BBC's Remaining Claims against Island Life

Without a valid assignment of the "BOCBOC" mark, BBC's remaining claims fail. Trademark dilution under RCW 19.77 requires that BBC own "common law trademark rights" in the "BOCBOC Chicken Delicious" mark, which it does not. *Id.* at ¶¶ 44-47. BBC likewise cannot claim unfair competition under the Washington Consumer Protection Act, RCW 19.86, where it has no right to claim infringement on the "BOCBOC Chicken Delicious" mark. *Id.* at ¶¶ 48-53. Furthermore, as explained *infra*, Island Life owns a valid trademark in "Bok a Bok" and therefore has committed no violation in attempting to enforce its own mark.

BBC's derivative claims under alter ego theory and civil conspiracy likewise fail. *Id.* at ¶¶ 54-58, 59-64. These claims allege that Island Life and its owners committed unlawful action, which would require that BBC have some legally protectable right violated by Island Life. Because Island Life's actions—writing a cease and desist letter to BBC—were its attempt to enforce its valid "Bok a Bok" mark, BBC's derivative claims likewise fail.

Finally, BBC argues that even if the Court finds the assignment invalid, Mr. Li—the assignor of the "BOCBOC" mark—may raise these claims when he is added as a co-plaintiff. Dkt.

#50 at 20.  This argument fails given that it is nearly a year past the deadline for joinder of parties.  *See* Dkt. #23.

For the foregoing reasons, the Court GRANTS summary judgment on all of BBC's claims against Island Life.  The Court will now address Island Life's counterclaims against BBC.

### D.  Island Life's Lanham Act Counterclaims

Island Life moves for summary judgment on its counterclaims for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and trademark infringement under Washington state law, RCW 19.77.  Dkt. #46 at 8, 17.  The Court will first address Island Life's Lanham Act claims.

To prevail on an infringement claim under the Lanham Act, a party must prove: (1) the trademark is a valid, protectable trademark; (2) it owns the trademark; and (3) the opposing party used the trademark or a similar trademark without consent in a manner likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of goods.  *Lahoti v. VeriCheck, Inc.*, 586 F.3d 1190, 1196 (9th Cir. 2009).  The Court finds that as a matter of law, BBC's "BOK BOK" mark has infringed on Island Life's valid "Bok a Bok" mark.

#### 1.  *Validity and Ownership of "Bok a Bok" Mark*

The Court finds no material dispute that Island Life owns a valid trademark in "Bok a Bok."  Island Life has provided a certificate of registration of the mark, which serves as prima facie evidence of validity and ownership. 15 U.S.C.A. § 1057(b).  BBC does not dispute that the mark is registered with the U.S. Patent and Trademark Office, but instead argues that (a) Island Life obtained the registration for its trademark fraudulently; (b) the mark is "confusingly similar"

ORDER GRANTING IN PART DEFENDANT
ISLAND LIFE'S MOTION FOR PARTIAL
SUMMARY JUDGMENT
PAGE - 14

to the earlier "BOCBOC Chicken Delicious" registration; and (c) Island Life does not own the "Bok a Bok" mark. Dkt. #50 at 12-15, 19-20. The Court finds BBC's arguments unavailing.

First, BBC argues that Island Life's registration of "Bok a Bok" was procured through fraud and is therefore invalid. Dkt. #50 at 12 (citing 15 U.S.C. § 1064(3)). However, in its Complaint and Answer to counterclaims, the only basis BBC provided for cancelling the "Bok a Bok" mark's registration was likelihood of confusion with the "BOCBOC Chicken Delicious" mark under 15 U.S.C. § 1052(d). *See* Dkt. #1 at ¶ 66; Dkt. #24 at ¶ 2. BBC did not plead any fraud claim in its original complaint nor in its answer to Island Life's counterclaims, and the Court will not consider it now. *Baden Sports, Inc. v. Molten*, No. C06-210-MJP, 2007 WL 2056402, at *12 (W.D. Wash. July 16, 2007) ("A party cannot amend its pleadings through arguments in an opposition brief to a motion for summary judgment.").

BBC also reiterates its argument that Island Life's "Bok a Bok" registration is invalid and should be cancelled because of its confusing similarity to the "BOCBOC Chicken Delicious" mark. Dkt. #50 at 20. This argument fails given the Court's determination, *supra*, that there is no "likelihood of confusion" with "BOCBOC Chicken Delicious" that would render the "Bok a Bok" mark's registration invalid.

Finally, BBC provides screenshots from Internet searches conducted by counsel for BBC that purportedly show that the owners of the Seattle "Bok a Bok" restaurants are not Island Life, but instead Bok World, LLC, Neumo's, Bok a Bok Chicken, Bok a Bok Fried Chicken, and Bok A Bok Fried Chicken & Biscuits. Dkt. #50 at 3-4; Dkt. #51 at ¶¶ 2, 4-6; Dkt. #52 at ¶¶ 7-8. Viewing these screenshots in the light most favorable to BBC, they do not raise a material dispute of fact regarding Island Life's ownership and use of the "Bok a Bok" mark. Instead, BBC's points

address the ownership structure of various "Bok a Bok" restaurants, including the names of different legal entities owned by Mr. Prindle and Mr. O'Connor. BBC describes this ownership structure as "a thinly veiled attempt to bootstrap the restaurants," Dkt. #50 at 12, yet it provides no legal basis for why Mr. Prindle and Mr. O'Connor's decision to open the restaurants under affiliated entities would invalidate Island Life's ownership of the "Bok a Bok" mark. Indeed, the Island Life LLC agreement expressly grants Mr. Prindle and Mr. O'Connor the power to take actions on behalf of Island Life. Dkt. #52-12 at 9.

### 2. Use of "BOK BOK" Likely to Cause Confusion

Although BBC filed this action against Island Life on the basis that confusion existed between the "BOCBOC Chicken" and "Bok a Bok" marks, *see generally* Dkt. #1, BBC denies any likelihood of confusion between its unregistered "BOK BOK" logo and the Washington "Bok a Bok" mark. Dkt. #50 at 9; *see also* Dkt. #24 at ¶ 12.

As analyzed above with respect to BBC's cancellation claim, courts determine "likelihood of confusion" based on the eight *Sleekcraft* factors. *See Sleekcraft Boats*, 599 F.2d at 348–54. The fact-intensive nature of the *Sleekcraft* inquiry cautions against summary judgment, but courts find likelihood of confusion as a matter of law when the factors establish a "powerful case" that confusion is likely. *Stone Creek*, 875 F.3d at 432. Here, the Court finds that evidence of actual confusion and BBC's intent to expand its restaurants nationwide create a "powerful case" for likelihood of confusion that warrants summary judgment for Island Life.

### i. Similarity of the Marks

No reasonable juror could find that "BOK BOK" is dissimilar to "Bok a Bok". The terms are identical, with the exception of the letter "a". Courts regularly find likelihood of confusion

where two marks are phonetic equivalents with only a one or two letter difference. *See, e.g.,*

*Synoptek, LLC*, 309 F.Supp.3d at 837 (Finding "Synoptek" and "Synaptek" "virtually

indistinguishable"). This finding favors Island Life.

## ii. Relatedness of the Goods

Related goods or services are generally considered more likely to confuse the public as to

the source of the goods. *Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1147 (9th Cir. 2002).

Relatedness is measured by whether the products are (1) complementary; (2) sold to the same

class of purchasers; and (3) similar in use and function. *Network Automation, Inc. v. Advanced

Sys. Concepts, Inc.*, 638 F.3d 1137, 1150 (9th Cir. 2011). Both companies operate in the food

services industry. However, "BOK BOK" specializes in Mediterranean food while "Bok a Bok"

sells Korean fried chicken. Although reasonable jurors may disagree about the relatedness of the

two cuisines and whether they appeal to the same market of consumers, BBC's assertion that both

restaurants operate "in the same channels of trade" strengthens this factor in Island Life's favor.

*See* Dkt. #1 at ¶ 26.

## iii. Strength of the Mark

A reasonable juror may find that the "Bok a Bok" mark is either descriptive or suggestive,

indicating that Island Life does not have a strong mark. Island Life contends that the "Bok a Bok"

mark is "unique, fanciful, distinctive, and has a secondary meaning (i.e., the sound a chicken

makes)." Dkt. #46 at 12. However, fanciful marks "consist of 'coined phrases' that also have no

commonly known connection with the product at hand." *Id.* at 632. Like "BOCBOC Chicken

Delicious," the "Bok a Bok" mark is directly connected to the product sold, i.e. fried chicken.

Accordingly, this factor weighs against summary judgment for Island Life.

iv. Evidence of Actual Confusion

Incidents of actual confusion are strong evidence of likelihood of confusion. *See Rodeo Collection v. West Seventh,* 812 F.2d 1215, 1219 (9th Cir. 1987). BBC argues that this factor only applies to confusion by consumers. Dkt. #50 at 9. However, the Ninth Circuit is clear that when analyzing this factor, courts may consider whether merchants and non-purchasing members of the public were confused. *Surfvivor Media, Inc.*, 406 F.3d at 633; *see also Karl Storz Endoscopy Am., Inc. v. Surgical Techs., Inc.*, 285 F.3d 848, 854 (9th Cir. 2002) (Amendments to Lanham Act specifically struck language limiting scope of Act to confusion by "purchasers") (citing *Payless Shoesource, Inc. v. Reebok Int'l Ltd.,* 998 F.2d 985, 989 (Fed.Cir.1993)).

There is no dispute of fact that BBC's use of its unregistered "BOK BOK" logo in Nevada has caused confusion for Island Life's "Bok a Bok." Unlike "BOCBOC Chicken Delicious," which operated for years without evidence of confusion with "Bok a Bok," BBC created an online presence for the Nevada "BOK BOK" that has led to actual confusion. Potential employees have emailed employment applications to the wrong company, Dkt. #28 at ¶ 10, marketers and vendors have emailed advertising materials and offers to the Washington "Bok a Bok" that were intended for the Nevada "BOK BOK," Dkt. #28-5, and a local Las Vegas food journalist wrote a story mistakenly stating that Seattle's "Bok a Bok" was coming to Las Vegas. *Id.* at 10. Based on these incidents of actual confusion, no reasonable juror could find no likelihood of ongoing confusion.

v. Marketing Channels Used

"Convergent marketing channels increase the likelihood of confusion." *Sleekcraft Boats,* 599 F.2d at 353. It appears that both parties maintain an active Internet presence, including their own websites, Instagram, and Facebook accounts, which has led to misdirected emails from

ORDER GRANTING IN PART DEFENDANT
ISLAND LIFE'S MOTION FOR PARTIAL
SUMMARY JUDGMENT
PAGE - 18

marketers, vendors, and potential employees. *See* Dkt. #28-5. Also, "when the 'general class' of purchasers of the parties' respective products is the same, confusion is more likely." *Id.* BBC admits that both restaurant chains operate "in the same channels of trade," Dkt. #1 at ¶ 26, which suggests that their general class of purchasers are the same. Therefore, a reasonable juror would find that this factor weighs in favor of Island Life.

### vi. Degree of Consumer Care

As analyzed above with respect to "BOCBOC Chicken," no reasonable juror could find that the average purchaser of a fast food meal would exercise a high degree of care in selecting their meal. This factor therefore also favors Island Life.

### vii. BBC's Intent in Adopting "BOK BOK"

Neither party has produced evidence regarding BBC's intentions when it selected its company name and developed the yellow "BOK BOK" logo. There is no indication BBC made a conscious attempt to confuse when it created the mark, so this factor weighs in favor of BBC.

### viii. Likelihood of Expansion

Unlike "BOCBOC Chicken", which operates on the opposite coast, reasonable jurors may disagree about whether Nevada is sufficiently far from Washington so as to minimize consumers' confusion between the two. However, BBC has reiterated its intention to expand its restaurant chain nationwide—including into California and Washington. Dkt. #29 at 1; Dkt. #50 at 19. Accordingly, this factor weighs strongly in favor of Island Life.

### ix. Overall Analysis

In contrast to "BOCBOC Chicken Delicious," the *Sleekcraft* factors applied to BBC's use of "BOK BOK" create a powerful case of likelihood of confusion with "Bok a Bok." Here, both

ORDER GRANTING IN PART DEFENDANT
ISLAND LIFE'S MOTION FOR PARTIAL
SUMMARY JUDGMENT
PAGE - 19

companies use online marketing, and actual confusion by merchants and vendors occurred even before BBC opened its first restaurant. BBC also plans to expand "BOK BOK" nationwide, which further increases the likelihood of confusion. The Court is also strongly persuaded by the fact that this action stems from Island Life and BBC's mutual acknowledgment that the opposing party's use of its mark threatens its own business.

Accordingly, the Court finds no material dispute as to the likelihood of confusion between the marks. The Court likewise finds no material dispute that "Bok a Bok" is a valid, protectable trademark owned by Island Life. The same likelihood of confusion under the *Sleekcraft* factors for trademark infringement claims under the Lanham Act also applies to unfair competition claims. *See* 15 U.S.C. § 1125(a)(1)(A). The Court therefore GRANTS summary judgment on Island Life's Lanham Act counterclaims for trademark infringement and unfair competition under 15 U.S.C. §§ 1114, 1125(a).

### E. Island Life's Counterclaim under RCW 19.77

Island Life also seeks summary judgment on its counterclaim for trademark dilution under Washington state law, RCW 19.77. Dkt. #46 at 17. For the following reasons, the Court DENIES summary judgment on Island Life's state law claim under RCW 19.77.

The Washington dilution statute is identical to the federal dilution statute under 15 U.S.C. § 1125(c)(2)(A). *Nautilus Grp., Inc, v, Icon Health & Fitness, Inc.*, No. C02-2420-RSM, 2006 WL 3761367, at *5 (W.D. Wash. Dec. 21, 2006) (citing RCW 19.77.160(1) and 19.77.010(6)). To prevail on a trademark dilution claim, a plaintiff must show: "(1) the mark is famous and distinctive; (2) the defendant is making use of the mark in commerce; (3) the defendant's use began after the mark became famous; and (4) the defendant's use of the mark is likely to cause

dilution by blurring or dilution by tarnishment." *New Flyer Indus. Canada ULC v. Rugby Aviation, LLC*, No. C18-299-RSL, 2019 WL 4167014, at *11 (W.D. Wash. Sept. 3, 2019) (internal citation omitted).

A material dispute of fact remains as to whether the "Bok a Bok" mark enjoys the requisite recognition within Washington to prevail on a dilution claim. Trademark dilution is a cause of action "invented and reserved for a select class of marks—those marks with such powerful consumer associations that even non-competing uses can impinge their value." *Thane Int'l, Inc. v. Trek Bicycle Corp.*, 305 F.3d 894, 907 (9th Cir. 2002) (internal quotations omitted). To determine whether a mark is famous and distinctive, a court may consider factors such as the degree or acquired distinctiveness of the mark in Washington, the extent of advertising and publicity, the geographical extent of the trading area, and the degree of recognition of the mark in trading areas and channels of trade. RCW 19.77.160(1). Here, Island Life has not offered evidence of the volume of sales nor the geographic reach of its advertising and publicity. A material dispute of fact therefore remains as to whether the "Bok a Bok" mark may be considered "famous" or "distinctive" under RCW 19.77.160(1).

Accordingly, the Court DENIES summary judgment on Island Life's state trademark dilution counterclaim under RCW 19.77.

## IV.    PERMANENT INJUNCTION

Island Life requests entry of a permanent injunction, Dkt. #46 at 22, but parties have not addressed the issue. The Court found that Island Life would likely suffer substantial and irreparable harm unless it enjoined BBC from expanding into western Washington for the pendency of litigation. Dkt. #37 at 8. However, to obtain a permanent injunction in a trademark

ORDER GRANTING IN PART DEFENDANT
ISLAND LIFE'S MOTION FOR PARTIAL
SUMMARY JUDGMENT
PAGE - 21

infringement action, a plaintiff must show "actual irreparable harm" warranting the equitable relief. *Herb Reed Enters., LLC v. Fla. Entm't Mgmt.*, 736 F.3d 1239, 1249 (9th Cir. 2013).

Island Life has provided evidence of ongoing confusion between the marks in support of its Lanham Act claims, but the Court is uninformed as to what irreparable harm—such as lost customers, goodwill, or reputation—Island Life has suffered as a result of the confusion. The Court is likewise uninformed as to the balance of hardships that might afflict both parties following the grant or denial of the permanent injunction, which would affect how broadly the Court tailors the scope of the remedy. For these reasons, the Court will not address the issue of a permanent injunction at this time.

## V.    ATTORNEY'S FEES

Finally, Island Life seeks an award of attorney's fees. Under the Lanham Act, an award of attorney's fees is within the district court's discretion. 15 U.S.C. § 1117(a) ("The court in exceptional cases *may* award reasonable attorney fees to the prevailing party.") (emphasis added). A trademark infringement case is deemed "exceptional" if the acts constituting the infringement were willful, deliberate, knowing, or malicious. *Earthquake Sound Corp. v. Bumper Industries*, 352 F.3d 1210, 1216 (9th Cir. 2003). However, the Ninth Circuit has recognized that "other exceptional circumstances" may also warrant a fee award. *Stephen W. Boney, Inc. v. Boney Servs., Inc.*, 127 F.3d 821, 826 (9th Cir. 1997).

The Court finds this an exceptional case warranting an award of attorney's fees for Island Life. BBC was aware that it had no legitimate trademark for its infringing "BOK BOK" logo. However, rather than avoid the costs of litigation by changing its name before opening its first restaurant, BBC made a misguided attempt to acquire the "BOCBOC Chicken Delicious" mark

so it could continue using its untrademarked "BOK BOK" logo. BBC's decision to initiate this action against Island Life while continuing to use its untrademarked logo makes this an "exceptional case" under § 1117. *See Bumper Indus.*, 352 F.3d at 1219 (Upholding district court award of attorney's fees where issue "not necessarily one of bad faith: willful or deliberate infringement will suffice."). The Court therefore grants Island Life an award of attorney's fees upon conclusion of the case.

## VI.    CONCLUSION

Having reviewed the relevant briefing, attached declarations, and the remainder of the record, the Court hereby finds and ORDERS:

1.    Defendant Island Life's Motion for Partial Summary Judgment, Dkt. #46, is GRANTED IN PART as set forth above.

2.    Plaintiff BBC's claims are DISMISSED.

3.    <u>No later than twenty-one (21) days from the date of this Order</u>, parties shall submit a Joint Status Report as to the remaining issues before the Court.

4.    At the conclusion of this case, Island Life shall file a Motion for Attorney's Fees, noting it for consideration pursuant to this Court's Local Rules. The motion shall be supported by documentary evidence reflecting the amount of fees sought and the appropriate hourly rate, and shall include argument as to the authority upon which such fees may be granted and why such fees are reasonable. BBC shall file any Response in accordance with the Local Rules, and Island Life may file a Reply in accordance with the same.

//

//

ORDER GRANTING IN PART DEFENDANT
ISLAND LIFE'S MOTION FOR PARTIAL
SUMMARY JUDGMENT
PAGE - 23

Dated this 20th day of September 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE