UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BBC GROUP NV LLC, a Nevada Limited Liability Company,<br><br>    Plaintiff,<br>    Counterclaim Defendant,<br><br>    v.<br><br>ISLAND LIFE RESTAURANT GROUP LLC, *et al.*,<br><br>    Defendants,<br>    Counterclaim Plaintiffs. | Case No. C18-1011 RSM<br><br>ORDER DENYING COUNTERCLAIM PLAINTIFF ISLAND LIFE'S MOTION FOR RECONSIDERATION |

## I.    INTRODUCTION

This matter comes before the Court on Counterclaim Plaintiff Island Life Restaurant Group, LLC ("Island Life")'s Motion for Reconsideration. Dkt. #66. On September 20, 2019, this Court granted in part Island Life's Motion for Partial Summary Judgment. Dkt. #65. Island Life now asks the Court to reconsider its decision to reserve judgment on the permanent injunction issue. The Court has determined that response briefing from Counterclaim Defendant BBC GROUP NV LLC ("BBC") is unnecessary. *See* Local Rules W.D. Wash. LCR 7(h)(3).

## II. BACKGROUND

In its previous Order, this Court dismissed all of BBC's claims against Island Life. The Court granted summary judgment on Island Life's counterclaims under the Lanham Act, 15 U.S.C. §§ 1114, 1125, and declined to address the issue of a permanent injunction without further briefing from the parties. *See* Dkt. #65 at 22. Island Life now requests reconsideration solely on the permanent injunction issue. Dkt. #66 at 1.

## III. DISCUSSION

### A. Legal Standard

"Motions for reconsideration are disfavored." Local Rules W.D. Wash. LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*.

### B. Island Life's Motion

As an initial issue, this district's local rules require that motions for reconsideration not exceed six pages. *See* Local Rules W.D. Wash. LCR 7(e)(1). On this basis alone, the Court's review is properly limited to the first six pages of Island Life's motion.

Moreover, Island Life has misread the Court's previous order. Island Life appears to argue manifest error by the Court in its prior ruling and asks for reconsideration of its decision "in which it denied a permanent injunction in favor of Island Life." Dkt. #66 at 1. The Court did not deny Island Life's request for a permanent injunction. Rather, it reserved ruling on the issue before receiving further briefing from the parties:

> Island Life has provided evidence of ongoing confusion between the marks in support of its Lanham Act claims, but the Court is uninformed as to what irreparable harm—such as lost customers, goodwill, or reputation—Island Life has suffered as a result of the confusion. The Court is likewise uninformed as to the balance of hardships that might afflict both parties following the grant or denial of the

permanent injunction, which would affect how broadly the Court tailors the scope of the remedy. *For these reasons, the Court will not address the issue of a permanent injunction at this time.*

Dkt. #65 at 22 (emphasis added). The Court finds it necessary to clarify that any remaining issues in this case—including the appropriateness and geographic scope of a permanent injunction against BBC—should be identified in parties' Joint Status Report due on October 11, 2019. *See* Dkt. #65 at 23 ("No later that twenty-one (21) days from the date of this Order, parties shall submit a Joint Status Report as to the remaining issues before the Court."). At that point, the Court may order supplemental briefing, schedule a hearing, or take any other action that the Court deems appropriate to resolve the remaining disputes in this matter.

Turing to the merits of Island Life's Motion, Island Life requested entry of a permanent injunction before parties had briefed the issue. *See* Dkt. #46 at 22. Island Life now uses this Motion for Reconsideration to provide specific evidence of irreparable harm resulting from confusion between the marks and BOK BOK's rapid expansion across California and Nevada. *See* Dkt. #6 at 5-6. Such arguments are not properly raised in a Motion for Reconsideration. *See Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) ("A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time . . . .") (emphasis in original). More importantly, the Court has not ruled on the permanent injunction issue. Island Life will have the opportunity to address this issue in supplemental briefing or other means as requested by the Court after review of parties' Joint Status Report.

For the reasons set forth above, the Court DENIES Island Life's Motion.

## IV. CONCLUSION

Having reviewed Island Life's Motion, the relevant briefing, and the remainder of the record, the Court hereby finds and ORDERS that Counterclaim Plaintiff's Motion for Reconsideration (Dkt. #66) is DENIED.

DATED this 4th day of October 2019.

_____
RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE