UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BBC GROUP NV LLC, a Nevada Limited Liability Company,<br><br>Plaintiff,<br>Counterclaim Defendant,<br><br>v.<br><br>ISLAND LIFE RESTAURANT GROUP LLC, *et al.*,<br><br>Defendants,<br>Counterclaim Plaintiffs. | Case No. C18-1011-RSM<br><br>ORDER DENYING PLAINTIFF BBC GROUP NV LLC'S MOTION FOR RECONSIDERATION |

## I.  INTRODUCTION

This matter comes before the Court on Plaintiff BBC Group NV LLC (BBC)'s Motion for Reconsideration. Dkt. #71. On September 20, 2019, this Court granted in part Defendant Island Life Restaurant Group ("Island Life")'s Motion for Partial Summary Judgment. Dkt. #65. BBC now moves the Court to reconsider its decision. The Court has determined that response briefing from Island Life and oral argument is unnecessary to resolve the underlying issues. *See* Local Rules W.D. Wash. LCR 7(h)(3).

## II. BACKGROUND

In its previous Order, this Court dismissed all of BBC's claims against Island Life and granted summary judgment on Island Life's counterclaims under the Lanham Act, 15 U.S.C. §§ 1114, 1125. Dkt. #65 at 2. In dismissing BBC's claims, the Court found that BBC had failed to acquire the rights to "BOCBOC Chicken Delicious" through assignment because no reasonable juror could find that restaurant services and menu selection at "BOK BOK" and "BOCBOC Chicken Delicious" were substantially similar. *Id.* at 6-7. Without a valid assignment of the "BOCBOC" mark, BBC had no basis for its infringement and unfair competition claims against Island Life. *Id.* at 8.

The Court also found that as a matter of law, no likelihood of confusion existed between the Washington state "Bok a Bok" mark and the New York "BOCBOC Chicken Delicious" mark that would render Island Life's "Bok a Bok" mark invalid. *Id.* at 8-9. The Court determined that no reasonable juror could find likelihood of confusion where two restaurants have operated for several years in geographically distant regions without any evidence of confusion. *Id.* at 10.

BBC now requests reconsideration based on "new evidence" obtained from the September 13, 2019 depositions of Island Life owners Alex Prindle and Brian O'Connor and a declaration dated October 4, 2019 from BBC's Chief Executive Officer, Jacob Tchamanian. *See* Dkts. #72, #73. BBC claims that the new evidence raises a material dispute of fact as to the validity of the "BOCBOC" assignment to BBC and the likelihood of confusion between "BOCBOC Chicken Delicious" and "Bok a Bok."

## III. DISCUSSION

### A. Legal Standard

"Motions for reconsideration are disfavored." Local Rules W.D. Wash. LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the

prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id.*

**B. Improper Use of Motion for Reconsideration**

The majority of BBC's Motion does not argue manifest error by the Court nor identify a change in the controlling law. Instead, BBC submits deposition testimony as "new evidence" compelling the Court to reverse its previous ruling. For reconsideration of a summary judgment motion, "evidence is not 'newly discovered' if at the time of summary judgment, it 'could have been discovered with reasonable diligence.'" *Rohr, Inc. v. UPS-Supply Chain Sols., Inc.*, 939 F. Supp. 2d 1041, 1054 (S.D. Cal. 2013) (quoting *Wallis v. J.R. Simplot Co.,* 26 F.3d 885, 892 n. 6 (9th Cir.1994)).

BBC offers no explanation for why it waited until September 2020 to depose Alex Prindle and Brian O'Connor. *See* Dkt. #72 at ¶¶ 4-5. Even less clear is why BBC waited until now to provide a declaration from its own Chief Executive Officer, Mr. Tchamanian, that describes its efforts to expand "BOCBOC Chicken Delicious" to Las Vegas and California. *See* Dkt. #73 at ¶¶ 4-7. On this basis alone, reconsideration is improper.

Moreover, the Court finds BBC's characterization of its Motion for Reconsideration misleading. The information now offered to the Court is not just "new evidence" but entirely new arguments. BBC previously disputed—and the Court resolved—the issue of whether the "BOK BOK" and "BOCBOC Chicken Delicious" restaurants were substantially similar so as to transfer goodwill. *See* Dkt. #50 at 17-18. The Court found against BBC and declared the assignment invalid. Dkt. #65 at 7. Now, BBC abandons this argument in favor of a newly-stated plan to open food trucks and/or restaurants under the "BOCBOC Chicken Delicious" name and serve Korean fried chicken. BBC also previously argued that no confusion existed between "BOK BOK" and "Bok a Bok" because Island Life "has no presence in the Nevada market" and

its activities "were and are limited to the Washington area," Dkt. #50 at 9. Now, to show likelihood of confusion between "Bok a Bok" and "BOCBOC Chicken Delicious," BBC argues the opposite: that Island Life plans to rapidly expand the "Bok a Bok" mark nationwide. Dkt. #71 at 5.

Accordingly, BBC has improperly used this Motion as a means to revise its earlier arguments, and Island Life is prejudiced by its inability to respond. *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) ("A Rule 59(e) motion may *not* be used to raise arguments . . . when they could reasonably have been raised earlier in the litigation.") (emphasis in original). On this basis alone, BBC's motion should be denied. *See Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) ("Whether or not to grant reconsideration is committed to the sound discretion of the court.").

**C. Merits of BBC's Motion**

Even if the Court finds that BBC properly presented the evidence, it would have no effect on the outcome of this case. First, BBC's Motion makes clear that the assignment of the "BOCBOC Chicken Delicious" mark remains an assignment in gross. Although BBC claims that it plans to open restaurants or food trucks under the "BOCBOC Chicken Delicious" name and sell the same food sold in the New York and New Jersey food courts, it admits that it will take "roughly 3 months" from now until this plan can be implemented. Dkt. #71 at 4. Mr. Tchamanian's representations do not change the Court's finding that the "BOCBOC Chicken Delicious" assignment is invalid as a matter of law.

In addition, the deposition testimony from Mr. Prindle and Mr. O'Connor does not convince the Court that a reasonable juror could find likelihood of confusion between "BOCBOC Chicken Delicious" and "Bok a Bok." BBC claims that the deposition testimony shows Island

Life's intent to expand across the country, including the East Coast. Dkt. #71 at 5. However, Mr. Prindle's deposition plainly states the opposite: "[A]gain, we don't have any actual plans [for expansion]." Dkt. #72-2 at 2. He clarifies that "Bok a Bok" would *like* to expand to Tacoma and Portland, and possibly head eastward. *Id.* at 2-3. He also mentions that a third-party licensing company "based out of the East Coast" expressed interest in opening Bok a Boks "around the country." *Id.* at 6-7. Mr. O'Connor's deposition states the same—Island Life has worked with a third-party company that hopes to franchise Bok a Bok, but confirms "they haven't done anything with that as of yet . . . ." Dkt. #72-4 at 3. None of these statements indicate actual plans by Island Life to expand "Bok a Bok" outside of Washington state, let alone as far as the East Coast. For that reason, they do not change the Court's determination that no reasonable juror could find likelihood of confusion between the "Bok a Bok" and "BOCBOC Chicken Delicious" marks.

BBC also claims that Mr. Prindle's deposition "admitted actual confusion" between the Washington and New York marks. Dkt. #71 at 2. However, the statement referenced by BBC is only Mr. Prindle's acknowledgment that the two marks are similar. *Id.* at 3 (citing Dkt. #72-1 at 103, 107-09). This statement does not show "actual confusion" by customers, merchants, or other members of the public. Moreover, since the Court has already acknowledged the similarity between the two marks, Mr. Prindle's statement does not change the Court's analysis. *See* Dkt. #65 at 9 ("There is no dispute that the "Bok a Bok" and "BOCBOC Chicken Delicious" marks are similar and refer to related products").

Finally, BBC argues that the Court erred in finding likelihood of confusion between BBC's unregistered "BOK BOK" mark and Island Life's "Bok a Bok" mark. Dkt. #71 at 6-7. BBC specifically challenges the Court's finding that confusion by merchants and non-purchasing members of the public may count as "actual confusion," and argues that courts in the Ninth Circuit "discourage giving non-purchasers significant weight." *Id.* at 6. The Court finds no manifest

error warranting reconsideration. Courts in the Ninth Circuit have considered confusion by vendors, advertisers, and other non-purchasers to be evidence of actual confusion. Dkt. #65 at 18 (citing *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 633 (9th Cir. 2005); *see also Karl Storz Endoscopy Am., Inc. v. Surgical Techs., Inc.*, 285 F.3d 848, 854 (9th Cir. 2002)). Moreover, the Court reached its conclusion based on a number of factors—not just "actual confusion" between the marks. *See* Dkt. #65 at 19-20. Accordingly, BBC has not shown manifest error by the Court.

## IV. CONCLUSION

Having reviewed BBC's Motion, the relevant briefing, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff BBC's Motion for Reconsideration, Dkt. #71, is DENIED.

DATED this 8 day of October, 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE