UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BBC GROUP NV LLC, a Nevada Limited Liability Company,<br><br>Plaintiff,<br>Counterclaim Defendant,<br><br>v.<br><br>ISLAND LIFE RESTAURANT GROUP LLC, *et al.*,<br><br>Defendants,<br>Counterclaim Plaintiffs. | Case No. C18-1011 RSM<br><br>ORDER DENYING COUNTERCLAIM PLAINTIFF ISLAND LIFE'S MOTION FOR RECONSIDERATION |

## I. INTRODUCTION

This matter comes before the Court on Counterclaim Plaintiff Island Life Restaurant Group, LLC ("Island Life")'s Motion for Reconsideration. Dkt. #90. On December 6, 2019, this Court granted in part Island Life's Motion for Permanent Injunction. Dkt. #84. Island Life now asks the Court to reconsider its decision. The Court has determined that response briefing from Counterclaim Defendant BBC GROUP NV LLC ("BBC") is unnecessary. *See* Local Rules W.D. Wash. LCR 7(h)(3).

ORDER DENYING COUNTERCLAIM PLAINTIFF ISLAND
LIFE'S MOTION FOR RECONSIDERATION - 1

## II. BACKGROUND

A full background of this case is not necessary for the purposes of this Motion. In its previous Order, the Court permanently enjoined BBC from using the unregistered "BOK BOK" mark, or any variation or derivative of that spelling, in Washington state or as part of a domain name, email account, or social media handle. Dkt. #84 at 12.

Island Life now requests reconsideration as to the geographic scope of the permanent injunction, arguing that the Court should have issued a nationwide injunction instead of limiting it to Washington. Dkt. #90 at 2-4. Island Life also requests reconsideration of the Court's decision not to issue an injunction that would bar BBC from acquiring the third-party "BOCBOC Chicken Delicious" mark from Mr. Guang Li. *Id.* at 5-7.

## III. DISCUSSION

### A. Legal Standard

"Motions for reconsideration are disfavored." Local Rules W.D. Wash. LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*.

Island Life argues that this Court committed manifest error by (1) limiting the geographic scope of the injunction to Washington state; and (2) declining to enjoin BBC from obtaining a licensing agreement for the "BOCBOC Chicken Delicious" mark. Dkt. #90 at 2-7. The Court will address each argument in turn.

### B. Geographic Scope of Permanent Injunction

First, Island Life argues that the Court erred in limiting the geographic scope of the injunction to Washington state. Island Life contends that an injunction restricted to Washington is a "*per se* abuse of discretion" because it fails to make BBC's willful trademark infringement

unprofitable and fails to adequately protect Island Life. Dkt. #90 at 3. In support of its argument, Island Life relies on the language of Section 1116 of the Lanham Act, which provides a court with the "power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office." 15 U.S.C. § 1116(a)). Island Life also relies on two Ninth Circuit cases discussing the purpose of the Lanham Act and proper judicial remedies. Dkt. #90 at 2-3. *See Playboy Enterprises, Inc. v. Baccarat Clothing Co.*, 692 F.2d 1272, 1275 (9th Cir. 1982) ("In addition to the harm caused the trademark owner, the consuming public is equally injured by an inadequate judicial response to trademark infringement."); *see also Maier Brewing Co. v. Fleischmann Distilling Corp.*, 390 F.2d 117, 122–23 (9th Cir. 1968) ("[T]he courts must, as was recognized in the legislative history of the [Lanham] Act quoted above, make acts of trade-mark infringement, or at the very least acts of deliberate trade-mark piracy, unprofitable.").

Under Island Life's reasoning, the fact that it prevailed on its infringement claim automatically entitles it to a nationwide injunction regardless of whether it can show actual harm. However, Island Life's argument was foreclosed by the 2013 *Herb Reed* decision, wherein the Ninth Circuit stated: "*[A]ctual irreparable harm must be demonstrated* to obtain a permanent injunction in a trademark infringement action . . . [g]one are the days when once the plaintiff in an infringement action has established a likelihood of confusion, it is ordinarily presumed that the plaintiff will suffer irreparable harm if injunctive relief does not issue." *Herb Reed Enterprises, LLC v. Fla. Entm't Mgmt., Inc.*, 736 F.3d 1239, 1249–50 (9th Cir. 2013) (emphasis added) (internal quotations omitted). *See also LG Corp. v. Huang*, 2017 WL 476539, at *11 (S.D. Cal. Feb. 6, 2017) ("Although irreparable harm was once presumed in meritorious trademark infringement actions, irreparable harm now must be demonstrated to obtain a permanent

injunction in a trademark infringement action.") (internal quotations omitted); *Anhing Corp. v. Thuan Phong Co. Ltd.*, 2015 WL 4517846, at *5 (C.D. Cal. July 24, 2015) ("A district court may not assume irreparable harm merely upon a showing of infringement."). Island Life provides no case law holding otherwise. On the contrary, it makes no mention of *Herb Reed* or any cases that followed it. On this basis alone, Island Life has failed to demonstrate manifest error in the Court's decision.

Next, Island Life argues that the Court's broad equity powers allow it to act preemptively before "specific damage has occurred in each specific state." Dkt. #90 at 4. It relies on case law discussing the power of courts to "go much farther both to give and withhold relief in furtherance of the public interest" when crafting equitable remedies. *Id.* at 3 (quoting *United States v. Coca-Cola Bottling Co. of Los Angeles*, 575 F.2d 222, 228 (9th Cir. 1978)). Similarly, it argues that the geographic scope is improperly narrow because it forces Island Life to repeatedly file suit any time BBC infringes on its trademark rights in the future. *Id.* at 4 (citing *T-Mobile USA, Inc. v. Terry*, 862 F. Supp. 2d 1121, 1133 (W.D. Wash. 2012)). In denying Island Life a nationwide injunction, Island Life argues, the Court has rendered Island Life's rights under the Lanham Act "meaningless and illusory" if BBC can "notoriously disregard the law and profit from violations . . . in every state except where specific damages have been shown." *Id.* (citing 15 U.S.C. §§ 1057(b); 1115(b)).

Again, Island Life's argument fails to even acknowledge the binding precedent set forth in *Herb Reed* requiring some showing of harm to obtain injunctive relief. Island Life invokes *Terry* in support of a nationwide injunction, but this 2012 case relies on a pre-*Herb Reed* standard for permanent injunctions in trademark infringement cases wherein success on the merits automatically entitled a party to equitable relief. *See Terry*, 862 F. Supp. 2d at 1133 ("[O]nce infringement is shown, irreparable injury is generally presumed in a trademark case."). Moreover,

in *Terry*, the court found irreparable harm on a nationwide scale that could only be remedied by a nationwide injunction. *Id.* (Finding that defendant's ability to sell T-Mobile's confidential and proprietary codes, SIM cards and Phones not just throughout the United States but "throughout the world" would make it impossible for T-Mobile to retrieve its infringing product).

Here, in contrast, Island Life demands that the Court "put Island Life back in the position it would have been in without the BBC's willful and deliberate violations" without adequately explaining what damages it has incurred that can only be rectified through equitable relief outside of Washington or online. Dkt. #90 at 3. In articulating the harm caused by BBC's actions, Island Life cited litigation costs yet "failed to adequately explain how monetary damages or attorney's fees would be insufficient to compensate for these damages." Dkt. #84 at 4. Similarly, in citing harm caused by vendor and customer confusion, Island Life offered no evidence indicating that such confusion outside of Washington or online has damaged or would foreseeably damage its business reputation or goodwill. *Id.* at 5, 7. Finally, when the Court questioned Island Life on its intention to expand its restaurants outside of Washington, Island Life failed to provide any specifics as to when or where this expansion might occur. *Id.* at 5. Given Island Life's persistent failure to provide any details as to the nature or timing of its alleged harm from infringement outside of Washington or online, the Court finds no manifest error in its decision to limit the scope of the permanent injunction.

**C. Acquisition of the Third-Party "BOCBOC Chicken Delicious" Mark**

Lastly, Island Life argues that the Court committed manifest error in declining to enjoin BBC from obtaining a licensing agreement from Mr. Li, the owner of the third-party "BOCBOC Chicken Delicious" mark. Dkt. #90 at 5. To foreclose the possibility of future conflict with BBC, Island Life asked the Court to prohibit BBC "from requesting or accepting from Mr. Li any

assistance in using the BOC BOC Chicken Delicious mark for any purpose relating to restaurants." Dkt. #77 at 18.

Island Life contends that because courts have broad equitable authority to "go much farther both to give and withhold relief in furtherance of the public interest than they are accustomed to go when only private interests are involved[,]" the Court erred in failing to address BBC's potential use of the third-party marks. Dkt. #90 at 5. (citing *Coca-Cola Bottling Co.*, 575 F.2d at 228) (internal quotations omitted). Through BBC's efforts to obtain licensing agreements and create confusion where none existed, Island Life argues that BBC is operating with unclean hands and should not be permitted under principles of equity to further its "unconscionable" scheme. *Id.* at 5-6. In support of such broad requested relief, which would affect non-party Mr. Li, Island Life invokes Rule 65(d) authorizing courts to craft injunctions that include "other persons who are in active concert or participation with" the offending party. *Id.* at 6 (citing Fed. R. Civ. P. 65(d)(2)(C)). Island Life also cites instances where courts enjoined behavior that was either unethical or contrary to public policy but not necessarily illegal. *See id.* at 6-7 (listing cases).

The Court finds no manifest error in its decision to deny Island Life the requested relief. While courts have broad discretion to fashion equitable remedies, this discretion is not unfettered. *See Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) ("[A]n injunction must be narrowly tailored 'to affect only those persons over which it has power,' and to remedy only the specific harms shown by the plaintiffs, rather than 'to enjoin all possible breaches of the law.'") (quoting *Zepeda v. INS*, 753 F.2d 719, 728 n.1 (9th Cir. 1983)). Here, Island Life's proposed remedy sought relief beyond the specific harms at issue in this action that were caused by BBC's use of the unlicensed "BOK BOK" mark. Instead, Island Life sought to also enjoin BBC from activity that is considered a "well-settled commercial practice", in an effort to preempt future

challenges to the "Bok a Bok" mark from BBC. *See E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1290 (9th Cir. 1992) ("[A]ssignment/license-back is a well-settled commercial practice.") (internal quotations omitted). Neither Rule 65(d) nor the cited cases, *see* Dkt. #90 at 6-7, support Island Life's proposition that appropriate equitable relief in a trademark infringement action requires not only enjoining use of the infringing mark, but also enjoining the acquisition of any third-party mark that could potentially create confusion with the infringed mark. Accordingly, the Court finds no manifest error in its decision denying the requested relief with respect to acquisition of the third-party "BOCBOC Chicken Delicious" mark.

For the reasons set forth above, the Court DENIES Island Life's Motion.

## IV. CONCLUSION

Having reviewed Island Life's Motion, the relevant briefing, and the remainder of the record, the Court hereby finds and ORDERS that Counterclaim Plaintiff's Motion for Reconsideration (Dkt. #90) is DENIED.

DATED this 19th day of December 2019.

_____
RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE