UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BBC GROUP NV LLC, a Nevada Limited Liability Company, <br><br> Plaintiff, <br> Counterclaim Defendant, <br><br> v. <br><br> ISLAND LIFE RESTAURANT GROUP LLC, *et al.*, <br><br> Defendants, <br> Counterclaim Plaintiffs. | Case No. C18-1011-RSM <br><br> ORDER RE: MOTIONS IN LIMINE |

## I. INTRODUCTION

This matter comes before the Court on Counter-Plaintiff Island Life Restaurant Group, LLC and co-owners Alex Prindle and Brian O'Connor (collectively, "Island Life")'s Motions in Limine. Dkt. #86. The Court has reviewed the motion and Counter-Defendant BBC Group NV LLC ("BBC")'s Response, Dkt. #93, Island Life's Reply, Dkt. #94, and all documents submitted in support thereof. These Motions are GRANTED, DENIED, AND DEFERRED as set forth below.

## II. LEGAL STANDARD

Parties may file motions in limine before or during trial "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2, 105 S. Ct. 460, 83 L.Ed. 2d 443 (1984). To resolve such motions, the Court is guided by Fed. R. Evid. 401 and 403. Specifically, the Court considers whether evidence "has any tendency to make a fact more or less probable than it would be without the evidence," and whether "the fact is of consequence in determining the action." Fed. R. Evid. 401. The Court may exclude relevant evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## III. CERTIFICATION AND SANCTIONS

As an initial matter, BBC argues that the Court should not consider Island Life's motions in limine and requests sanctions for Island Life's failure to confer with BBC prior to filing. Dkt. #93 at 2 (citing LCR 7(d)(4)). However, Island Life has provided declarations demonstrating its efforts to confer with lead counsel and local counsel for BBC prior to filing its motion. *See* Dkts. #95-1; #95-2. The Court finds that Island Life attempted to confer in good faith and will therefore consider Island Life's motion without issuing sanctions.

## IV. DISCUSSION

**A. Uncontested General Motions in Limine**

Island Life has proposed a number of general Motions in Limine which BBC does not oppose. Dkt. #86 at 4-5, Dkt. #93 at 10-11. Accordingly, the following unopposed Motions in Limine are GRANTED, wherein parties agree to:

1. Exclude evidence that any party was or was not insured;

2. Exclude non-testifying witnesses, other than the parties, from the courtroom during the testimony of other witnesses;

3. Provide the Court and each other notice before end-of-day of an expected testifying witness or deposition transcript to be introduced at trial;

4. Issues not preserved in a pretrial order or trial brief are eliminated from this action;

5. Exclude any reference to the filing of Island Life's motions in limine and the Court's rulings on the same;

6. Provide a copy of this Order on Island Life's motions in limine to all parties and witnesses in advance of testimony.

**B. Contested Motions in Limine**

Island Life has proposed several Motions in Limine related to BBC's dismissed claims against Island Life, to which BBC has objected. Dkt. #86 at 2-4, Dkt. #93 at 4-10. The Court addresses each of these motions, in turn, below.

1. <u>Evidence that Island Life violated the Lanham Act, infringed on the "BOCBOC Chicken Delicious" mark, or engaged in unfair competition.</u>

Island Life moves to exclude evidence "suggesting that Island Life violated the Lanham Act, infringed on its mark, or engaged in unfair competition." Dkt. #86 at 2. Island Life argues that because the Court has dismissed all of BBC's causes of action against Island Life, such evidence would be irrelevant to Island Life's claims against BBC and would likely confuse the jurors. *Id.* BBC responds that granting this motion would prevent BBC from introducing evidence related to its acquisition of the BOCBOC Chicken Delicious mark, which is relevant to its defense that it believed its use of the "BOK BOK" mark was protected. Dkt. #93 at 4.

The Court recognizes that BBC may not introduce evidence that supports its dismissed claims against Island Life if the evidence is not relevant or probative of BBC's defenses to Island Life's counterclaims. *See* Fed. R. Evid. 403. The Court agrees with Island Life that BBC may introduce evidence of its efforts to acquire "BOCBOC Chicken Delicious" without suggesting that Island Life violated any law. However, until actual evidence is offered, it is difficult for the Court to determine what evidence would solely support BBC's dismissed claims without relevance to its defenses. For that reason, the Court finds this Motion lacks sufficient detail to enable a ruling at this time. This Motion is DEFERRED.

2. Alter ego theory.

Island Life moves to exclude evidence "suggesting an alter ego theory to hold Alex Prindle and/or Brian O'Connor liable for any alleged acts or omissions taken on behalf of Island Life." Dkt. #86 at 2. Island Life argues that because the Court has dismissed all of BBC's causes of action against Island Life, such evidence would be irrelevant to Island Life's claims against BBC and would likely confuse the jurors. *Id.* BBC responds that evidence of Island Life's ownership structure, which would support its dismissed alter ego theory of liability against Island Life, is "extremely relevant" to damages calculations. Dkt. #93 at 4. It argues that the jury "needs to understand the corporate structure and who is involved in the case and who is not." *Id.*

The Court finds that evidence related to acts or omissions by Alex Prindle or Brian O'Connor, including Island Life's ownership structure, is not relevant to damages calculations given that Island Life has waived compensatory damages. *See* Dkt. #79. The jury has a sufficient understanding of who is involved in the case based on the parties listed for each side, and further information risks confusing the issues. This Motion is GRANTED.

3. Conspiracy by Island Life Co-Owners.

ORDER RE: MOTIONS IN LIMINE
PAGE - 4

1  Island Life moves to exclude evidence "evidence suggesting that Alex Prindle and/or Brian O'Connor engaged in some kind of conspiracy for any alleged acts or omissions taken on behalf of Island Life." Dkt. #86 at 2. Island Life argues that because the Court has dismissed all of BBC's causes of action against Island Life, such evidence would be irrelevant to Island Life's claims against BBC and would likely confuse the jurors. *Id.* BBC argues that Island Life has not kept appropriate records or book-keeping to separate its corporate entities, and the extent to which funds are intermingling and "who is owed what in damages" is relevant to the damages sought by Island Life. Dkt. #93 at 5.

Again, the Court finds that Island Life has waived compensatory damages. Any evidence related to Island Life's bookkeeping and alleged commingling of funds is not relevant to any claim or defense and risks confusing the issues. This Motion is GRANTED.

4. <u>BBC Claims against Island Life related to "BOCBOC Chicken Delicious" mark.</u>

Island Life moves to exclude evidence "that BBC has claims against Island Life based on any alleged interest in the BOC BOC Chicken Delicious mark." Dkt. #86 at 2. Island Life argues that because the Court has dismissed all of BBC's causes of action against Island Life, such evidence would be irrelevant to Island Life's claims against BBC and would likely confuse the jurors. *Id.* BBC responds that evidence related to its acquisition of the "BOCBOC Chicken Delicious" mark falls under this category but would be relevant to BBC's state of mind and intent in acquiring the mark in support of its defenses. Dkt. #93 at 5.

The Court recognizes that BBC may not introduce evidence that supports its dismissed claims against Island Life if the evidence is not relevant or probative of BBC's defenses to Island Life's counterclaims. *See* Fed. R. Evid. 403. However, until actual evidence is offered, it is difficult for the Court to determine what evidence would solely support BBC's dismissed claims

without relevance to its defenses. For that reason, the Court finds this Motion lacks sufficient detail to enable a ruling at this time. This Motion is DEFERRED.

5. Cancellation of "Bok a Bok" mark.

Island Life moves to exclude evidence "suggesting that Island Life's Bok a Bok mark should be cancelled." Dkt. #86 at 3. Island Life argues that because the Court has dismissed all of BBC's causes of action against Island Life, such evidence would be irrelevant to Island Life's claims against BBC and would likely confuse the jurors. *Id.* at 2.

BBC agrees that the issue of cancellation is not relevant to this trial. Dkt. #93 at 5. However, it contends that "evidence that BBC thought it had purchased the senior mark and had a valid belief and reason to open Bok Bok restaurants without interference from Island Life because Island Life's mark was headed for invalidity" should be allowed as relevant to showing BBC's state of mind and intent, which are related to its defenses and punitive damages. *Id.*

Again, the Court finds it difficult to determine what evidence would solely relate to the cancellation of the "Bok a Bok" mark without supporting BBC's state of mind to defend against Island Life's claims and punitive damages. For that reason, the Court finds this Motion lacks sufficient detail to enable a ruling at this time. This Motion is DEFERRED.

6. Island Life dishonesty in trademark application papers.

Island Life moves to exclude evidence "suggesting Island Life was dishonest in trademark application papers." Dkt. #86 at 3. Island Life argues that because the Court has dismissed all of BBC's causes of action against Island Life, such evidence would be irrelevant to Island Life's claims against BBC and would likely confuse the jurors. *Id.* at 2. BBC agrees to limiting evidence regarding Island Life's trademark application papers. Accordingly, this Motion is GRANTED.

7. Island Life business operations.

ORDER RE: MOTIONS IN LIMINE
PAGE - 6

1	     Island Life moves to exclude evidence "suggesting Island Life has not been properly run as a corporate entity." Dkt. #86 at 3. Island Life argues that because the Court has dismissed all of BBC's causes of action against Island Life, such evidence would be irrelevant to Island Life's claims against BBC and would likely confuse the jurors. *Id.* at 2. BBC responds that evidence related to the operation of Island Life as a corporate entity, including "the inner working of Island Life's structure and who is actually owed what money via damages," is relevant to any damages calculation. Dkt. #93 at 6.

     Again, the Court finds that because Island Life has waived compensatory damages, evidence related to Island Life's internal operations is not relevant to any claim or defense and risks confusing the issues. This Motion is GRANTED.

    8. <u>Island Life finances, taxes, compensation and distributions.</u>

     Island Life moves to exclude evidence "regarding Island Life's finances, payment of taxes, compensation, and distributions." Dkt. #86 at 3. Island Life argues that because the Court has dismissed all of BBC's causes of action against Island Life, such evidence would be irrelevant to Island Life's claims against BBC and would likely confuse the jurors. *Id.* at 2. BBC agrees that Island Life's waiver of compensatory damages should render this issue moot but contends that Island Life is still attempting to seek general damages despite its stipulation. Dkt. #93 at 6. Island Life maintains that it will not seek past lost profits or other damages requiring use of Island Life's financial records. Dkt. #94 at 4.

     Again, the Court finds that because Island Life has waived compensatory damages, evidence related to Island Life's finances, taxes, compensation and distributions is not relevant to any claim or defense and risks confusing the issues. This Motion is GRANTED.

    **C. Witness Questioning related to Island Life's Finances**

Island Life asks the Court to preclude BBC from interrogating witnesses about Island Life's finances on the basis that such evidence is irrelevant to the resolution of any claim or defense. Dkt. #86 at 3. BBC responds that it is "confused by the request" since Island Life still appears to seek compensatory damages based on its jury instructions and verdict form. Dkt. #93 at 7. Again, Island Life maintains that it has waived compensatory damages and will not seek "past lost profits or other damages that would require use of Island Life's financial records to support." Dkt. #94 at 4.

The Court finds that because Island Life has waived compensatory damages, questioning of witnesses related to Island Life's internal operations and finances is not relevant to any claim or defense and risks confusing the issues. This Motion is GRANTED.

**D. Jury Instruction**

Island Life also requests that the jury be instructed at the beginning of the case that Island Life has been held to have a protectable interest in the "Bok a Bok" mark, and that BBC has been found liable under the Lanham Act for trademark violations. Dkt. #86 at 4. BBC responds that it agrees to this jury instruction provided that other conditions be met. Dkt. #93 at 9.

The Court finds that such requests from parties are not properly before the Court as a motion in limine. Instead, they are properly submitted to the Court as part of parties' proposed jury instructions. *See* LCR 51. For that reason, this motion is DENIED as procedurally improper.

**E. Expert Witnesses**

Island Life also requests that BBC be precluded from offering any expert witness or testimony since it failed to provide that information as required under Fed. R. Civ. P. 26. Dkt. #86 at 4. BBC agrees and responds that both parties should be precluded from calling expert witnesses. Dkt. #93 at 10. This Motion is GRANTED. Because only Island Life moved to

exclude BBC's expert witness testimony, BBC's request is not properly before the Court. However, BBC is free to raise objections at trial.

### F. Testimony from Mr. Guang Li

Island Life also requests that the Court exclude "testimony about what Mr. Li has said or would say unless it comes from Mr. Li himself." Dkt. #86 at 4. This Motion is DEFERRED. Island Life is free to raise objections at trial.

## V. CONCLUSION

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Island Life's Motions in Limine, Dkt. #86, are GRANTED, DENIED AND DEFERRED as stated above.

DATED this 7 day of January, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE