UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BBC GROUP NV LLC, a Nevada Limited Liability Company,<br><br>   Plaintiff,<br>   Counterclaim Defendant,<br><br>   v.<br><br>ISLAND LIFE RESTAURANT GROUP LLC, *et al.*,<br><br>   Defendants,<br>   Counterclaim Plaintiffs. | Case No. C18-1011 RSM<br><br>ORDER RE: REMAINING ISSUES FOR TRIAL |

## I.   INTRODUCTION

This matter comes before the Court on Plaintiff BBC Group NV LLC ("BBC")'s Motion to Simplify Issues for Trial pursuant to parties' pre-trial conference held on January 7, 2020. Dkt. #99. Island Life Restaurant Group, LLC and co-owners Alex Prindle and Brian O'Connor (collectively, "Island Life") maintains that certain claims for damages remain for trial. Dkt. #101. Court finds oral argument unnecessary to resolve the issues. For the reasons set forth below, the Court finds that no triable issue remains as to Island Life's Washington Consumer Protection Act

ORDER RE: REMAINING ISSUES FOR TRIAL
PAGE - 1

("CPA") claim. With respect to damages, the only remaining triable issue is Island Life's claims for emotional distress damages suffered by Mr. Prindle and Mr. O'Connor as a result of BBC's infringement.

## II. BACKGROUND

A full background of this case is not necessary given this Court's previous orders in this matter. On September 20, 2019, the Court partially granted Island Life's motion for summary judgment and dismissed all of BBC's claims against Island Life. Dkt. #65. The Court found that, as a matter of law, BBC had not acquired the associated goodwill for the "BOCBOC Chicken Delicious" mark since the restaurant services and menu selection between the Nevada BOK BOK restaurants and the New York BOCBOC Chicken Delicious restaurants were not "substantially similar." *Id.* at 6-7. Accordingly, the Court held that BBC's assignment for the "BOCBOC Chicken Delicious" was invalid and that BBC had no licensed rights to the "BOCBOC Chicken Delicious" mark. The Court also granted summary judgment on Island Life's counterclaims against BBC for federal trademark infringement under the Lanham Act, 15 U.S.C. §§ 1114, 1125, finding that BBC's use of the unlicensed "BOK BOK" mark infringed on Island Life's "Bok a Bok" mark. *Id.* at 14. Finally, the Court awarded Island Life attorney's fees under 15 U.S.C. § 1117(a) for BBC's willful infringement. *Id.* at 22. The issue of damages remains for trial. On November 18, 2019, parties stipulated to Island Life's waiver of compensatory damages to resolve a discovery dispute related to Island Life's production of its financial records. Dkt. #79.

On December 6, 2019, after briefing and oral argument, the Court permanently enjoined BBC from using the unregistered "BOK BOK" mark, or any variation or derivative of that spelling, in Washington state or as part of a domain name, email account, or social media handle. Dkt. #84 at 12. The Court denied Island Life's request to enjoin BBC from future attempts to

license and use the "BOCBOC Chicken Delicious" mark and denied its request for a nationwide injunction against BBC. *Id.* at 10-12.

This case was originally set for a five-day jury trial starting January 13, 2020. On January 7, 2019, this Court held a pre-trial conference to clarify the remaining triable issues in this matter. Island Life identified two issues before the jury: (1) BBC's liability under the Washington Consumer Protection Act, RCW 19.86; and (2) non-compensatory damages for prevailing on its federal Lanham Act claims. To clarify what triable issues, if any, remain as to Island Life's CPA claims and damages, the Court ordered parties to submit briefing. Dkt. #97.

### III. DISCUSSION

Having reviewed parties' briefing, exhibits attached thereto, and the remainder of the record, the Court finds that Island Life has already prevailed as a matter of law on its Washington Consumer Protection Act ("CPA") claim and no issue remains for trial. Regarding Island Life's remedies, disgorgement of profits and attorney's fees are properly determined by the Court. Island Life has waived damages that would rely on its financial records for proof, which include lost business opportunities, lost goodwill and reputation, and remediation costs. Island Life's claims for emotional distress remain a triable issue for a jury. Finally, with only emotional distress damages remaining, Island Life has no basis for claiming punitive damages.

**A. Washington Consumer Protection Act Claim**

Courts have recognized that federal claims under the Lanham Act are "substantially congruous" to state claims under the CPA. *Safeworks, LLC v. Teupen Am., LLC*, 717 F.Supp.2d 1181, 1192 (W.D. Wash. 2010). However, a violation of the Lanham Act is not a per se violation of the CPA, and there are "exceptional circumstances" in which a party is found liable for federal trademark infringement but not deceptive or unfair competition under the CPA. *Nat'l Prod., Inc.*

ORDER RE: REMAINING ISSUES FOR TRIAL
PAGE - 3

*v. Arkon Res., Inc.*, 294 F. Supp. 3d 1042, 1049 (W.D. Wash. 2018), *aff'd,* 773 F. App'x 377 (9th Cir. 2019). To prevail on its CPA claim, Island Life must show: (1) an unfair or deceptive act or practice; (2) occurring in the conduct of trade or commerce; (3) affecting the public interest; (4) injuring its business or property; and (5) a causal link between the unfair or deceptive act and the injury suffered. *Lahoti v. Vericheck, Inc.*, No. C06-1132JLR, 2007 WL 2570247, at *9 (W.D. Wash. Aug. 30, 2007), *aff'd*, 586 F.3d 1190 (9th Cir. 2009). Here, because of the Court's earlier rulings that BBC willfully infringed on Island Life's "Bok a Bok" mark and irreparably injured Island Life, no elements of Island Life's CPA claim remain for trial.

1. Unfair or Deceptive Act

To satisfy this element, a plaintiff need not show that the act was intended to deceive but that it had the capacity to deceive a substantial portion of the public. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 785 (1986) ("The purpose of the capacity-to-deceive test is to deter deceptive conduct *before* injury occurs.") (emphasis in original). A finding of trademark infringement constitutes an "unfair or deceptive act" under the CPA. *Nordstrom, Inc. v. Tampourlos*, 107 Wash. 2d 735, 740 (1987). BBC's violation of the Lanham Act therefore satisfies this first element. *Nat'l Prod., Inc.*, 294 F. Supp. 3d at 1050.

BBC argues that it is exempt from CPA liability since it only operates in California and Nevada and because there is no evidence that a Washington consumer was confused or deceived by the infringement. Dkt. #99 at 11. BBC provides no support for its narrow interpretation of the CPA's scope. *See id.* On the contrary, the Washington Supreme Court has expressly rejected limiting the CPA's applicability to only those unfair or deceptive acts within Washington's borders. *Thornell v. Seattle Serv. Bureau, Inc.*, 184 Wash. 2d 793, 803 (2015) (Finding that the CPA applies to "*all persons* who engage in unfair or deceptive acts that directly or indirectly

affect the people of Washington.") (emphasis added); *see also State v. Reader's Digest Ass'n*, 81 Wn.2d 259 (1972) (New York defendant found liable under CPA). The CPA expressly defines "person" to include both natural persons *and* corporations and partnerships. RCW 19.86.010(1). Here, because Island Life is a Washington corporation with its "Bok a Bok" restaurants located in Washington, BBC's infringement on the "Bok a Bok" trademark is a Washington-based harm. *See Trader Joe's Co. v. Hallatt*, 835 F.3d 960, 977 (9th Cir. 2016). Accordingly, there is no triable issue on whether BBC's infringement constitutes an unfair or deceptive act under the CPA.

### 2. Occurring in the Conduct of Trade and Commerce

There is also no triable issue on whether BBC's infringement occurred in the conduct of trade or commerce. The CPA broadly defines "trade and commerce" as "the sale of assets or services, and any commerce directly or indirectly affecting the people of the state of Washington." RCW 19.86.010(2). There is no dispute that BBC used the unlicensed BOK BOK mark in commerce by operating its Nevada and California restaurants. However, BBC claims it is exempt from the CPA since it never operated in Washington and its commerce therefore never affected "people of the State of Washington." Dkt. #99 at 12. BBC maintains that the CPA only serves to protect Washington consumers, not businesses. *Id.* at 11.

Again, BBC's narrow reading of the CPA's scope is unsupported since "people of the state of Washington" includes corporations and partnerships. RCW 19.86.010(1). There is no dispute that Island Life is a Washington corporation and its owners, Mr. Prindle and Mr. O'Connor, are Washington residents. There is likewise no dispute that BBC's use of the unlicensed "BOK BOK" mark has affected Island Life. *See* Dkt. #84 at 3-8 (describing harm to Island Life caused by BBC's infringement). Accordingly, there is no triable issue that BBC's infringement occurred in the conduct of trade or commerce.

ORDER RE: REMAINING ISSUES FOR TRIAL
PAGE - 5

### 3. Affecting the Public Interest

There is also no triable issue that BBC's trademark infringement has affected the public interest. BBC argues that because its restaurants only operate in Nevada and California, its infringement has not harmed Washington consumers and therefore cannot satisfy the CPA's public interest prong. Dkt. #99 at 12. Again, BBC's argument is unsupported. Washington courts have held that a finding of federal trademark infringement typically satisfies the "affecting public interest" prong of the CPA because it involves deception or confusion of the public. *Nat'l Prod., Inc.*, 773 F. App'x at 379 (citing *Nordstrom*, 107 Wash.2d at 742–43). However, the Washington Supreme Court has carved out an exception in "unusual and unforeseen circumstances" such as "inadvertent infringement of a weak mark." *Seattle Endeavors, Inc. v. Mastro*, 123 Wash.2d 339, 350 (1994).

This Court's earlier rulings have left no triable issue for a jury regarding whether BBC's actions satisfy this prong of the CPA. Even if a jury found that Island Life's "Bok a Bok" mark is weak, *see* Dkt. #65 at 17, this Court determined that BBC's actions were so clearly willful to warrant an award of attorney's fees under 15 U.S.C. § 1117(a). *See id.* at 22-23 ("BBC was aware that it had no legitimate trademark for its infringing 'BOK BOK' logo. However, rather than avoid the costs of litigation by changing its name before opening its first restaurant, BBC made a misguided attempt to acquire the 'BOCBOC Chicken Delicious' mark so it could continue using its untrademarked 'BOK BOK' logo."). *Cf. Mastro*, 123 Wash.2d at 350 ("[N]o cognizable public interest is established where the mark is weak and the infringement inadvertent."). Furthermore, this Court has already determined that BBC's continued use of the unregistered "BOK BOK" logo caused actual confusion that affected the public interest. *See* Dkt. #65 at 18 (Listing evidence

ORDER RE: REMAINING ISSUES FOR TRIAL
PAGE - 6

of confusion by vendors, marketers, job applicants, and food journalists). For these reasons, no triable issues remain as to the public interest prong.

### 4. Injury to Island Life's Business or Property

There is likewise no triable issue that Island Life was injured in its "business or property." In partially granting Island Life's request for a permanent injunction, this Court found irreparable harm to Island Life in the form of loss of control over its online business reputation. Dkt. #84 at 7-8. This injury is sufficient to satisfy the CPA's injury prong. *Nordstrom*, 107 Wash.2d at 740 ("[N]o monetary damages need be proven . . . nonquantifiable injuries, such as loss of goodwill would suffice for this element of the *Hangman Ridge* test."). BBC does not dispute this prong given the Court's earlier finding of irreparable harm. Dkt. #99 at 12.

### 5. Causal Link between Unfair or Deceptive Act and Injury

Finally, there is no question of fact that BBC's use of the unlicensed "BOK BOK" mark in commerce caused the injury to Island Life. BBC does not dispute this prong given the Court's earlier order granting injunctive relief. Dkt. #99 at 12.

## B. Remaining Claims for Damages

A party seeking damages must provide "a computation of each category of damages claimed" and must "make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based." Fed. R. Civ. P. 26(a)(1)(A)(iii); *see also* Fed. R. Civ. P. 26 Advisory Committee's note to 1993 Amendments ("A party claiming damages or other monetary relief must . . . make available the supporting documents for inspection and copying as if a request for such materials had been made under Rule 34"). Pursuant to Rule 31(c)(1), a party cannot use at trial "any information required to be disclosed by Rule 26(a) that is not properly disclosed." *R &*

*R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1245 (9th Cir. 2012) (quoting *Hoffman v. Constr. Protective Servs., Inc.,* 541 F.3d 1175, 1178 (9th Cir. 2008)).

Here, BBC agreed to withdraw its motion to compel production of Island Life's financial records if Island Life waived compensatory damages. Pursuant to parties' stipulation, Dkt. #79, BBC withdrew its motion and the Court struck Island Life's claims for compensatory damages while preserving Island Life's remaining claims for damages. The stipulation defines "compensatory damages" as lost profits and "other such damages that would rely on Island Life's financial records for proof" while excluding "statutory damages, punitive damages, disgorgement of BBC's profits under 15 U.S.C. § 1117(a), exemplary damages under RCW 19.86.090, or other such damages that bear no relation to Island Life's financial records." Dkt. #79 at 1-2.

Parties now dispute the scope of the damages waiver. BBC argues that any remaining damages sought by Island Life are either "not allowed" under trademark law or are already waived. Dkt. #99 at 5. Island Life responds that it is entitled to recover (1) BBC's profits; (2) damages that do not "rely on its past financial records as proof"; (3) the costs of the action, including attorney fees; and (4) punitive damages.

1. Disgorgement of BBC's Profits

BBC does not dispute that Island Life's compensatory damages waiver excludes disgorgement of BBC's profits. Dkt. #99 at 5. However, it argues that because disgorgement is an equitable principle, it can be decided by the Court without the need for a jury. *Id.* at 6. BBC's view is consistent with Ninth Circuit law, which views an award of an infringer's profits as an equitable remedy decided by a judge—not a jury. *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1075–76 (9th Cir. 2015). Parties also dispute whether BBC has earned any profits to be disgorged, *compare* Dkt. #99 at 5 *with* Dkt. #101 at 10, but the only questions

currently before the Court are whether disgorgement remains an available remedy to Island Life in light of the damages waiver and, if so, whether it is a triable issue for a jury. As set forth above, the Court finds that disgorgement remains available but is properly resolved by the Court, not a jury. Island Life's Motion to Strike the Tchamanian Declaration and related exhibits, Dkt. #110, is therefore STRUCK as moot.[1]

2. Sustained damages excluded from waiver

Island Life also seeks "any damages sustained by plaintiff" that do not rely on financial records as evidence and are therefore outside the compensatory damages waiver. Dkt. #101 at 10. Island Life does not provide a comprehensive list of what damages this includes, but states that "'[a]ny damages' can include things as loss of goodwill, costs need [sic] to remediate the confusion, and other damages related to the expense of doing business." *Id.* Island Life also argues that it may recover damages for "impairment of reputation and standing in the community, personal humiliation, and mental anguish and suffering." *Id.* For the reasons set forth below, the Court finds that Island Life may still seek damages for Mr. Prindle's and Mr. O'Connor's emotional pain but has waived the remaining damages for lost business opportunities, lost goodwill and reputation, and remediation costs.

Under the Lanham Act, a district court may award "*any damages* sustained by the plaintiff" from intentional infringement. 15 U.S.C. § 1117(a) (emphasis added). The CPA limits recovery to damages to a plaintiff's "business or property" and excludes personal injuries suffered by litigants. *Washington State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wash. 2d 299, 318 (1993). Measures of damages must be "based upon reasonable inferences so long as those

---

[1] Island Life's surreply was also procedurally improper pursuant to LCR 7(g)(1).

ORDER RE: REMAINING ISSUES FOR TRIAL
PAGE - 9

inferences are neither 'inexorable' . . . nor fanciful.'" *Id.* at 1112 (quoting *Intel Corp. v. Terabyte Int'l*, 6 F.3d 614, 621 (9th Cir. 1993)). A reviewing court cannot uphold a jury award of damages based on speculation or guesswork. *McClaran v. Plastic Indus., Inc.*, 97 F.3d 347, 361 (9th Cir. 1996).

The Court finds that under the Lanham Act, Island Life may still seek damages for emotional distress suffered by Island Life's co-owners as a result of BBC's infringement since Mr. Prindle and Mr. O'Connor are parties to this case. A court assesses "any damages" under Section 1117(a) of the Lanham Act in the same manner as tort damages: the reasonably foreseeable harms caused by the wrong. *Skydive Arizona, Inc. v. Quattrocchi*, 673 F.3d 1105, 1111–12 (9th Cir. 2012); *see also Restatement (Third) of Unfair Competition* § 36(1) (1995)). BBC counters that mental and emotional pain are not compensable damages under trademark law. Dkt. #99 at 5 (citing *Committee for Idaho's High Desert v. Yost*, 92 F.3d 814, 39 U.S.P.Q.2d 1705 (9th Cir. 1996) ("No authority suggests that a plaintiff's time spent in litigation over trademark infringement is compensable as damages for the infringement."). *Yost* supports BBC's position that Island Life may not recover any damages caused by the litigation, including emotional distress about the lawsuit. However, it does not support the proposition that Island Life is precluded from seeking damages for emotional distress caused by the infringement itself. On the contrary, case law supports Island Life's position that "any damages," interpreted in the same manner as tort damages, could include emotional distress as a reasonably foreseeable harm resulting from the infringement. *See* Restatement (Third) of Unfair Competition § 36 (1995) (a defendant may be held liable "even for unanticipated consequences of its wrongful conduct."); *see also Ramada Inns, Inc. v. Gadsden Motel Co.*, 804 F.2d 1562 (11th Cir.1986) (plaintiff may claim damages for injuries "proximately resulting" from the infringement). Since emotional

distress damages do not rely on Island Life's financial records, they remain a triable issue for the jury. *See Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) (finding emotional distress damages "necessarily vague" and thus exempt from Rule 26(a)(1)(C) disclosure). Importantly, given that Mr. Prindle's and Mr. O'Connor's declarations appear to conflate emotional harm from the infringement and emotional harm from the litigation, *see, e.g.*, Dkt. #103 at ¶ 12, the Court finds it necessary to clarify that *only* harm from the actual infringement is recoverable.

Turning to the remaining damages, the Court finds that Island Life has waived damages for (1) lost business opportunities, including additional restaurant locations and business deals; (2) lost goodwill and reputation; and (3) remediation costs. Island Life provides no explanation for how any of these damages can be reasonably estimated without disclosure of its financial records, and the Court cannot conceive of how a jury may reasonably calculate them without the Rule 26(a) disclosures. Regarding lost business opportunities, Island Life estimates that its losses could amount to potentially "millions of dollars" for losing the opportunity to sell its franchise. Dkt. #102 at ¶ 4. Yet to determine the value of Island Life's lost business opportunities, a jury would need some understanding of Island Life's current earnings to reasonably estimate the value of lost expansion opportunities, lost partnerships, and other failed business deals referenced in Island Life's declarations. *See, e.g.*, *HTS, Inc. v. Boley*, 954 F. Supp. 2d 927, 952 (D. Ariz. 2013) (Predicting damages for lost business opportunity based upon plaintiff's past sales); *see also Song v. Drenberg*, No. 18-CV-06283-LHK-VKD, 2019 WL 1949785, at *2 (N.D. Cal. May 2, 2019) (Fed. R. Civ. P. 26(a)(1)(A)(iii) requires a party claiming damages from lost business opportunities to "disclose the value of that loss sufficiently" including "how such damages may be calculated"). Without the underlying financial information, a jury's calculation cannot be

ORDER RE: REMAINING ISSUES FOR TRIAL
PAGE - 11

based upon reasonable inferences. For this reason, the damages waiver precludes Island Life from pursuing damages for lost business opportunities.

Likewise, to award damages for lost goodwill and reputation, a jury would need some understanding of the original value of Island Life's goodwill and/or some way to measure harm to that goodwill, such as how much Island Life invested in building its goodwill and reputation. The Ninth Circuit has upheld different approaches to estimating lost goodwill and reputation, but the estimates all required disclosure of plaintiff's financial information. *See, e.g.*, *Experience Hendrix L.L.C. v. Hendrixlicensing.com Ltd*, 762 F.3d 829, 845 (9th Cir. 2014) (Evidence of total licensing revenue before and during infringing activity provided "legally sufficient basis" for jury award of damages to goodwill and reputation); *Skydive Arizona, Inc.*, 673 F.3d at 1112 (Considering plaintiff's expenditures in building reputation to estimate harm to its reputation); *see also Memorial, Inc. v. Harris*, 655 F.2d 905, 910 (9th Cir. 1980) (Subtracting company's underlying assets and liabilities from its fair market value). Other courts have allowed juries to calculate goodwill based on testimony from an expert that examined the plaintiff's financial records. *See Lewis River Golf, Inc. v. O.M. Scott & Sons*, 120 Wash. 2d 712, 720 (1993). The Court finds that Island Life's waiver has eliminated a jury's ability to reasonably estimate lost goodwill and reputation. For this reason, the damages waiver precludes Island Life from pursuing these damages.

This leaves remediation costs. To the extent that Island Life claims it has taken or will undertake corrective advertising to restore the value of its trademark lost due to BBC's infringement, a jury may award damages to recover the costs. *See Adray v. Adry-Mart, Inc.*, 76 F.3d 984, 988–89 (9th Cir. 1995) *as amended on denial of reh'g* (Feb. 15, 1996); *see also Marketquest Grp., Inc. v. BIC Corp.*, No. 11-CV-618-BAS (JLB), 2018 WL 1756117, at *5 (S.D.

Cal. Apr. 12, 2018) ("Recovery of both past and future corrective advertising costs is permitted."). However, courts view remediation costs as compensatory damages. *Adray*, 76 F.3d at 988 ("An award of the cost of corrective advertising, like compensatory damage awards in general, is intended to make the plaintiff whole."). Moreover, even if the Court somehow construed these damages as "non-compensatory," they cannot be reasonably estimated without Island Life's financial records. A reasonable award of remediation costs must consider the value of the original trademark. *See Zelinski v. Columbia 300, Inc.*, 335 F.3d 633, 67 U.S.P.Q.2d 1446, 62 Fed. R. Evid. Serv. 655 (7th Cir. 2003) ("To justify damages for corrective advertising, [plaintiff] had to show that 'repair' of the old trademark, rather than adoption of a new one, is the least expensive way to proceed."); *see also Adray*, 76 F.3d at 989 (Jury instruction for award of remediation costs must "direct the jury to award such damages only to the extent that the amount of money needed for corrective advertising does not exceed the damage to the value of [plaintiff's] mark."). For these reasons, the Court finds that Island Life has also waived remediation damages.

The Ninth Circuit has cautioned courts against precluding evidence to sanction a party for violating Rule 26(a)(1)(A) if doing so would result in dismissal of the party's claims. *R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1247 (9th Cir. 2012) (Reversing district court's decision to preclude evidence where sanction was "particularly harsh" because it "dealt a fatal blow not only to R & R's entire *Brandt* fees claim but also its request for punitive damages."). Here, however, Island Life voluntarily waived compensatory damages on the basis that it viewed financial information as irrelevant to its claims. Dkt. #60 at 10 ("There may be cases where financial information is relevant. This is not one of them, because Island Life is not seeking damages in this case, and BBC has not otherwise indicated any way in which Island Life's financial information might be relevant, not even in its motion."). While Island Life likely did

not intend to waive most of its damages claims, the unintended consequences of counsel's strategy are not an appropriate basis for preserving these claims.

### 3. Costs of Action

Island Life also seeks to recover costs of the action, including reasonable attorney's fees. Dkt. #101 at 11. The Court has already awarded attorney's fees and costs under 15 U.S.C. § 1117(a) to be determined after trial. Dkt. #65 at 22-23. Island Life is also entitled to reasonable attorney's fees for its CPA claim. RCW 19.86.090. Again, these fees and costs will be determined by the Court upon conclusion of the case. There is no triable issue for the jury.

### 4. Punitive Damages

Lastly, Island Life seeks punitive damages. Punitive damages are not available under the Lanham Act. *Duncan v. Stuetzle*, 76 F.3d 1480, 1490 (9th Cir. 1996). Likewise, punitive damages are not available under Washington law unless expressly authorized by statute. *Bini v. City of Vancouver*, 218 F. Supp. 3d 1196, 1205 (W.D. Wash. 2016). Here, the CPA allows for recovery of punitive damages up to $25,000, and the damages award cannot exceed more than three times the actual damages sustained. RCW 19.86.090.

There is no dispute that parties' stipulation excluded punitive damages from the waiver and that Island Life has a right to a jury for assessment of those damages. *See* Dkt. #79 at 2. However, the CPA does not allow recovery for emotional distress damages. *Washington State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wash. 2d 299, 318 (1993) ("[H]ad our Legislature intended to include actions for personal injury within the coverage of the CPA, it would have used a less restrictive phrase than injured in his or her "business or property".). Furthermore, punitive damages under the CPA cannot exceed three times the actual damages sustained under the CPA. RCW 19.86.090. Here, because Island Life has waived all damages

except emotional distress damages, which are not recoverable under the CPA, it has no basis for seeking punitive damages under RCW 19.86.090.

### C. Certification for Appeal

BBC has requested that the Court enter a final judgment so that parties may proceed on appeal. Dkt. #99 at 13. Because triable issues remain in this case, a final judgment cannot be entered at this time. Fed. R. Civ. P. 54(b). Island Life agrees with BBC that an appeal will resolve the "primary issue" of the injunction. Dkt. #101 at 13. However, it proposes that the Court first award attorney fees to date and then certify the appeal for both the December 6, 2019 permanent injunction order, Dkt. #84, and the September 20, 2019 summary judgment order, Dkt. #65. Island Life provides no explanation for how the September 20, 2019 summary judgment order satisfies the requirements of 28 U.S.C. § 1292(b) regarding certification for interlocutory appeal, nor has BBC addressed the certification issue in its reply. Regarding the permanent injunction order, parties do not need certification from a district court to appeal an order entering a permanent injunction. *See* 28 U.S.C. § 1292(a)(1). For these reasons, the Court DENIES Island Life's certification request.

### IV. CONCLUSION

For the reasons set forth above, the Court finds:

(1) No triable issues remain as to Island Life's CPA claim based on this Court's previous order granting summary judgment on Island Life's Lanham Act claims and granting in part its request for a permanent injunction.

(2) BBC's disgorgement of profits and Island Life's attorney's fees and costs remain issues for the Court to determine.

ORDER RE: REMAINING ISSUES FOR TRIAL
PAGE - 15

(3) The only remaining triable issue for a jury is Island Life's damages for emotional distress to Mr. Prindle and Mr. O'Connor as a result of BBC's infringement. Island Life has waived damages for lost business opportunities, lost goodwill and reputation, and remediation costs.

(4) Trial in this case remains set for May 18, 2020.

DATED this 14th day of February 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE