UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BBC GROUP NV LLC, a Nevada Limited Liability Company,

    Plaintiff,
    Counterclaim Defendant,

    v.

ISLAND LIFE RESTAURANT GROUP LLC, *et al.*,

    Defendants,
    Counterclaim Plaintiffs.

Case No. C18-1011-RSM

ORDER GRANTING COUNTERCLAIM DEFENDANT BBC'S MOTION TO SEAL

## I.    INTRODUCTION

This matter comes before the Court on Counterclaim Defendant BBC Group NV (BBC)'s Motion to Seal, Dkt. #108, relating to financial documents filed under seal pursuant to Local Civil Rule 5(g). Counterclaim Plaintiff Island Life Restaurant Group, LLC ("Island Life") opposes BBC's motion. Dkt. #111. A full summary of the case is not necessary. For the foregoing reasons, the Court GRANTS BBC's Motion to Seal (Dkt. #108). BBC's Exhibits 1-5 to the Tchamanian Declaration (Dkt. #109) shall remain sealed.

## II.    BACKGROUND

At parties' pre-trial conference held on January 7, 2020, the Court requested supplemental

ORDER GRANTING COUNTERCLAIM DEFENDANT BBC'S MOTION TO SEAL
PAGE - 1

briefing on (1) what triable issues remained as to Island Life's Washington Consumer Protection Act Claim; and (2) what damages, if any, remained for trial in light of Island Life's waiver of compensatory damages. *See* Dkt. #97. On February 14, 2020, the Court issued its order on parties' supplemental briefing, finding that the only remaining triable issue was Island Life's claims for emotional distress damages by co-owners Mr. Prindle and Mr. O'Connor. Dkt. #114.

One of the issues addressed in parties' supplemental briefing was whether Island Life may still seek disgorgement of BBC's profits given that it waived compensatory damages. Parties agreed that Island Life's waiver excluded disgorgement, but BBC denied earning any profits to be disgorged. Dkt. #99 at 5. While BBC initially acknowledged that "the Court, at this point, only needs to determine whether the issue of disgorgement of profits is appropriate for a jury," *id.* at 7, parties ultimately used the supplemental briefing to dispute whether BBC had earned any profits to be disgorged to Island Life. BBC used the financial documents at issue in this Motion to support its argument on reply that no profits exist. *See* Dkt. #106. Island Life moved to strike these financial documents on the basis that they were never produced in discovery, they were offered for the first time on reply, and because they amount to hearsay. Dkt. #110 at 1-4.

In its February 14, 2020 order, the Court reminded parties that it ordered supplemental briefing for the sole purpose of clarifying the remaining issues for trial—not to address the amount or appropriateness of disgorgement. Dkt. #114 at 8-9 ("[T]he only questions currently before the Court are whether disgorgement remains an available remedy to Island Life in light of the damages waiver and, if so, whether it is a triable issue for a jury."). The Court found that disgorgement was not included in Island Life's damages waiver and that the issue was properly resolved by the Court. *Id.* at 9. Accordingly, the Court found BBC's financial records irrelevant to reaching its decision and struck Island Life's motion to strike as moot. *Id* at 9.

## III. DISCUSSION

**A. Legal Standard**

"There is a strong presumption of public access to the court's files." Local Rules W.D. Wash. LCR 5(g). However, for sealed discovery documents attached to non-dispositive motions, the Ninth Circuit has found that this strong presumption is rebutted given that such documents are often "unrelated, or only tangentially related, to the underlying cause of action." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)) (internal quotations omitted). Accordingly, a "good cause" showing under Rule 26(c) may suffice to keep under seal documents attached to non-dispositive motions. *Id.* Rule 26, which gives district courts flexibility in balancing and protecting the interests of private parties, states that "good cause" is shown where forbidding disclosure or discovery would "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c).

The Court's Local Rules instruct parties to present legal and evidentiary support in a motion to seal. That motion must include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary." Local Rules W.D. Wash. LCR 5(g)(3)(B). Here, the protective order stipulated and agreed to by the parties on February 15, 2019 states that "Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal." Dkt. #34 at 5.

**B. BBC's Motion to Seal**

BBC's Motion to Seal concerns the following BBC financial documents: (1) California BBC Entity's 2019 Balance Sheet; (2) California BBC Entity's 2019 Profit and Loss Sheet; (3)

Nevada BBC Entity's 2019 Balance; (4) Nevada BBC Entity's 2019 Profit/Loss Sheet; and (5) BBC Entity's 2018 Tax Return. Dkt. #108 at 2. BBC filed these financial documents under seal in support of its Reply to its Motion to Simplify the Issues (Dkt. #106). Island Life maintains that the underlying motion was dispositive since it would "determine whether or not lost profits are available to [Island Life]." Dkt. #111 at 4. The Court disagrees. Although parties attempted to brief the issue of whether any profits existed to be disgorged, the Court only sought to address the non-dispositive questions of (1) whether Island Life's damages waiver included disgorgement; and (2) whether disgorgement was for the Court or a jury to resolve. For that reason, BBC must only show good cause to keep the financial documents under seal.

BBC has provided sufficient good cause to keep its financial documents sealed at this time. Parties' stipulated protective order provides that "[p]roprietary and confidential business information" would be designated as confidential material, which includes "financial and banking information from any party." Dkt. #34 at 2, 3. Here, BBC has articulated its interest in preserving the confidentiality of its financial information, including profitability, liabilities, and revenue from its different restaurant locations. Dkt. #108 at 3. If BBC's motion is not granted, such financial information could be disclosed to business competitors. *Id.* Regarding less restrictive alternatives to sealing, such as redaction of the financial information, BBC explains that production of the documents with redaction of the financial information "would defeat the purpose of having the documents considered by the Court as the numbers themselves are what is at issue." *Id.* BBC's explanation does not fully "explore redaction and other alternatives to filing under seal;" Local Rules W.D. Wash. LCR 5(g)(3). However, for the reasons set forth below, the Court finds that no public interest would be served in requiring BBC to re-file the financial documents with redactions of its financial information.

When considering the public's countervailing interest in disclosure, BBC's profit and loss statements and tax return information were not directly relevant to the issues the Court sought to address through the supplemental briefing. Indeed, the Court did not even rely upon the financial statements in reaching its decision that (1) Island Life had not waived disgorgement; and (2) the remedy was left for the Court, not a jury, to determine. *See* Dkt. #114 at 9 (striking Island Life's motion to strike as moot). Island Life argues that the public should be able to view "the majority of the documents at issue" when a court considers whether disgorgement is an appropriate remedy. Dkt. #111 at 6. Because the Court did not analyze the appropriateness or amount of disgorgement, Island Life's point is inapposite. However, should BBC rely on these documents in the future to argue the appropriateness and/or amount of disgorgement, the Court may evaluate whether the documents should remain under seal. *See Perez v. Lantern Light Corp.*, No. C12-1406RSM, 2017 WL 2172012, at *2 (W.D. Wash. May 17, 2017) ("Compelling reasons must continue to exist to keep judicial records sealed.") (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)).

For these reasons, the Court finds that BBC's private interests in protecting its financial information from competitors outweighs the public's minimal interest in disclosure of financial documents that were negligibly relevant to the underlying motion. Accordingly, Exhibits 1-5 to the Declaration of Jacob Tchamanian (Dkt. #109) shall remain sealed.

### IV. CONCLUSION

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Counterclaim Defendant //

//

//

BBC's Motion to Seal (Dkt. #108) is GRANTED. BBC's Exhibits 1-5 (Dkt. #109) shall remain sealed.

DATED this 28th day of February 2020.

_____
RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE