UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BBC GROUP NV LLC, a Nevada Limited Liability Company,<br><br>    Plaintiff,<br>    Counterclaim Defendant,<br><br>    v.<br><br>ISLAND LIFE RESTAURANT GROUP LLC, *et al.*,<br><br>    Defendants,<br>    Counterclaim Plaintiffs. | Case No. C18-1011-RSM<br><br>ORDER GRANTING IN PART COUNTERCLAIM PLAINTIFF ISLAND LIFE'S MOTION FOR CONTEMPT SANCTIONS |

## I.  INTRODUCTION

This matter comes before the Court on Defendant-Counterclaim Plaintiffs Island Life Restaurant Group ("Island Life)'s Motion for Contempt Sanctions for failure to comply with this Court's injunction order. Dkt. #119. Plaintiff BBC Group NV LLC (BBC) opposes Island Life's motion on the basis that it has engaged in good faith efforts to comply with the Court's order. Dkt. #122. The Court finds oral argument unnecessary to resolve the issues presented here. For the reasons set forth below, the Court GRANTS IN PART Island Life's motion for contempt sanctions.

## II. BACKGROUND

**A. Procedural Background**

A full background of this case is not necessary given this Court's previous orders in this matter. On September 20, 2019, the Court partially granted Island Life's motion for summary judgment and dismissed all of BBC's claims against Island Life. Dkt. #65. The Court found that, as a matter of law, BBC had not acquired the associated goodwill for the "BOCBOC Chicken Delicious" mark since the restaurant services and menu selection between the Nevada BOK BOK restaurants and the New York BOCBOC Chicken Delicious restaurants were not "substantially similar." *Id.* at 6-7. Accordingly, the Court held that BBC's assignment for the "BOCBOC Chicken Delicious" was invalid and that BBC had no licensed rights to the "BOCBOC Chicken Delicious" mark. The Court also granted summary judgment on Island Life's counterclaims against BBC for federal trademark infringement under the Lanham Act, 15 U.S.C. §§ 1114, 1125, finding that BBC's use of the unlicensed "BOK BOK" mark infringed on Island Life's "Bok a Bok" mark. *Id.* at 14. Finally, the Court awarded Island Life attorney's fees under 15 U.S.C. § 1117(a) for BBC's willful infringement. *Id.* at 22.

On December 6, 2019, after briefing and oral argument, the Court permanently enjoined BBC from using the unregistered "BOK BOK" mark, or any variation or derivative of that spelling, in Washington state or as part of a domain name, email account, or social media handle. Dkt. #84 at 12. The Court denied Island Life's request to enjoin BBC from future attempts to license and use the "BOCBOC Chicken Delicious" mark and denied its request for a nationwide injunction against BBC. *Id.* at 10-12. Trial on the remaining issues is currently set for November 30, 2020. Dkt. #132.

//

//

### B. BBC's Actions following Entry of Permanent Injunction

On March 13, 2020, counsel for Island Life contacted BBC's counsel regarding BBC's continued use of the "bokbokchicken.com" domain name. Dkt. #120-1 at 2. BBC's counsel responded on March 17, 2020 that he "was told that the migration was set to occur some time ago" and advised he would "look into that and see whats [sic] going with the migration to the new website." *Id.* at 1. Island Life followed up on March 25, 2020 advising that the domain name was still in use and that it intended to move for a contempt order if BBC continued to delay. Dkt. #120-2 at 4. BBC responded the following day advising that the IT department was migrating the website from "bokbokchicken.com" to "bocbocchicken.com" with an expected completion time "by the end of Friday, and no later than early next week allowing room for error." *Id.* at 3.

On March 26, 2020, Island Life responded that BBC's proposal was insufficient on the basis that "bocbochicken" would "still violate the Court's injunction, as it is merely a variation by changing the 'k' to 'c' in the name." *Id.* at 2. BBC replied the following day that it would "circle back with the client" to discuss the possibility of changing the domain name to either "bocbocchickendelicious.com" or "bocbocchickenD.com." *Id.* at 1-2. Island Life responded that "[m]y clients are not ok with BBC using anything that makes the sound 'Bok' which would include Boc, Boq, Bawk, Bahk, or anything else like that. Our client demands BBC cease and desist use in BBC's 'domain name, email account, social media handle, or other form of web presence.' (Dkt. 84 at 9)." *Id.* at 1. Island Life also advised that "[i]f we check again after next week and it is still there, we will bring a motion for contempt." *Id.* On March 30, 2020, BBC replied that the Court's injunction order did not extend as far as Island Life contends, meaning "all sounds a chicken makes." Dkt. #123-1 at 2.

Island Life acknowledges that, as of the date of its May 2, 2020 motion for contempt, "BBC has, at least temporarily, disabled its bokbokchicken.com internet domain name . . . ." Dkt.

#119 at 4. Nevertheless, it contends that BBC continued to use the "bok bok" name in its social media accounts. In support of this claim, Island Life provides screenshots dated May 2, 2020 showing BBC's use of the unregistered "Bok Bok" mark on Instagram (Dkt. #120-3), Bigsta (Dkt. #120-4), Facebook (Dkt. #120-5), LinkedIn (Dkt. #120-6), GrubHub (Dkt. #120-7), and Twitter (Dkt. #120-8). Island Life also provides a screenshot of a tweet from BBC's account (@eatbokbok) indicating that customers could use "the Bok Bok app for mobile ordering. Text BOKBOK to 33733 to download your app. Or download it at bokbokchicken.com." Dkt. #120-9 at 1.

BBC does not dispute the accuracy of the screenshots provided by Island Life but contends that it has made "good faith efforts" to comply with the injunction. Dkt. #122 at 1. These efforts include changing its domain name and "geo-blocking" all online traffic from Washington, Oregon, Idaho, and Canada. Dkt. #125 at ¶¶ 2-5. Regarding third party sites such as Bigsta and GrubHub, BBC maintains that geo-blocking is "a bit more difficult" and efforts to transition these accounts have been hindered as a result of recent shutdowns due to the COVID-19 health crisis. Dkt. #122 at 6. However, regarding its social media accounts, BBC does not dispute that these accounts continued to use the unlicensed "BOK BOK" mark at the time Island Life filed its motion. Instead, it contends that Island Life failed to "include a single specific social media handle that was problematic" in its communications with BBC's counsel. *Id.* at 7. BBC maintains that "if these complaints had been brought to BBC's attention the parties could have worked to resolve the issue just as the website/domain issue was resolved." *Id.* at 8. It further argues that efforts to change the social media accounts were delayed in light of the COVID-19 health crisis. *Id.* at 10.

On May 21, 2020, Island Life filed its Reply acknowledging that "BBC eventually changed its domain name and social media handles to 'EatBocBoc.'" Dkt. #126 at 2.

Nevertheless, it contends that BBC remains in contempt of the Court's order for changing its handles to "EatBocBoc." *Id.*

BBC filed a status report on July 28, 2020 confirming that its social media handles on Instagram, Facebook, and Pinterest have been changed to "eatbocboc" and its Twitter handle changed to "@realbocboc". Dkt. #134 at 3.[1] BBC also claims that it has lost access to its LinkedIn account and is "trying to regain access." *Id.* Finally, regarding the third-party sites Bigsta and GrubHub, BBC states that "Bigsta" appears to be "a defunct aggregator of social media content" over which it has no control. *Id.* Likewise, while BBC has "very little control over how it appears on Grubhub," it contends that customers outside of Los Angeles and Las Vegas will be unable to access or order from the GrubHub order page because the app uses location-based services. *Id.*

### III.  DISCUSSION

#### A. Legal Standard

"Civil contempt . . . consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *In re Dual–Deck Video Cassette Recorder Antitrust Litigation Go–Video Inc.,* 10 F.3d 693, 695 (9th Cir. 1993). The contempt need not be willful and a person should not be held in contempt if his action appears to be based on a good faith and reasonable interpretation of the court's order. *Reno Air Racing Ass'n v. McCord,* 452 F.3d 1126, 1131 (9th Cir. 2006). "Substantial compliance with the court order is a defense to civil contempt, and is not vitiated by a few technical violations where every reasonable effort has been made to comply." *Dual–Deck Video,* 10 F.3d at 695. The party

---

[1] BBC advises that a "screenshot will accompany a subsequent declaration" to confirm these updates to each of its social media accounts. Dkt. #134 at 3. As of the date of this order, no declaration has been filed. However, because Island Life confirms that BBC has transitioned its domain name and social media handles to "EatBocBoc," Dkt. #126 at 2, the Court considers this matter undisputed.

alleging civil contempt must demonstrate that the opposing party violated the court's order by clear and convincing evidence. *Id.*

Thus, the party alleging civil contempt must demonstrate by clear and convincing evidence that (1) the contemnor violated a court order, (2) the noncompliance was more than technical or de minimis, and (3) the contemnor's conduct was not the product of a good faith or reasonable interpretation of the violated order. *See United States v. Bright*, 596 F.3d 683, 694 (9th Cir. 2010) (outlining factors); *Inst. of Cetacean Research v. Sea Shepherd Conservation Society*, 774 F.3d 935, 945 (9th Cir. 2014) (same). "Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both." *Gen. Signal Corp.*, 787 F.2d at 1380.

**B. BBC's New Domain Names**

The Court will first address Island Life's contention that BBC's new domain names and social media handles, "eatbocboc" and "realbocboc," violate the injunction order. Dkt. #126 at 2 (Arguing that even though BBC "eventually changed its domain name and social media handles to 'EatBocBoc,' it remains in contempt of the injunction."). Island Life frames the issue as "whether, based on an objective standard, 'EatBocBoc' complies with the injunction order." *Id.* For the reasons set forth below, the Court finds that "EatBOCBOC" complies.

The Court's December 6, 2019 injunction order expressly addresses Island Life's argument that BBC is prohibited from using any sound a chicken makes:

> [T]he Court notes that **Island Life seeks to enjoin BBC from *any* name that includes the sound a chicken makes, including "BOC BOC" and "BOQ BOQ."** Dkt. #77 at 17. However, as this Court acknowledged at summary judgment, *see* Dkt. #65 at 17, a mark that relies exclusively on onomatopoeia without any other distinguishing factors is simply not a strong mark—an unfortunate reality that is apparent from this litigation, the third-party mark "BOCBOC Chicken Delicious," and what the Court imagines are other restaurants, cafeterias, and food trucks that use different iterations of the chicken "Bawk" sound in their name. **Island Life has not sufficiently justified its demand to foreclose BBC's use of all possible**

> **iterations of the sound a chicken makes, nor has it explained why a domain name spelled with a "C" or "Q" combined with other differentiating terms would fail to resolve the problem of online confusion.** For that reason, the Court finds the injunction appropriately limited to BBC's use of the unregistered "BOK BOK" mark and any variation or derivative **of that spelling.**

Dkt. #84 at 10 (emphases added). While BBC identified this language to Island Life in its Response, *see* Dkt. #122 at 5, Island Life dismissed it as "portions of this Court's Order that do not apply to domain names and social media handles . . . ." Dkt. #126 at 4.

Island Life's argument disregards the plain language of the injunction order, which explicitly addresses the use of "c" or "q" spellings combined with other differentiating terms in domain names. The order provides that "Island Life has not sufficiently justified its demand . . . nor explained *why a domain name spelled with a 'c' or a 'q' combined with other differentiating terms* would fail to resolve the problem of online confusion." Dkt. #84 at 10 (emphasis added). The Court finds this language clear and incontrovertible: BBC was not precluded from adopting a domain name "spelled with a 'c' or a 'q' combined with other differentiating terms" in order to resolve the problem of online confusion. That is precisely what BBC has accomplished through its transitions to an "eatbocboc.com" domain name and "eatbocboc" and "realbocboc" social media handles.

Island Life has requested only "progressive sanctions" to ensure that BBC complies with the Court's permanent injunction order "within two weeks of the entry" of the order on its contempt motion. Dkt. #126 at 2. Because BBC's new domain name and social media handles comply with the injunction, there are no sanctions to impose at this time.[2] Accordingly, the Court DENIES Plaintiff's request for progressive sanctions.

---

[2] BBC's status update advises that it has "lost access" to its LinkedIn account. Dkt. #134 at ¶ 7. Because the webpage is currently inactive and devoid of content, *id.*, the Court finds prospective sanctions unnecessary to address this issue.

### C. Social Media Accounts

The Court will now address the issue of BBC's social media accounts. Having reviewed the undisputed evidence presented by Island Life, it is apparent that BBC continued to use the unregistered "Bok Bok" marks on its social media accounts—namely, Instagram, Facebook, Twitter, and LinkedIn. *See* Dkts. #120-3; #120-5; #120-6; #120-8. BBC's continued use of the "Bok Bok" mark on these social media accounts violates the express terms of the injunction. Dkt. #84 at 12 (Enjoining BBC "from using the unregistered 'BOK BOK' mark, or any variation or derivative of that spelling, in Washington state or as part of a domain name, email account, or social media handle."). While BBC reasonably claims that it lacks control over the name displayed on third party websites, including Bigsta and GrubHub, there is no dispute that it maintains control over its own social media accounts.

BBC does not dispute its violation. Instead, it asks the Court to overlook its non-compliance based on (1) Island Life's failure to identify "specific example[s]" of violating social media accounts in its March 2020 emails; and (2) the onset of COVID-19 that derailed BBC's business operations. Dkt. #122 at 9-10. The Court finds both arguments unavailing. The Court's December 6, 2020 order expressly informed BBC that it needed to revise its social media handles to remedy the trademark infringement. *See* Dkt. #84 at 12. Island Life cited this same language regarding social media accounts in its March 26, 2020 communication. *See* Dkt. #120-2 at 1. BBC's argument that Island Life was required to identify, by name, each of BBC's violating accounts improperly and unfairly shifts the burden to Island Life to seek out BBC's various social media presences to determine whether it complied with the Court's order. On the contrary, the onus was on BBC to take "all reasonable steps" within its power to comply, which included updating its own social media accounts. *See Dual–Deck Video,* 10 F.3d at 695.

      Finally, while the Court is sympathetic to the challenges burdening the restaurant industry as a result of the COVID-19 health crisis, the pandemic is insufficient, on its own, to justify overlooking BBC's protracted non-compliance with the injunction. The Court issued its injunction order December 6, 2019—several weeks before the COVID-19 threat gained prominence across the country, and several months before state governors began issuing stay-at-home orders. BBC has likewise provided no reasonable explanation for why closure of its physical restaurants would affect its ability to update its social media pages in compliance with the Court's order.

      For these reasons, the Court finds that Island Life has demonstrated by clear and convincing evidence that BBC violated the Court's order through failure to cease use of the infringing "Bok Bok" mark on its social media accounts, and that such violations were more than technical or de minimis. *See Dual–Deck Video,* 10 F.3d at 695. Furthermore, BBC has failed to show that its protracted delays were based on a good faith and reasonable interpretation of the Court's order. *See Reno Air Racing Ass'n,* 452 F.3d at 1131. Accordingly, the Court finds that BBC was in contempt of the Court's injunction at the time Island Life filed its motion.

**D. Requested Relief**

      Based on parties' briefings and the evidence provided therein, it appears that BBC updated its social media accounts between Island Life's initial filing of the motion and the filing of its reply. *See* Dkt. #126 at 2 ("BBC eventually changed its domain name and social media handles to 'EatBocBoc.'"). Having determined that these new domain names comply with the injunction, the Court denies Island Life's request for prospective sanctions.

      Island Life also requests that BBC "pay $2500 to Island Life within 10 days of this order, for attorney fees incurred in bringing this motion," Dkt. #119 at 10, but offers no documentary evidence, including hourly rates and time billed, to support its request. The Court agrees with

Island Life that trial courts have "discretion to analyze each contempt case individually and decide whether an award of fees and expenses is appropriate as a remedial measure." *Perry v. O'Donnell*, 759 F.2d 702, 705 (9th Cir. 1985).  The Court further agrees that a limited award of attorney's fees is appropriate here, given that BBC failed to comply with the express terms of the injunction until after Island Life filed its motion for contempt.  Because BBC remedied its violations before Island Life filed its May 21, 2020 reply, Dkt. #126, the Court finds attorney's fees appropriately limited to preparation and filing of Island Life's initial May 5, 2020 motion, Dkt. #119.

Island Life will have the opportunity to support its instant request for attorney's fees as part of its Motion for Attorney's Fees filed upon conclusion of the case.  *See* Dkt. #65 at 23 (granting Island Life attorney's fees pursuant to 15 U.S.C. § 1117(a)).  Accordingly, no further action is warranted at this time.

## IV.   CONCLUSION

Having reviewed Island Life's Motion, the relevant briefing, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Island Life's Motion for Contempt Sanctions, Dkt. #119, is GRANTED IN PART.  Island Life is awarded attorney's fees for the time spent preparing its motion for contempt sanctions, Dkt. #119.

(2) At the conclusion of this case, Island Life shall include this fee request in its Motion for Attorney's Fees.  The motion shall be supported by documentary evidence reflecting the amount of fees sought and the appropriate hourly rate, and shall include argument as to the authority upon which such fees may be granted and why such fees are reasonable. BBC shall file any Response in accordance with the Local Rules, and Island Life may file a Reply in accordance with the same.

(3) Island Life's request for prospective sanctions is DENIED.

DATED this 31st day of July, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING IN PART COUNTERCLAIM PLAINTIFF
ISLAND LIFE'S MOTION FOR CONTEMPT SANCTIONS - 11