UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BBC GROUP NV LLC, a Nevada Limited Liability Company,<br><br>   Plaintiff,<br>   Counterclaim Defendant,<br><br>     v.<br><br>ISLAND LIFE RESTAURANT GROUP LLC, *et al.*,<br><br>   Defendants,<br>   Counterclaim Plaintiffs. | Case No. C18-01011-RSM<br><br>ORDER GRANTING COUNTERCLAIM PLAINTIFFS' MOTION TO RE-DESIGNATE |

## I.   INTRODUCTION

This matter comes before the Court on Counterclaim Plaintiffs Island Life Restaurant Group, LLC and co-owners Alex Prindle and Brian O'Connor (collectively, "Island Life")'s Motion to Re-designate Documents from "Attorney-Eyes Only" to Confidential. Dkt. #129. Counterclaim Defendant BBC Group NV LLC ("BBC") opposes Island Life's motion. Dkt. #133. The Court finds oral argument unnecessary to resolve the underlying issues. For the reasons set forth below, Island Life's Motion to Re-designate Documents is GRANTED.

ORDER GRANTING COUNTERCLAIM
PLAINTIFFS' MOTION TO RE-DESIGNATE
PAGE - 1

## II. BACKGROUND

### A. Procedural History

A full background of this case is not necessary given this Court's previous orders in this matter. This action has been pending before the Court since July 2018. *See* Dkt. #1. At this stage in the proceedings, the only issues left to resolve are (1) Island Life's damages for emotional distress; (2) disgorgement of profits; and (3) calculation of attorney's fees and costs. Dkt. #114 at 15-16.

This case was originally set for a five-day jury trial starting January 13, 2020. On January 7, 2020, this Court held a pre-trial conference and ordered parties to submit briefing to clarify what triable issues, if any, remained given Island Life's waiver of compensatory damages and this Court's earlier rulings. Dkt. #97. The Court determined that the question of Island Life's damages for emotional distress was the only triable issue that remained for a jury, given that disgorgement of profits and calculation of attorney's fees and costs could be addressed by the Court. Dkt. #114. Due to the COVID-19 health crisis, the jury trial in this matter has been continued to March 1, 2021. Dkt. #137.

### B. Documents Designated "Attorney's Eyes Only"

In its briefing on the remaining triable issues before this Court, BBC argued that disgorgement was not a triable issue since BBC had no profits to disgorge. *See* Dkt. #99 at 7. In support of this argument, BBC filed a declaration from BBC Chief Executive Officer Jacob Tchamanian ("the Tchamanian Declaration"), Dkt. #107, along with several financial documents to support the Tchamanian Declaration, Dkt. #109. These financial documents, filed under seal, include (1) California BBC Entity's 2019 Balance Sheet; (2) California BBC Entity's 2019 Profit

and Loss Sheet; (3) Nevada BBC Entity's 2019 Balance; (4) Nevada BBC Entity's 2019 Profit/Loss Sheet; and (5) BBC Entity's 2018 Tax Return. *See* Dkt. #109. The Court concluded that these financial records were not relevant to the briefing on remaining triable issues, given that the only question before the Court was whether disgorgement remained an available remedy to Island Life in light of its compensatory damages waiver and, if so, whether it was a triable issue for a jury. Dkt. #114 at 8-9. [1]

Because the Court did not rely on the documents attached to the Tchamanian Declaration to reach its decision, it permitted BBC to temporarily maintain the financial documents under seal. Dkt. #117 at 4-5. ("BBC's profit and loss statements and tax return information were not directly relevant to the issues the Court sought to address through the supplemental briefing. Indeed, the Court did not even rely upon the financial statements in reaching its decision."). However, it noted that it would re-evaluate whether the documents should remain under seal if BBC attempted to rely on them in the future. *Id.* at 5. The Court did not address whether BBC properly designated these documents as "Attorney's Eyes Only" as opposed to "Confidential."

After BBC filed these documents, parties held a discovery conference on March 20, 2020 to discuss the appropriate confidentiality designation for these documents. *See* Dkt. #130 at ¶ 9. Parties did not reach an agreement. Island Life now moves to re-designate BBC's financial

---

[1] In their briefing, parties raise the peripheral issue of whether the Court or a jury must address disgorgement of profits. In narrowing the issues for trial, the Court previously considered whether disgorgement, in contrast to damages, "*can* be decided by the Court without the need for a jury." Dkt. #114 at 8 (emphasis added). While the Court concluded that disgorgement could be resolved by the Court and need not proceed to a jury, *see id.*, it did not reach the similar but distinct question of whether disgorgement *must* be addressed by the Court, thereby precluding a jury from considering the issue. *See* Dkt. #135 at 3-7. Given that this question has no bearing on the re-designation question and is not properly before the Court in the instant motion, the Court will not address it here.

ORDER GRANTING COUNTERCLAIM
PLAINTIFFS' MOTION TO RE-DESIGNATE
PAGE - 3

documents from "Attorney's Eyes Only" to "Confidential" so that Island Life's co-owners, Mr. Prindle and Mr. O'Connor, may also examine the documents. Dkt. #129.

### III.   DISCUSSION

Island Life and BBC entered into a stipulated protective order ("SPO") on March 27, 2019. Dkt. #34. The SPO identifies two tiers of protection: one for "Confidential" material and one for "Attorney's Eyes Only" ("AEO") material. *Id.* at 2, 6. By its terms, the SPO and its two-tiered confidentiality designations applied to documents produced through the discovery process, for the purpose of protecting confidential, proprietary, or private information sought during discovery. *Id.* at 1 ("Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order."); *see also id.* at 3 ("This stipulation . . . is intended to protect *only those documents that are produced* and which are entitled to protection.") (emphasis added).

As a threshold matter, parties' SPO and its two-tiered confidentiality designations do not apply to these documents. BBC made clear in its motion to seal that Island Life never requested the documents and indeed "believe[d] the documents should not be filed or considered," whereas BBC "believe[d] the documents to be necessary and proper for the Court's review." Dkt. #108 at 2. Because discovery closed on September 16, 2019, Dkt. #23 at 1, BBC voluntarily disclosed these financial documents four months after the close of discovery without stipulating to or moving for a modification of the protective order. While Island Life raises these issues in its motion, *see* Dkt. #129 at 10, BBC does not meaningfully address Island Life's argument in its response. Instead, it offers only the conclusory argument that the SPO automatically applies to

ORDER GRANTING COUNTERCLAIM
PLAINTIFFS' MOTION TO RE-DESIGNATE
PAGE - 4

these filings. *See* Dkt. #133 at 6 ("Here the parties have already agreed as to what can and cannot be designated as "Attorney's Eyes Only" in the present litigation.").

For these reasons, the Court is not persuaded that the scope of the SPO, which expressly covered documents produced in the course of discovery, can be construed so expansively so as to include these documents voluntarily filed by BBC after the discovery deadline. The Court therefore finds no basis for BBC to claim the "AEO" designation under the SPO.

## IV. CONCLUSION

The Court, having reviewed Island Life's motion, BBC's response, and Island Life's reply, the declarations and exhibits attached thereto, and the remainder of the record, and for the reasons set forth above, hereby finds and ORDERS that:

(1) Island Life's Motion to Re-Designate "Attorney's Eyes Only" Documents, Dkt. #129, is GRANTED. BBC's documents filed under seal and designated as "Attorney's Eyes Only," Dkt. #109, shall be re-designated as "Confidential."

(2) BBC's documents, Dkt. #109, shall remain under seal at this time.

DATED this 12th day of November, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE